IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT 1 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SHANTE M. MOORE
1108 44th Place S.E.
Washington, D.C. 20019

      Plaintiff

    v.

DISTRICT OF COLUMBIA GOVERNMENT
(A Municipal Corporation)

Serve:
Honorable Anthony Williams, Mayor
1350 Pennsylvania Avenue N.W.
Washington, D.C. 20001

Serve:
Office of the Attorney General
444 4th Street N.W. 6th Floor South
Washington, D.C. 20001

CHARLES RAMSEY, CHIEF OF POLICE
in his official capacity

Serve:
Charles H. Ramsey
Chief of Police
300 Indiana Avenue N.W.
Washington, D.C. 20001

OFFICER ELDORADO MILLS
Individually and in his official capacity
Sixth District
2901 Pennsylvania Avenue S.E.
Washington, D.C. 20019

OFFICER JOHN DOE #1
Individually and in his official capacity
Sixth District
2901 Pennsylvania Avenue, S.E.
Washington, D.C. 20019

:
:
:
:
:
:
:
:
:
:
:
:
:
:

CASE NUMBER  1:05CV02020

JUDGE: Paul L. Friedman

DECK TYPE: Civil Rights (non-employment)

DATE STAMP: 10/12/2005

JURY
ACTION

**OFFICER JOHN DOE #2**　　　　　　：
**Individually and in his official capacity**
**Sixth District**　　　　　　　　：
**2901 Pennsylvania Avenue, S.E.**
**Washington, D.C. 20019**　　　　：

**OFFICER JOHN DOE #3**　　　　　　：
**Individually and in his official capacity**
**Sixth District**　　　　　　　　：
**2901 Pennsylvania Avenue, S.E.**
**Washington, D.C. 20019**　　　　：

**OFFICER JOHN DOE #4**　　　　　　：
**Individually and in his official capacity**
**Sixth District**　　　　　　　　：
**2901 Pennsylvania Avenue, S.E.**
**Washington, D.C. 20019**　　　　：

**OFFICER JOHN DOE #5**　　　　　　：
**Individually and in his official capacity**
**Sixth District**　　　　　　　　：
**2901 Pennsylvania Avenue, S.E.**
**Washington, D.C. 20019**　　　　：

　　　　　　**Defendants.**　　　　　：

## COMPLAINT FOR DAMAGES & EQUITABLE RELIEF

COMES NOW plaintiff, Shante Moore, by and through counsel, DuBoff & Associates,

Chartered and Donna Williams Rucker, Esquire and brings suit against the District of Columbia

Government [hereinafter "District", Charles Ramsey, Chief of Police of the Metropolitan Police

Department [hereinafter "Ramsey"], and Officer Eldorado Mills, [hereinafter "Mills"]

individually capacity as well as in his official capacity, and for cause states as follows:

### JURISDICTION & VENUE

1.　　　The jurisdiction of this Court in invoked pursuant to 42 U.S.C. §1983, 2000 (3) et

seq., and the Fourth, Fourteenth and Fifth Amendments of the United States Constitution, as

defendants acted to violate plaintiff's Constitutional rights under color of law. The State claims

2

are proper under the theory of Supplemental Jurisdiction. Venue is proper as the events described herein occurred in the District of Columbia.

2.     Plaintiff, Shante Moore, is a resident of the District of Columbia.

3.     At all dates and times relative hereto defendant Mills was employed by the Metropolitan Police Department and the District of Columbia Government as a police officer and assigned to the Sixth District.

4.     At all dates and times relevant hereto the defendant Ramsey was employed by the District of Columbia Government as the Chief of Police for the Metropolitan Police Department, and as such was responsible for the overall hiring, supervision and retention of those persons employed by the defendant District as police officers assigned to the Metropolitan Police Department.

5.     Written notice of this claim has been provided to the defendant District as required by Section §12-309 of the District of Columbia law.

## FACTS

6.     Plaintiff incorporates by reference hereto paragraphs one through five, as if full set forth herein and further alleges:

7.     On, or about, October 12th, 2004, at approximately 2:15 a.m., the plaintiff was operating her motor vehicle northbound on 46th Street S.E., at, or near, its intersection with Hillside Road S.E.

