IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHANTE MOORE,                            )
                                         )
       Plaintiff,                       )
                                         )
v.                                       )    Civil Action No.05-2020
                                         )
                                         )
THE DISTRICT OF COLUMBIA, *et al.*,      )
                                         )
       Defendants.                      )

THE DEFENDANT THE DISTRICT OF COLUMBIA'S
ANSWER TO PLAINTIFF'S COMPLAINT[1]

First Defense

Plaintiff has failed to state a claim upon which relief can be granted.

Second Defense

These defendants hereby respond to the numbered paragraphs of plaintiff's complaint as follows:

1.    The defendant District of Columbia ("District") acknowledge the existence of the statutes as cited in ¶ 1 of the complaint, but deny that jurisdiction is necessarily conferred thereby.

2.    The District is without sufficient information to either admit or deny the allegations as stated in ¶ 2 of the complaint. To the extent any response is required, the District denies the allegations.

3.    The District admits that it has employed Officer Eldorado Mills since September 10, 1990.

---

[1] Charles Ramsey has moved to dismiss the complaint as to him. The record does not reflect service upon Eldorado Mills or all unnamed defendants, and they have not requested representation from the Office of the Attorney General in this matter.

4. The District admits that Chief Ramsey is employed as the Chief of Police for the Metropolitan Police Department. The remaining allegations are the legal conclusions of law of the pleader to which no response is required.

5. The District allegation as contained in ¶ 5 of the complaint are the legal conclusions of the pleader to which no response is required. To the extent any response is required, the District denies the allegations.

Facts

6. The District hereby incorporates its responses to ¶¶ 1 through 5 by reference herein.

7-35. The District is without sufficient information to either admit or deny the allegations as contained in ¶¶ 7 through 35 of the complaint. To the extent any response is required, the District denies the allegations.

36. The allegations in paragraph 36 of the complaint are the legal conclusions of the pleader to which no response is required.

Count I
(Constitutional Violations 4th, 5th and 14th Amendments)

37. The District hereby incorporates its responses to ¶¶ 1 through 36 by reference herein.

38. The allegations as stated in ¶ 38 state the legal conclusions of the pleader to which no response is required.

39-42. The District denies the allegations as contained in ¶¶ 39 and 42 of the complaint.

Count II
(False Arrest & Imprisonment)

43. The District hereby incorporates its responses to ¶¶ 1 through 42 by reference herein.

44. The allegations as stated in ¶ 44 of the complaint states the legal conclusions of the pleader to which no response is required. To the extent any response is required, the District denies the allegations.

45-49. The District is without sufficient information to either admit or deny the allegations as contained in ¶¶ 45 through 49 of the complaint.

Count III
(Assault and Battery)

50. The District hereby incorporates its responses to ¶¶ 1 through 50 be reference herein.

51-52. The District denies the allegations as contained in ¶¶ 52 and 52 of the complaint.

Count IV
(Intentional Infliction of Emotional Distress)

53. The District hereby incorporates its responses to ¶¶ 1 through 52 by reference herein.

54-58. The District denies the allegations as contained in ¶¶ 54 through 58 of the complaint.

Count V
(Negligent Supervision and *Respondeat Superior*)

59. The District hereby incorporates its responses to ¶¶ 1 through 58 by reference herein.

60-65.   The District denies the allegations as contained in ¶¶ 60 through 65 of the complaint.

66.-68. The allegations as contained in ¶¶ 66 through 68 of the complaint state the legal conclusions of the pleader to which no response is required. To the extent any response is required, the District denies the allegations.

## Count VI
### (Equitable Relief)

69.   The District hereby incorporates its reposes to ¶¶ 1 through 68 by reference herein.

70.   The allegations as contained in ¶¶ 66 through 68 of the complaint state the legal conclusions of the pleader to which no response is required.

Further answering, the District herein denies any all allegations of wrongful conduct, intentional or otherwise, not specifically admitted to or otherwise answered.

## Third Defense

The actions of the District, by and through its agents/or employees were reasonably necessary to effect, maintain and enforce the laws of the United States of America and/or the District of Columbia.

## Fourth Defense

The actions of the District, by and through its agents and/or employees, were taken in good faith and with a reasonable belief in their lawfulness.

## Fifth Defense

The actions of the District, by and through its agents and/or employees, complied with all applicable laws and met or exceeded all applicable standards of care.

Sixth Defense

If plaintiff was injured as alleged in the complaint, such injuries were the result of the criminal acts of third persons and not the District, its employees or agents.

Seventh Defense

If plaintiff was injured as alleged in the complaint, such injuries were the result of his sole or contributory negligence and/or assumption of the risk.

Eighth Defense

This action may be barred by the doctrine of laches and/or the applicable statutes of limitations.

Ninth Defense

Plaintiff can not prove facts sufficient to maintain a constitutional cause of action against the District pursuant to 42 U.S.C. 1983, *et seq.*

Tenth Defense

The District denies all allegations of wrongdoing, including, but not limited to, violations of common law, constitutional law, statutory and operational standards, negligence and deliberate indifference.

Eleventh Defense

The District is not liable for the conduct of any of its employees who may have acted beyond the scope of their employment.

Twelfth Defense

Plaintiff may have failed to mitigate damages.

Thirteenth Defense

The plaintiff may have failed to comply with the mandatory requirements of D.C. Official Code § 12-309.

SET-OFF

This District claims a set-off for any and all funds paid to plaintiff by Medicaid or any other form of public assistance or aide as a result of this incident.

JURY DEMAND

The District demands a jury trial on all issues so triable.

WHEREFORE, having fully answered, this defendant requests that the plaintiff's Complaint be dismissed with prejudice, with costs awarded.

FURTHER, this defendant reserves the right to amend its answer pursuant to Fed. Rule Civ. Procedure 15.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

_____
PATRICIA A. JONES #428132
Chief, General Litigation Sec. IV

_____
GEORGE E. RICKMAN #433298
Assistant Attorney General
General Litigation Section IV
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625

Case 1:05-cv-02020-PLF    Document 6    Filed 11/22/2005    Page 7 of 7