IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHANTE MOORE,                )
                             )
        Plaintiff,           )
                             )
v.                           )       Civil Action No.05-2020
                             )
                             )
THE DISTRICT OF COLUMBIA, *et al.*,  )
                             )
        Defendants.          )

### THE DEFENDANT ELDORADO MILLS' ANSWER TO PLAINTIFF'S COMPLAINT

First Defense

Plaintiff has failed to state a claim upon which relief can be granted.

Second Defense

This defendant, Eldorado Mills, hereby responds to the numbered paragraphs of plaintiff's complaint as follows:

1.   This defendant acknowledges the existence of the statutes as cited in ¶ 1 of the complaint, but denies that jurisdiction is necessarily conferred thereby.

2.   This defendant is without sufficient information to either admit or deny the allegations as stated in ¶ 2 of the complaint. To the extent any response is required, the District denies the allegations.

3.   This defendant admits that he was employed with MPD since September 10, 1990.

4.     This defendant admits that Chief Ramsey is employed as the Chief of Police for the Metropolitan Police Department.  The remaining allegations are the legal conclusions of law of the pleader to which no response is required.

5.     The allegation as contained in ¶ 5 of the complaint is the legal conclusions of the pleader to which no response is required.

### Facts

6.     This defendant hereby incorporates his responses to ¶¶ 1 through 5 by reference herein.

7.     This defendant admits the allegations in ¶ 7 of the complaint.

8.     This defendant is without sufficient information to either admit or deny the allegations as contained in ¶ 8 of the complaint. To the extent any response is required, this defendant denies the allegations.

9-10. This defendant denies the allegations as stated in ¶¶ 9 and 10 of the complaint.

11.    This defendant admits that plaintiff drove her car onto a driveway, and plaintiff then exited her vehicle. This defendant denies the remaining allegations in ¶ 11 of the complaint.

12-17. This defendant denies the allegations as stated in ¶¶ 12 through 17 of the complaint.

18.    This defendant admits that he called for backup using his radio.

19.    This defendant denies the allegations as stated in ¶ 19.

20. This defendant admits that additional officers, including a sergeant, arrived on the scene. This defendant is without sufficient information to either admit or deny the remaining allegations as contained in ¶ 20 of the complaint.

21-31. This defendant denies the allegations as stated in ¶¶ 21 through 31 of the complaint.

32-34. This defendant is without sufficient information to either admit or deny the allegations as contained in ¶¶ 32 through 34 of the complaint. To the extent any response is required, this defendant denies the allegations.

35.-36. This defendant denies the allegations as states in ¶¶ 35 and 36 of the complaint.

<u>Count I</u>

(Constitutional Violations 4th, 5th and 14th Amendments)

37. This defendant hereby incorporates his responses to ¶¶ 1 through 36 by reference herein.

38. The allegations as stated in ¶ 38 state the legal conclusions of the pleader to which no response is required.

39-42. This defendant denies the allegations as contained in ¶¶ 39 through 42 of the complaint.

<u>Count II</u>
(False Arrest & Imprisonment)

43. This defendant hereby incorporates his responses to ¶¶ 1 through 42 by reference herein.

44. This defendant denies the allegations as contained in ¶ 44 of the complaint..

45. This defendant is without sufficient information to either admit or deny the allegations as contained in ¶ 45 of the complaint.

46.-48. This defendant denies the allegations as contained in ¶¶ 46 through 48 of the complaint.

49. This defendant is without sufficient information to either admit or deny the allegations as contained in ¶ 49 of the complaint. To the extent a response is required, this defendant denies the allegations.

### Count III
### (Assault and Battery)

50. This defendant hereby incorporates his responses to ¶¶ 1 through 50 by reference herein.

51-52. This defendant denies the allegations as contained in ¶¶ 51 and 52 of the complaint.

### Count IV
### (Intentional Infliction of Emotional Distress)

53. This defendant hereby incorporates his responses to ¶¶ 1 through 52 by reference herein.

54-58. This defendant denies the allegations as contained in ¶¶ 54 through 58 of the complaint.

### Count V
### (Negligent Supervision and *Respondeat Superior*)

59. This defendant hereby incorporates his responses to ¶¶ 1 through 58 by reference herein.

60.-68. The allegations as stated in ¶¶ 60 through 68 are not raised as against this defendant. Further answering, the allegations are the legal conclusions of the pleader to which no response is required.

## Count VI
(Equitable Relief)

69. This defendant hereby incorporates his responses to ¶¶ 1 through 68 by reference herein.

70. The allegations are the legal conclusions of the pleader to which no response is required. To the extent a response is required, this defendant denies the allegations.

Further answering, this defendant herein denies any all allegations of wrongful conduct, intentional or otherwise, not specifically admitted to or otherwise answered.

### Third Defense

The actions of this defendant were reasonably necessary to effect, maintain and enforce the laws of the United States of America and/or the District of Columbia.

### Fourth Defense

The actions of this defendant were taken in good faith and with a reasonable belief in their lawfulness thereby entitling him to qualified immunity.

### Fifth Defense

The actions of this defendant complied with all applicable laws and met or exceeded all applicable standards of care.

### Sixth Defense

If plaintiff was injured as alleged in the complaint, such injuries were the result of the criminal acts of plaintiff and/or third persons and not this defendant.

Seventh Defense

If plaintiff was injured as alleged in the complaint, such injuries were the result of her sole or contributory negligence and/or assumption of the risk.

Eighth Defense

This action may be barred by the doctrine of laches and/or the applicable statutes of limitations.

Ninth Defense

Plaintiff can not prove facts sufficient to maintain a constitutional cause of action against this defendant pursuant to 42 U.S.C. 1983, *et seq.*

Tenth Defense

This defendant denies all allegations of wrongdoing, including, but not limited to, violations of common law, constitutional law, statutory and operational standards, negligence and deliberate indifference.

Eleventh Defense

Plaintiff may have failed to mitigate damages.

JURY DEMAND

This defendant demands a jury trial on all issues so triable.

WHEREFORE, having fully answered, this defendant requests that the plaintiff's Complaint be dismissed with prejudice, with costs awarded.

FURTHER, this defendant reserves the right to amend his answer pursuant to Fed. R. Civ. P. 15.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

        GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

_____
PATRICIA A. JONES #428132
Chief, General Litigation Sec. IV

_____
GEORGE E. RICKMAN #433298
Assistant Attorney General
General Litigation Section IV
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625