**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

| | |
|---|---|
| SHANTE M. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 1:05CV02020 |
| | ) |
| DISTRICT OF COLUMBIA, et al. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## **REPORT UNDER LOCAL CIVIL RULE 16.3**

The following information is provided consistent with Local Civil Rule 16.3(c):

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

There are no dispositive motions pending. Plaintiff does not believe that this matter will be resolved by dispositive motion. Defendants reserve the right to file any appropriate dispositive motions.
.
(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

The parties propose that all parties be joined or pleadings amended within 60 days of the initial scheduling conference

At this stage of the case, the Parties are not able to identify factual or legal issues to be agreed upon or narrowed.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The Parties do not consent to assignment to a magistrate judge for trial**.**

(4) Whether there is a realistic possibility of settling the case.

Plaintiff believes that this matter could settle; the defendants will entertain all reasonable offers of settlement.

Case 1:05-cv-02020-PLF    Document 15    Filed 01/17/2006    Page 2 of 4

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

    Plaintiff's counsel discussed mediation with her and plaintiff is open to mediation at any stage of the litigation; Defendants would agree to mediation after the close of discovery, and a decision on any dispositive motion filed has been made.

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

    Defendants believe this case can be resolved on a dispositive motion at or before the end of discovery. Plaintiff believes a dispositive motion will not resolve the case.

    The Parties agree that dispositive motions should be filed not later than 60 days following the close of discovery; oppositions thereto should be due 30 days thereafter; and replies should be due 15 days after filing of oppositions.

(7) Whether the Parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

    The Parties will not dispense with initial disclosures under Fed. R. Civ. P. 26(a)(1), but request that disclosures be provided within 20 days after the Initial Conference.

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

    The Parties propose 180 days to complete standard discovery, followed by the motion schedule proposed in ¶ 6. The Plaintiff requests 30 interrogatories per side and 5 non-party depositions per side; defendants requests 25 interrogatories per side and 5 depositions per side. The Parties anticipate that protective orders may be required for medical information, personnel information, and other information covered by the Privacy Act.

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

2

The Parties may use experts and make disclosures pursuant to Fed. R. Civ. P. Rule 26(a)(2), and propose that Proponent's Rule 26(a)(2)(B) statements be due 60 days before the close of discovery and Opponent's statements be due 30 days following receipt of Proponent's statements.

(10) Procedures in class actions.

Not applicable.

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The Parties do not anticipate the need for a bifurcated trial. Defendant reserves the right to move for bifurcation should the need arise.

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

The Parties propose that the date for the pretrial conference be set at any post discovery status conference.

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The Parties propose that the trial date be set at the pre-trial conference.

(14) Such other matters that the Parties believe may be appropriate for inclusion in a scheduling order.

The Parties are not aware of any additional matters.

(15) Statements of the Case:

Plaintiff:

Plaintiff, Shante Moore, was followed and accosted at her home by defendant Mills, an on duty, uniformed officer of the District of Columbia Police Department. Plaintiff's civil rights were violated, and she was subjected to excessive force, personal injuries and extreme mental distress when defendant Mills, and other unnamed members of the District of Columbia Police Department wrongly stopped, and falsely arrested and imprisoned her, and caused her to remain overnight in jail without probable cause or reasonable suspicion. These events began in front of plaintiff's home, at her front door, and were witnessed by her parents and brother.

Defendants: Defendant's deny any and all wrongdoing.

Respectfully submitted,

| | |
|---|---|
| DONNA WILLIAMS RUCKER, ESQ. | ROBERT SPAGNOLETTI, |
| DuBoff and Associates, Chartered | Attorney General for the District of Columbia |
| 8401 Colesville Road, Suite 501 | |
| Silver Spring, MD 20910 | |
| (301) 495-3131 | GEORGE C. VALENTINE |
| Attorney for Plaintiff | Deputy Attorney General, D.C. |
| | Civil Litigation Division |

PATRICIA JONES, D.C. Bar # 428132
Chief, General Litigation Section IV
Civil Litigation Division

GEORGE E. RICKMAN, D.C. Bar #433298
Assistant Attorney General
General Litigation Division IV
P.O. Box 14600
Washington, D.C. 20044-4600
202-442-9840/fax 202-727-6014
Attorneys for Defendants