THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHANTE M. MOORE, )
                              )
    Plaintiff,       ) Civil Action No: 05-02020
                              )
    v.               )
                              )
DISTRICT OF COLUMBIA, *et al.*, )
                              )
    Defendants.      )

## ORDER

It is hereby ORDERED on this ____ day of July, 2006, that:

1.  Plaintiff is precluded from obtaining defendant Eldorado Mills' home address, including his home telephone number, his social security number, other personal contact information, and/or any information concerning defendant Mills' immediate family.

2.  Pursuant to D.C. Official Code §§ 1-631.01 and 1-631.03, all personnel files, adverse action files and unit files as related to Eldorado Mills shall be deemed as "Confidential". Plaintiff may contest any such designation by providing counsel for the District in writing, within thirty (30) days of the receipt of documents deemed confidential, reasons why plaintiffs challenge the designation. The parties shall then meet within a reasonable time to attempt to resolve the disagreement. If the parties are unable to resolve the dispute, plaintiff may file a motion with the court challenging the designation. Plaintiff agrees to abide by the confidential designation until the Court rules on the motion.

3.  Plaintiff shall not use the Confidential Documents and/or information except in connection with this litigation and shall not disclose such documents to any person except as provided in Paragraph 3.

4. Inspection and review of the Confidential Documents and/or information shall be limited to plaintiff, counsel for plaintiff, consultants or experts retained by plaintiff to assist in the preparation of this case for trial. Non-parties, including witnesses, shall not be provided a copy of the Confidential Documents and/or information unless they agree to the terms set forth in the parties' protective order, and only on a need to know basis.

5. Nothing in this Order shall preclude any party from submitting Confidential Documents and/or information to the court as exhibits to any filing under seal.

6. No part or parts of the restrictions imposed by Paragraphs 1 through 3 above may be terminated except by a written agreement by the parties hereto or by an order of this Court.

7. This Protective Order does not govern the production or use of any documents other than personnel files, adverse action files, unit files and the information contained therein.

8. After the final termination of these proceedings, the provisions hereof relating to the use of Confidential Documents shall continue to be binding upon all persons entitled to access under the terms of Paragraph 3 of this Protective Order.

9. Nothing in this Protective Order shall be deemed to be a waiver of any party's right to oppose production of any information or documents on any ground, including, without limitation, lack of timeliness of the request, lack of relevance, lack of materiality, privilege, and work product of counsel.

10. Within forty-five (45) days of the final resolution of this action, including any appeal therefrom, the parties, their counsel and other persons subject to the terms hereof shall be under an obligation either to (1) assemble and return to the producing party all materials and documents marked as Confidential or (2) destroy all materials and documents marked as Confidential. In the event the parties decide to destroy all material and documents marked as Confidential, written notification must be provided to the producing party of the decision to destroy the documents and the date of destruction.

Notwithstanding the foregoing requirements, counsel will not be required to retain or destroy any pleadings or exhibits to pleadings, both of which may be retained for archival purposes.

11. Testimony given or information disclosed at a deposition may be designated as "Confidential" by indicating on the record at the deposition those portions of the testimony that are confidential and subject to the provisions of this Protective Order. Provided, however, that counsel must specify the designated testimony and that the designated testimony must relate directly to personnel files, and that opposing counsel may contest such designated testimony during or after the deposition and may ask the Court to resolve any disagreement.

12. Any information that has been designated "Confidential", including any portion of a document that quotes "Confidential" material that is to be filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which the following shall be written: the caption of this action, a generic designation of the contents of such scaled envelope or other container, and the words:

"CONFIDENTIAL - FILED UNDER SEAL - SUBJECT TO COURT ORDER"

13. Inadvertent failure to mark a document confidential does not waive the producing party's right to assert the confidentiality of the produced documents and/or information. Any document later identified as "Confidential" or containing confidential information shall be subject to the provisions of this order. Further, any information or documents containing information that is precluded by this order shall be returned to the respective parties with all copies destroyed.

14. Any party filing a document with the Court under seal that contains such "Confidential" material shall simultaneously file a version not under seal and available to the public in which the material designated as "Confidential" shall be redacted.

PAUL FRIEDMAN
United States District Court Judge

Dated: