THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANTE M. MOORE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No: 05-02020 |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

It is hereby ORDERED on this ____ day of July, 2006, that:

The parties disagree as to whether the information sought by plaintiff is privileged. Notwithstanding the respective positions, the parties agree to the following:

1.      Plaintiff withdraw without prejudice any request to obtain defendant Eldorado Mills' home address, including his home telephone number, his social security number, other personal contact information, and/or any information concerning defendant Mills' immediate family. Plaintiff will reserve the right to renew any motion to obtain this information at a later time after the parties have attempted, in good faith, to resolve any remaining dispute..

2.      Defendant Eldorado Mills will provide plaintiff with his cell phone records for October 12, 2004, beginning at 2:00 AM and ending at 4:00 AM.

   a) These records will be subject to the provisions of this order including but not limited to access to the information shall be limited to plaintiff's counsel, her investigator and any expert retained by plaintiff fro purposes of this litigation. Any use of these records shall be limited to this litigation.

3. Pursuant to D.C. Official Code §§ 1-631.01 and 1-631.03, all personnel files, adverse action files and unit files as related to employees, including Eldorado Mills shall be deemed as "Confidential". Plaintiff may contest any such designation by providing counsel for the District in writing, within thirty (30) days of the receipt of documents deemed confidential, reasons why plaintiff challenge the designation. The parties shall then meet within a reasonable time to attempt to resolve the dispute. If the parties are unable to resolve the dispute, plaintiff may file a motion with the court challenging the designation. Plaintiff agrees to abide by the confidential designation until the Court rules on the motion.

4. Plaintiff shall not use the Confidential Documents and/or information except in connection with this litigation and shall not disclose such documents to any person except as provided in Paragraph 5.

5. Inspection and review of the Confidential Documents and/or information shall be limited to counsel for plaintiff, and consultants or experts retained by plaintiff to assist in the preparation of this case for trial. Non-parties, including witnesses, and plainitff shall not be provided a copy of the Confidential Documents and/or information unless they agree to the terms set forth in the parties' protective order, and only on a need to know basis.

6. Nothing in this Order shall preclude any party from submitting Confidential Documents and/or information to the court as exhibits to any filing under seal.

7. The parties shall not violate or change any of the restrictions imposed by Paragraphs 1 through 6 above except by a written agreement by the parties hereto or by an order of this Court.

8. This Protective Order does not govern the production or use of any documents other than personnel files, adverse action files, unit files and the information contained therein.

9. Nothing in this Protective Order shall be deemed to be a waiver of any party's right to oppose production of any information or documents on any ground, including, without limitation, lack of timeliness of the request, lack of relevance, lack of materiality, privilege, and work product of counsel.

10. Within forty-five (45) days of the final resolution of this action, including any appeal therefrom, the parties, their counsel and other persons subject to the terms hereof shall be under an obligation either to (a) assemble and return to the producing party all materials and documents marked as Confidential or (b) destroy all materials and documents marked as Confidential. In the event the parties decide to destroy all material and documents marked as Confidential, written notification must be provided to the producing party of the decision to destroy the documents and the date of destruction.

11. Notwithstanding the foregoing requirements, counsel will not be required to retain or destroy any pleadings or exhibits to pleadings, both of which may be retained for archival purposes.

12. Testimony given or information disclosed at a deposition may be designated as "Confidential" by indicating on the record at the deposition those portions of the testimony that are confidential and subject to the provisions of this Protective

Order. Provided, however, that counsel must specify the designated testimony and that the designated testimony must relate directly to the information contained in Eldorado Mill's personnel file, adverse action file or unit file, and that opposing counsel may contest such designated testimony during or after the deposition and may ask the Court to resolve any disagreement.

   13. Any information that has been designated "Confidential", including any portion of a document that quotes "Confidential" material that is to be filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which

the following shall be written: the caption of this action, a generic designation of the contents of such sealed envelope or other container, and the words:

"CONFIDENTIAL - FILED UNDER SEAL - SUBJECT TO COURT ORDER"

14. Inadvertent failure to mark a document confidential does not waive the producing party's right to assert the confidentiality of the produced documents and/or information. Any document later identified as "Confidential" or containing confidential information shall be subject to the provisions of this order. Further, any information or documents containing information that is precluded by this order shall be returned to the respective parties with all copies destroyed.

15. Any party filing a document with the Court under seal that contains such "Confidential" material shall simultaneously file a version not under seal and available to the public in which the material designated as "Confidential" shall be redacted.

        DEBORAH ROBINSON
        United States Magistrate Judge

Dated: