IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| **SHANTE M. MOORE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:05CV02020 |
| ) | |
| **DISTRICT OF COLUMBIA, et al.** ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST DEFENDANT MILLS

**COMES NOW** Plaintiff, Shante Moore, by and through counsel, DUBOFF & ASSOCIATES, CHARTERED and Donna Williams Rucker, Esquire, and moves this Honorable Court to compel responses to plaintiff's Requests for Production of Documents served on defendant Eldorado Mills in May 2006, and in support therefor, states as follows:

1. In May 22 2006, plaintiff served on defendant Eldorado Mills, by hand delivery Interrogatories, Admissions and Request for Production of Documents.

2. Plaintiff received defendant Mills' response to Admissions in June 2004, and in July 2006, plaintiff received defendant Mills' Answers to Interrogatories.

3. On June 29, 2006, Defendant Mills deposition was scheduled and agreed to by the parties, but it had to be reset because plaintiff did not received defendant Mill's answers to interrogatories or the documents requested in plaintiff's request for documents prior to, or at the June 29, 2006, deposition. Since a court reporter had been hired, and was present, the

parties agreed to go as far as they could and reset the deposition after plaintiff received the overdue discovery.[1]

4. After the June 2006 deposition, in July the parties appeared before Magistrate Robinson regarding the protective order defendant wanted and the parties agreed to the terms of the protective order and the Court advised defendant's counsel that he would have to produce defendant Mills again if required after review of the documents that had not yet been produced.[2]

5. As regards the discovery plaintiff was seeking, defendant's counsel stated that he would need the written Order from the Court before he could produce the documents. As the record will reflect, the documents plaintiff seek include documents discussed at the Hearing before Magistrate Robinson (defendant's personnel records, and specific cellular phone records from all phones used by defendant Mills at the times relevant to this case), but also all of the other documents noted in the Request for Production of Documents attached as Exhibit "A".

6. On September 14, 2006, plaintiff held the next scheduled deposition of Defendant Mills as discovery was coming again to a close. Once again, no documents were provided at September 14, 2006 deposition although the Order from Magistrate Robinson as regards the Consent Protective order was signed on September 6, 2006. Counsel stated that he did not have documents because he was away when the Judge signed the Order on September 6, 2006 and was just returning in town. However, it was clear at the discovery

---

[1] The deposition abruptly ended however when the defendant Mills did not like to area of information sought and announced that he going to leave. After he was told he could not leave simply because he did not like the questions being asked, he stated something like, then I'm sick and the deposition ended.

[2] Plaintiff was concerned that the protective order was requested well after the discovery due date and that the first deposition did not go forth and now another had been set for September 14, 2006 an plaintiff still did not have any of the documents requested in discovery.

hearing in July 2006, that the parties had agreed to the terms of the protective order and that the Order would be signed as agreed to by the parties. Moreover, the September 14, 2006 was an agreed to scheduled date for the deposition. Therefore, counsel had ample opportunity to prepare the documents that the parties had agreed would be produced pursuant to the Consent Protective Order. On September 7, 2006, counsel faxed and mailed a letter to defendants' counsel advising that a motion to compel would be filed because no documents had been received.[3]

7. It has been more than six (6) months since plaintiff served her request for documents on defendant Mills. It has been two months since Magistrate Robinson signed the Consent Protective Order defendant's counsel represented that he required before the documents would be produced, and plaintiff has not received responses to her request for documents.

8. Discovery was set to close, based upon an extension of time filed by defendants, on October 31, 2006. Defendant had served in September a deposition notice to take deposition for specific individuals within the discovery period. Namely, plaintiff whose deposition had never been scheduled, and plaintiff's mother, father and brother. Plaintiff called counsel and provided dates in October for the 18, 19th, and the 24th for depositions.

9. Plaintiff received by mail deposition notices for October 26, 2006 for plaintiff, her mother, father and her brother. Immediately upon receiving the notice, plaintiff's counsel called defendants' counsel and advised that she has a matter that was previously set for a deposition on October 26, 2006, and she provided the case name and alternative dates. Plaintiff's counsel provided alternative dates within the discovery close date in a letter to

---

[3] The letter incorrectly stated that the Order regarding the Consent Protective Order had been signed August 4, 2006, when in fact that was when defendants' counsel filed the Order. The Order was signed September 6, 2006.

3

defendants' counsel that immediately followed her telephone message. The letter was mailed and faxed to defendants' counsel.

10.     Approximately two days later, defendants' counsel contacted plaintiff's counsel and stated that he had not received the facsimile and he had not heard any messages counsel left regarding this matter. Counsel discussed the situation and agreed that an extension of the discovery deadline would be needed. Plaintiff's counsel gave her consent to defendant's request to extend the discovery deadline to November 27, 2006, for defendants to take the depositions defendant had already noted within the discovery deadline. Plaintiff's counsel had not seen the subpoenas for plaintiff's family members and had called defendants' counsel based on the deposition notice for October 26, 2006 sent regarding plaintiff.

11.     Once the parties agreed to extend discovery, the conversation ended after defendants' counsel stated that he knows he owes plaintiff discovery, and that he has been asking for "it". At no time did defendants' counsel in any way indicate that he expected or was requesting that the depositions set for October 26, 2006, go forward based upon any subpoena. As a matter of fact, the Assistant Attorney General, Tia Clark, who appeared at the deposition on October 26, 2006 in the other case, brought a message from defendants' counsel, which was that he would be contacting plaintiff's counsel to reset the depositions.

12.     Plaintiff's counsel did not hear from Mr. Rickman, and on November 2, 2006, she had to travel due to a death in her family; she returned to her office on November 8, 2006. Apparently defendants' counsel did not call the office, but instead on November 1, 2006, faxed a letter regarding resetting depositions for November 14th or 15. Because plaintiff's counsel was away, she received the Deposition notice for November 15, 2006, after she returned. That date is available and plaintiff will attend. However, this time plaintiff's

counsel received a call from plaintiff's mother who advised that papers for all family members were left with her. She also stated that Johnny Moore, Jr. is not available because he is scheduled to travel related to his job on Tuesday, November 14, 2006, and this had been scheduled well before the person left his subpoena with her.

13. As of today, defendants have depositions now set for November 15, 2006, and discovery is set to close November 27, 2006. However, plaintiff still does not have defendant Mills' responses to plaintiff's request for documents.

14. Plaintiff has been prejudiced by the delay in receiving the discovery requested due to passage of time, and in prosecuting this case.

15. Plaintiff would request defendant Mills be required to immediately provided responses to plaintiff's Request for Production of Documents and pay attorneys fees in the amount of $687.00 for the preparation of this Motion.

**WHEREFORE**, based on the foregoing, and in the interest of justice, plaintiff respectfully prays as follows:

1. This Honorable Court compel defendant Mills to provide a response to plaintiff Request for Production of Documents;

2. Defendant Mills pay attorneys fees in the amount of $687.00 for the preparation of this Motion; and

3. Such other and further relief as deemed just and proper.

Respectfully submitted,

By:  _____/s/_____
Donna Williams Rucker, Esquire (#446713)
DUBOFF & ASSOCIATES, CHARTERED
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910

(301) 495-3131   Office
(301) 587-1872   Facsimile

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of November, 2006 a copy of the foregoing Plaintiff's Motion to Compel and for Sanctions was sent via this Court's Electronic case filing system to George Rickman, Esquire – Office of the Attorney General for the District of Columbia – 441 4th Street, N.W., 6th Floor, Washington D.C. 20001.

_____/s/_____
Donna Williams Rucker, Esquire