**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)**

| | |
|---|---|
| SHANTE M. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05CV02020 |
| ) | |
| DISTRICT OF COLUMBIA, et al. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PLAINTIFF'S FRIST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT DISTRICT OF COLUMBIA GOVERNMENT**

>  To:    Eldorado Mills, defendant
>  c/o:   George E. Rickman, Assistant Attorney General
>         for the District of Columbia
>
>  From:  Shante Moore, plaintiff
>  c/o:   Donna Williams Rucker, counsel for plaintiff

**COMES NOW** the plaintiff, Shante Moore, by and through counsel, Donna Williams Rucker and DuBoff & Associates, Chartered, pursuant to Fed. R. Civ. P. 34 submits the following Requests for Production of Documents to the defendant, Eldorado Mills:

**Instructions**:

a.   These Requests are continuing in nature so as to require you to supplement your responses if you obtain further or different material before trial;

b.   Unless otherwise indicated, the requests refer to the time, place and circumstances of the occurrence mentioned or complained of in the Complaint in this case;

c.   These requests include material in your possession, or any servant, agent or employee, and, unless privileged, your attorneys;

  d. Requests hereto are to be presented at the officer of DuBoff & Associates, Chartered, 8401 Colesville Road, Suite 501, Silver Spring, Maryland 20910, within thirty (30) days after service, in accordance with said Rules;

  e. If, in responding to the Request For Production of Documents you withhold production of any document on the ground of a privilege not to disclose the document, please state with respect to each such document:

  (1) The type of document involved and a general description of the contents of the document;
  (2) The name, business and residence addresses and telephone numbers, and position of the individual from whom document emanated;
  (3) The name, business and residence addresses and telephone numbers, and position of each individual to whom the document or a copy was sent;
  (4) The date of the document;
  (5) The privilege upon which Defendant relies in withholding the document;
  (6) The facts upon which Defendant relies in support of its claim that it is privileged to withhold the document;
  (7) The names, business and residence addresses and telephone numbers, and positions or occupations of individuals who you know to have, or believe to have, knowledge concerning the factual basis for Defendant's assertion of privilege with regard to the document.

## REQUEST FOR PRODUCTION OF DOCUMENTS & OTHER TANGIBLE ITEMS

  1. Any and all written memoranda, reports, correspondence, documents, photographs, video or audio tapes, or other writings, including notebooks, or recordings relating in any way to all incidents described in Plaintiff's Complaint, including, but not limited to, the following items.

  a. a list of all physical evidence seized, viewed or photographed;

  b. the results of police examinations, analysis, or tests on all physical evidence;

  c. any and all photographs, videos, movies, diagrams, and memoranda relating to the physical scene or to plaintiff.

  d. **any and all general investigative reports, including internal investigations of civilian complaints arising out of the incident;**

  e. any and all reports, records, or recordings of radio calls regarding the incident, prior to, during, or subsequent to the incident;

  f. any and all mug shots or photographs or videos of the plaintiff;

  g. any and all medical records or other records regarding the treatment of Plaintiff;

  h. any and all medical records or other records regarding the treatment of any injuries sustained by the defendant officer(s);

  i. any and all written or otherwise recorded statements of civilian witnesses to the incident, before, during, or at any time subsequent to the happening of the incident;

  j. any and all written or otherwise recorded statements of any Defendant, including the notes taken by the interviewer;

  k. any and all written or otherwise recorded statements of the plaintiff, including notes taken by the interviewer.

  L. **Form 251, and/or any other police report.**

  2. Any and all booking information relating to the incident.

  3. Any and all materials, orders, directives, reports, memoranda, script, rules, regulations, guidelines, and summaries issued by the District of Columbia or Metropolitan Police Department, or any of its agencies, including, but not limited to its police department and its prosecuting attorney's office, governing the use of force by an officer in making an arrest and/or probable cause for making an arrest, concerning the standards **in effect on the date of the alleged incident** which were to be used in

3

determining when the use of force on the part of a police officer is legal and justified, including but not limited to the following, all materials used in the training of police officers (course outlines, books, manuals, brochures, films, filmstrips, tape recordings, and other audiovisual material, and so forth); and all such materials issued at any time to active duty police officers (orders, memoranda, brochures, leaflets, scripts, etc.)

4. Any and all materials, orders, directives, reports, memoranda, regulations, and summaries of the District of Columbia or the Metropolitan Police Department concerning disciplinary measures that were provided to you by the Metropolitan Police Department within the past 5 years.