8.     Plaintiff observed a marked Metropolitan Police car eastbound on Hillside Drive S.E..

9.     After plaintiff completed her turn she passed the marked patrol car as she went westbound on Hillside Drive S.E., as she passed the marked car, the operator of the vehicle, later

3

identified as defendant Mills, made kissing gestures towards the plaintiff.

10.     Plaintiff ignored the officer's advances and continued approximately two blocks to her home at 1108 48th Place S.E..

11.     Plaintiff drove her car onto the driveway of her home and got out of the car, as she did so she observed a marked Metropolitan Police vehicle pull behind her, turn on its emergency lights and blocked the driveway. The plaintiff had not observed the car since she passed it on Hillside Drive S.E.

12.     Defendant Mills got out of the police car and shouted "Bitch you're going to jail tonight!" and began to walk towards her.

13.     Plaintiff, who was within steps of her home, said she wanted to get her father who was in the house

14.     Defendant Mills then physically grabbed plaintiff and shoved her away from the door while yelling "I'll get your father!". The defendant Mills then began to beat on the door with his fist.

15.     Plaintiff's younger brother came to the door opened the front door, but not the screen door, defendant Mills then said something like "somebody better tell her to give me her license." Plaintiff responded that he had never asked for her driver's license until that moment, and that she had it right in her purse and she would give it to him.

16.     Members of the plaintiff's family, including her mother and father, had come to the door, but remained behind the screen door. They tried to find out what was going on, but the defendant Mills continued to yell in a loud voice.

17.     Plaintiff, who feared for her safety, and the safety of her family, asked the defendant Mills to call another officer because she didn't understand why he was treating her and

4

her family as he was.

18.    Defendant Mills then spoke into his radio and said something about back-up.

19.    Defendant Mills had his back pressed against the screen door, and therefore had his back to everybody in the house. Plaintiff's mother and father were still inquiring as to what was going on.

20.    At least six other officers and a sergeant responded to the scene in at least five police cars. Some of the officers were in different uniforms, one officer asked who was in charge then, they stood and talked to one another for a while.  Plaintiff afterwards was asked if she had ever shown her driver's license to defendant Mills.

21.    The plaintiff responded that she had never been asked for it and that it was in her purse. She then reached into her purse and attempted to hand the license to the inquiring officer.

22.    As she extended her arm with the driver's license in her hand, the defendant Mills grabbed the arm, shoved it up behind her back and slammed her into the metal railing on her porch, causing her to suffer pain and injury to her arm. Other officers grabbed the plaintiff after the defendant Mills has slammed her into the railing.

23.    After this incident plaintiff was permitted to give her purse to her mother, and the sergeant told plaintiff's mother not to worry.  Plaintiff was not going to jail.

24.    The defendant officers defendant Mills placed plaintiff in handcuffs and placed her in the back of a police car, where she remained for more than 15 minutes. While plaintiff was in the police car several officers came up and asked her questions inquiring if she had shown her license to the defendant Mills, had she been out partying, was she high and why was she out so late.

25.    One of the officers told plaintiff that she would be allowed to go, but defendant

Mills came over to the car and stated "No, she has to pay!". Both of the officers then walked away from the car, leaving the plaintiff handcuffed in the backseat.

26.    Defendant Mills later returns to the car and drives the plaintiff away from her house, ostensibly taking her to the police station. Defendant Mills did not drive directly to the police station. As he was driving, defendant Mills was talking on his cell phone telling an unknown person, "I got this bitch in the car, she fucked with the wrong person!"

27.    Defendant Mills drove plaintiff with his windows down, and the weather was quite cold. Defendant Mills was driving erratically causing the plaintiff, whose hands were cuffed behind her back, to slide back and forth along the back seat. The defendant was not able to identify what streets they were driving on because the defendant Mills was driving at a high rate of speed. Plaintiff was aware however, that the defendant Mills was not taking her directly to the police station.

28.    Defendant Mills drove the police car to what appeared to plaintiff to be a secluded wooded area. The plaintiff was now terrified. She knew she was not at the police station, and was extremely afraid of defendant Mills and feared what he might do to her.  Plaintiff began to cry.