5. A copy of your cell phone records for the Cellular phone you were using October 2004.

6. for any officer who was and/or is found to have used excessive force or made an arrest and initiated a prosecution without probable cause or fabricating or lying about the facts of an arrest to create probable cause in violation of departmental regulations, in effect at the time.

5. Any and all materials, orders, reports, memoranda, summaries and complaints concerning every arrest or conviction of plaintiff.

6. All information contained in the records or in computers that were/are maintained by the Internal Affairs Division of the Metropolitan Police Department or by any other division of the Metropolitan Police Department or the Citizen's Complaints Review Board, concerning complaints against defendant Mills, and the other John Doe defendants, including, but not limited to, the information that is retrievable by computer code and/or e-mail.

4

7. Any and all records, reports, documents, or other writings relating to injuries sustained by any civilian during or as the result of an arrest conducted by you.

8. Any and all records, reports, documents, or other writings wherein you detained and/or arrested a female in the past 10 years.

9. Any and all records, reports, documents, or other writings pertaining to citizen complaints against you within the past 5 years before the date of the alleged incident and continuing until the date of your response to these Request for Documents, including the result of any charge, investigation, or proceeding arising out of each such complaint.

10. All records, interviews, memoranda, or other documents contained in or made part of the personnel records of for you for the period beginning seven years ago, but not limited to, complaints concerning your conduct as police officer(s) and law enforcement officer(s), disciplinary or internal law enforcement review of your activity as a police officer(s) and law enforcement officer(s), performance evaluations and psychiatric evaluations.

11. The complete files maintained on you, including personnel file, adverse action file, Internal Affairs file and any disciplinary record, of the defendant officer(s).

12. The complete roster of all officers working at the police station where Eldorado Mills was assigned to work on the day of the incident.

13. Any and all documents you have containing plaintiff's name, or derivation of her name, or making reference to plaintiff in any way. If you have knowledge of any such documents, please state where the same can be found.

15. Any and all police manuals, special orders, command/operational memos, order, and directives governing the operation of the Metropolitan Police Department that you were provided within the past 10 years relating in any way to actions taken in this case and/ or the allegations made by plaintiff in this case.

16. Any and all District of Columbia ordinances or statutes governing or pertaining to the Metropolitan Police Department's handling of the matter, which is the subject of this complaint, in effect on the date of the alleged incident.

17. All records concerning access by you to WALES, MILES, NCIC, or other data bases, regarding plaintiff in the last seven years.

18. Every document retained at the police District where defendant Mills was assigned on the day of the incident, that makes reference to Plaintiff or the incident referred to in Plaintiff's Complaint, whether plaintiff's name is specifically mentioned or not.

19. Copies of the agenda for all staff and command meetings for the Metropolitan Police Department for the past 6 months leading up to the date of the alleged incident.

20. A copy of all statements received by any person regarding this matter.

21. A copy of any statement provided by you to any person or entity regarding this matter.

22. Please provided a copy of your police department photograph.

23. Please provided the document that establishes the shift you worked on the day in question.

24. Please provide a copy of any and all documents signed by you regarding this matter on the day in question, or any day there after.

25. Please provide a copy of your cellular telephone records for any cell phone that you had in your name, and/or used in October 2004.

26. Please provide a copy of any notes maintained by you in any manner regarding your duties as a police office for six months prior to the incident, to the present date.

27. Please provide a copy of your driver's license.

28. Please provide a copy of any documents related to any arrest, and for any convictions that you have had for any charges within the past 10 years, including all plea agreements.

29. Please provide a copy of any surveillance of plaintiff by audio or video, and any memorandum and/or report from any private investigator and/or police officer.

                                    Respectfully submitted,
                                    DuBoff & ASSOCIATES, CHARTERED

By: _____
      Donna Williams Rucker, Esquire (#446713)
      DuBOFF& ASSOCIATES, CHARTERED
      8401 Colesville Road, Suite 501
      Silver Spring, Maryland 20910
      (301) 495-3131

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 22nd day of June 2006, a copy of the foregoing Plaintiff's Request for Production of Documents were hand delivered to counsel for Eldorado Mills, George E. Rickman, Esq., Office of the Attorney General for the District of Columbia, 441 4th Street N.W., 6th Floor, Washington D.C. 20001.

                                    _____
                                    Donna Williams Rucker, Esquire