29.    Defendant Mills then taunted plaintiff by saying things like, "you're not so tough now"; and "you don't have all that to say now do you?" The plaintiff was thoroughly intimidated and terrified by defendant Mills actions, she feared for her life.

30.    Defendant Mills kept the plaintiff in the isolated wooded area intentionally intimidating plaintiff, and was aware that plaintiff was in great distress.

31.    Defendant Mills eventually drove plaintiff to the police station. At the station, plaintiff was processed and was shocked to learn that she was being charged with fleeing from the police.  Plaintiff said defendant Mills had never said anything about her attempting to flee

6



from him and that she had only learned he claimed she had not stopped at a stop sign blocks from her home.

32.    Plaintiff was booked, and processed and she was placed in a jail cell where she was forced to spend the night.

33.    The next morning, plaintiff was transported to the D.C. Superior Court with the other prisoners. Plaintiff formerly worked at the D.C. Superior Court and was thoroughly embarrassed and humiliated when she was recognized by courthouse staff with whom she had previously worked.

34.    The plaintiff was released on her own recognizance. There were several court appearances scheduled that she attended; defendant Mills never appeared at any scheduled hearing and the case against plaintiff was dismissed.

35.    After her arrest, and after the dismissal of her case, on several occasions, plaintiff observed defendant Mills in his police car parked across from, or near her house. He would sit and stare at plaintiff and this frightened and intimidated plaintiff.

36.    Defendant Mills and the other named defendants carried out their actions against plaintiff with malice and their conduct was intentional and egregious and caused plaintiff severe emotional distress, embarrassment and humiliation, and severe and permanent injuries.

**COUNT I**
**(Constitutional Violations-4[th], 5th, and 14th Amendments)**

37.    Plaintiff hereby incorporates, by reference herein, paragraphs 1 through 36, as if fully set forth herein, and further alleges:

38.    Plaintiff had Constitutionally protected interests that were violated, a right to Due Process and the right to be free from the unreasonable search and seizure by defendant Mills, and the other named defendants.

7

39.     Defendant Mills and the other named defendants violated plaintiff's rights and deprived plaintiff of other privileges and immunities guaranteed by the United State's Constitution, including the rights afforded by the 4th, 5th, and 14th Amendments. Defendants were uniform members of the Metropolitan Police Department for the District of Columbia, and in the course and scope of their employment, while acting under the color of law, unlawfully detained and falsely arrested plaintiff without probable cause or reasonable suspicion, and falsely imprisoned plaintiff without cause.

40.     Defendants also used excessive force toward plaintiff.

41.     Plaintiff is entitled to recover, pursuant to 42 U.S.C. § 1983, for the Constitutional violations committed when she was unlawfully seized, searched, arrested and imprisoned.

42.     Defendants carried out their actions with malice and said conduct was intentional and egregious and caused plaintiff to endure pain, suffering, humiliation, embarrassment and severe emotional anguish, now and in the future.

WHEREFORE, based on the foregoing, plaintiff, Shante Moore, demands judgment against all defendants as follows:

a.     Compensatory damages in the amount of **ONE MILLION DOLLARS ($1,000,000.00)** from each defendant, jointly and severally;

b.     punitive damages in the amount of **ONE MILLION DOLLARS ($1,000,000.00)** from the defendant Mills and all named John Doe Defendants;

c.     and costs, pre and post-judgment interest and attorney's fees.

d.     Such other and further relief as deemed just and appropriate.

## COUNT II
### (False Arrest & Imprisonment)

43.     Plaintiff hereby incorporates, by reference herein, paragraphs 1 through 42, as if

fully set forth herein, and further alleges:

44.    Defendant Mills arrested plaintiff without probable cause, he detained plaintiff, and imprisoned plaintiff, searched her and violated her Constitutional Rights.

45.    Plaintiff was originally told by defendant Mills, in front of her home, that she had failed to stop for a stop sign.

46.    Despite the fact that plaintiff had only driven less than two blocks away from the scene of the alleged offense, that there had been no police car operating its lights/and or siren behind her before she pulled into her own driveway and that defendant Mills had not sought assistance to apprehend the plaintiff, defendant Mills fabricated a charge in an attempt to justify his actions to his superiors and fellow officers and to provide an excuse for the unwarranted force used against the plaintiff. Defendant Mills made charges as a peremptory strike to prevent the plaintiff or her family from filing a complaint about his illegal actions.

47.    Plaintiff was arrested placed in handcuffs, put in the rear of defendant Mills official car, driven around at a high rate of speed, taken to a secluded, wooded area where defendant Mills intentionally intimidated plaintiff. Plaintiff's was aware of said imprisonment.

48.    Plaintiff was humiliated and embarrassed and degraded in front of her family, friends, neighbors and former co-workers by this incident.

49.    Defendant Mills never appeared for any of his scheduled court appearances and the case was dismissed against plaintiff.

WHEREFORE, based on the foregoing plaintiff demands judgment against all the defendants, jointly and severally as follows:

a.    Compensatory damages in the amount of **ONE MILLION DOLLARS ($1,000,000.00);**

b.       punitive damages in the amount of **ONE MILLION DOLLARS ($1,000,000.00)**

as to defendant Mills and all named John Doe defendants;

c.       and, costs, pre and post-judgment interest and attorney's fees;

d.       such other and further relief as deemed just and appropriate.

### COUNT III
### (Assault & Battery)

50.       Plaintiff hereby adopts, by reference hereto, paragraphs 1 through 49, as if full set

forth herein, and further alleges:

51.       Defendant Mills both assaulted and battered the plaintiff when he forced her arm

behind her back, handcuffed her, and then pushed, and forcibly held her, against the porch

railing. The force used by defendant Mills was sufficient to cause plaintiff to incur significant

physical injury.

52.       Defendant Mills actions were intentional, excessive, unwarranted and caused

plaintiff to suffer physical injury.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally

as follows:

a.       Compensatory damages in the amount of **ONE MILLION DOLLARS**

**($1,000,000.00);**

b.       punitive damages in the amount of **ONE MILLION DOLLARS ($1,000,000.00)**

as to defendant Mills and all named John Doe defendants;

c.       and, costs, pre and post-judgment interest and attorney's fees;

d.       such other and further relief as deemed just and appropriate.

### COUNT IV
### (Intentional Infliction of Emotional Distress)

53.    Plaintiff hereby incorporates, by reference hereto, paragraphs 1 through 52, as if fully set forth herein, and further alleges:

54.    Defendant Mill's actions and the actions of the other named John Doe defendants, were intentional and caused plaintiff an extreme amount of emotional distress, embarrassment and humiliation.

55.    Plaintiff was embarrassed in front of her parents, neighbors and friends by the false arrest and subsequent treatment by defendant Mills and the other named John Doe defendants.

56.    Plaintiff was caused to suffer extreme emotional anguish, psychological distress and fear when she was transported, while handcuffed, by defendant Mills to an isolated wooded area. Plaintiff was put in fear of her life as she reasonably believed that defendant Mills was not behaving as a professional police officer, but seemed more intent on exacting revenge on the plaintiff for manufactured transgressions.

57.    Plaintiff also suffered severe humiliation and embarrassment when she was transported with other prisoners and paraded before her former co-workers at the Superior Court for the District of Columbia.

58.    Defendant Mills and the other named John Doe defendants carried out their actions against plaintiff with malice and with the intent to place the plaintiff in the most embarrassing and humiliating circumstances they could create. Defendant Mills' actions and the actions of the other named John Doe defendants were deliberate and egregious.

WHEREFORE, based on the foregoing plaintiff demands judgment against the defendants District of Columbia Government, Charles Ramsey and Eldorado Mills, jointly and severally as follows:

11

a.     Compensatory damages in the amount of **ONE MILLION DOLLARS**

**($1,000,000.00);**

b.     punitive damages in the amount of **ONE MILLION DOLLARS ($1,000,000.00)**

as to defendant Mills and all named John Doe defendants;

c.     and, costs, pre and post-judgment interest and attorney's fees;

d.     such other and further relief as deemed just and appropriate.

### COUNT V
**(Negligent Supervision and *Respondeat Superior*)**

59.     Plaintiff hereby incorporates, by reference hereto, paragraphs 1 through 58, as if

fully set forth herein, and further alleges:

60.     Defendants District and Ramsey had a duty to use reasonable care in the

supervision of employees, particularly police officer, while acting within the course and scope of

their authority as police officers.

61.     Defendant District and defendant Ramsey knew, or should have known, that

defendant Mills, would likely confront and be in contact with members of the public, such as

plaintiff. Plaintiff is a member of the general public and it was foreseeable that she may come in

contact with the defendant's employees, to wit, defendant Mills.

62.     Defendants District and Ramsey were on notice that defendant Mills had a history

of stopping and harassing young females during the course of his duties.

63.     Defendant District's and Ramsey's reckless failure to supervise, control or

discipline defendant Mills and the other named John Doe Defendants in the exercise of his police

functions, and their failure to enforce the laws of the District of Columbia and the rules and

regulations of the Metropolitan Police Department within the police force, is evidence of a

reckless disregard for the rights of the public, including those of plaintiff, and said behavior

exhibits a lack of that degree of due care which a prudent and reasonable individual would show in executing the office.

64.    The above allegations demonstrate that the injury to plaintiff was proximately caused by the negligent transfer of unlawful, intentional, violence on the part of defendant Mills. Under the laws of the District of Columbia, a cause of action in trespass and battery is thereby established to recover damages for the injuries and losses to plaintiff as a result of her injuries.

65.    As a direct and proximate result of defendants District and Ramsey's negligent supervision of their employees, plaintiff was forced to suffer pain and injury, severe mental anguish, humiliation and psychological distress.

66.    At all dates, times and locations relative hereto, defendant Mills and the other named John Doe Defendants was employed by the defendants District and Ramsey and acting within the course and scope of his employment, and under the color of law.

67.    As the employer of defendant Mills and the other named John Doe Defendants, the defendants District and Ramsey are responsible for the intentional acts or omissions of its agents, servants and/or employees under the doctrine of *Respondeat Superior.*

68.    It was the duty of the defendants District and Ramsey to ensure that their employees exercise due care with citizens, specifically, plaintiff, and to act so as not to falsely arrest, imprison, assault and batter plaintiff. This duty was clearly breached by the defendants District and Ramsey.

WHEREFORE, based on the foregoing, plaintiff demands judgment against all defendants, jointly and severally as follows:

a.    Compensatory damages in the amount of **ONE MILLION DOLLARS ($1,000,000.00);**

13

b.      punitive damages in the amount of **ONE MILLION DOLLARS**

**($1,000,000.00)**;

c.      and, costs, pre and post-judgment interest and attorney's fees;

d.      Such other and further relief as deemed just and appropriate.

## COUNT VI
(Equitable Relief)

69.      Plaintiff hereby incorporates, by reference hereto, paragraphs 1 through 68, as if

fully set forth herein, and further alleges.

70.      Due to the actions alleged herein, the continued employment of defendant Mills, in

any capacity in which he carries any type of weapon, has the power of arrest, or operates under the

color of law, presents a clear and present danger to all citizens of the District of Columbia and could

result in further illegal use of force and violence by the defendant.

WHEREFORE, the plaintiff demands the following relief, jointly and severally against all

defendants:

a.      A declaratory judgment that the policies, practices and acts complained of herein are

illegal and unconstitutional;

b.      a preliminary and permanent injunction preventing the defendant District of

Columbia from employing officers John Does #1 through 5, in any capacity in

which they would carry a weapon, have the power of arrest, or operate under the

color of law;

c.      Compensatory damages against each Defendant, jointly and severely, in the amount

of Two Million Dollars ($2,000,000.00) with Pre and post judgment interest;

d.      Punitive Damages in the amount of One Million Dollars ($1,000,000.00);

e.      Attorneys fees and cost; and

f.    Such other and further relief as this Honorable Court may deem just and appropriate.

Respectfully submitted,

By:

Donna Williams Rucker, Esquire (#446713)
DUBOFF & ASSOCIATES, CHARTERED
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910
(301) 495-3131    Office
(301) 587-1872    Facsimile

## JURY DEMAND

Plaintiff, by and through counsel, hereby demands a trial by jury on all issues set forth herein.

Donna Williams Rucker, Esquire