IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| SHANTE M. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05CV02020 |
| ) | |
| DISTRICT OF COLUMBIA, et al. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## PLAINTIFF'S STATUS REPORT TO THE COURT

COMES NOW, Plaintiff, Shante Moore, by and through his undersigned counsel, hereby submits the following Status Report ("Report") as requested by the Court. This Report is not filed as a joint report because plaintiff was unable to reach defendants' counsel.

1. The Parties were supposed to file a Joint Status Report regarding the status of discovery, whether dispositive motions will be filed, settlement discussions, whether or not the parties are ready for pretrial, and how long trial will take. Plaintiff as of the filing of this Report, has not heard from defendants' counsel. A Facsimile was sent this afternoon reminding counsel that the Joint report had to be filed today. Accordingly, plaintiff informs the Court as follows:

2. Plaintiff has completed paper discovery and depositions in this matter.

3. Plaintiff filed a motion to compel discovery and for sanctions regarding not having received responses from defendant Eldorado Mills to plaintiff's Request for Production of Documents. Plaintiff's unopposed Motion was granted and Defendants were ordered to provide responses, and the payment of sanctions by December 11, 2006.

4. Defendants failed to provide the discovery responses or payment of the sanctions within the time Ordered by the Court.

5.  On December 14, 2006, three days later, plaintiff was faxed defendant Mills' responses to Request for Production of Documents that was oddly enough titled "Amended Responses of Officer Eldorado Mills to Plaintiff's First Request For Production of Documents". Defendant Mills did not produce any documents in response to the Requests served, except a completely redacted cellular phone bill that shows one entry. Practically every response in the Responses faxed is that defendant Mills does not have any of the documents "in his possession or control".

6.  Discovery was set to close in this case on October 31, 2006. Before, October 31, 2006, defendants noted only four depositions: plaintiff, plaintiff's mother, father and brother. The deposition notice and subpoenas were for October 26, 2006, five days before discovery was set to close. It is critical to note, in light of representations made by defendants in the their Status Report on Discovery, that defendant's counsel never spoke of deposing plaintiff's expert and made no written requests to do so during the time that he noted the four deposition indicated above, or before discovery closed on October 31, 2006. Notwithstanding the fact that plaintiff discovered that subpoenas were served and defendants failed to properly serve the subpoenas on the deponents[1], plaintiff's counsel agreed to extend the discovery close date set for October 31, 2006 to November 27, 2006. In providing her consent to defendant's counsel and his assistant, plaintiff's counsel made it clear that the consent was for the limited purpose of allowing defendants to depose those individuals previously identified. (See facsimile dated 10-27-06 attached as Exhibit "A"). Plaintiff did not intend to reopen discovery generally, and defendants were told this.

7.  Defendant's filed a motion to extend discovery by consent to November 27, 2006 and this Honorable granted the same as a consent motion.

---

[1] Defendants never served plaintiff's father or brother with a subpoena to appear on October 26, 2006.

2

8. November 15, 2006, the depositions were held for plaintiff, plaintiff's mother and plaintiff's father. Prior to the start of the depositions, plaintiff's counsel advised that plaintiff's brother had been sent away on business and had been so ordered before he learned about the subpoena that was left with his mother. Defendants' counsel stated that he understood and that we could reset the brother's deposition. The parties also discussed the fact that plaintiff had not agreed to extend discovery for defendants to explore depositions not previously noted or discussed. At that time, plaintiff's counsel stated that she was not of the opinion that defendants had the right to depose plaintiff's expert and she stated that they had missed the opportunity. Defendant's counsel stated that I might as well let him, because the Court would let him anyway. After that discussion, the depositions proceeded. Attached as Plaintiff's Exhibit "B" is a letter from Plaintiff's counsel dated November 22, 2006, wherein she address the request for supplemental answers and memorialized her position regarding deposing Klotz.

9. Plaintiff's counsel is truly perplexed by defendants representation in its status report to the Court that plaintiff seems somehow unwilling to present plaintiff's brother, Johnny Moore, for a deposition. Counsel fails to advise the Court that the parties agreed to set his deposition later and plaintiff was simply waiting for dates. Attached, as Exhibit "C" is a facsimile dated November 27, 2006, which clearly establishes that plaintiff was seeking dates to reset the brother's deposition because she had not heard from defendants' counsel since November 15. 2006.

10. On December 9, 2006, defendants' counsel sent a letter wherein he provided two dates, December 20, 2006 and December 25, 2006, Christmas day, as possible dates to schedule plaintiff's brother's deposition. December 20, 2006, was taken due to preparation of a Trial Board proceeding before the District of Columbia Fire and EMS Department ("Department") in the matter of Javone Greene. On this morning, counsel received a call from the Department to advise that Assistant Attorney General who was to handle the matter for the District was in a car accident and the matter was being rescheduled from December 21, 2006. As for Christmas day, plaintiff is not available to proceed on this day.\

11. Defendant, in its Status Report, reports to the Court that plaintiff has not responded to requests for supplemental responses to discovery when in fact by a letter dated November 22, 2006, attached hereto as Exhibit "B", plaintiff advises defendants' counsel that his request for supplements was not clear. On December 9, 2006, defendant's counsel sent a letter requesting, not all of the information earlier requested. Now plaintiff was asked to clarify her response to Answer to Interrogatory #20 only. Defendants' gave plaintiff until December 18, 2006, to do so. Plaintiff testified at her deposition that she had obtained employment since she answered interrogatories and so plaintiff will provide a supplement to the interrogatory to reflect the same, as requested by defendants.

12. On December 14, 2006, the counsel spoke and counsel reiterated her position regarding defendants deposing Klotz, and stated that they could reset the brother's deposition. The parties agreed that since defendant's counsel would be out on Friday, December 15, 2006, and could not then speak on outstanding matters until later, he would send over his portion of the status report and plaintiff's counsel would file it as a joint status report. Plaintiff's counsel also informed defendants' counsel that after Friday, she would not return to the office until December 20, 2006. It appears as though defendant filed his status report even though it was supposed to be a joint status report.

13. It was immediately after the Consent Motion to extend discovery was granted, and for the **very first time,** defendants' counsel stated, "are you really going to call Klotz". Plaintiff's counsel stated that she was going to call him and defendants' counsel stated, "[w]ell I'd better take his deposition too". At that moment, plaintiff's counsel advised that discovery was extended for the limited purpose of taking the previously scheduled depositions and for nothing else.

14. Contrary to the representations made by defendant's counsel in Defendant's Status Report on Discovery, plaintiff's counsel never agreed to provide her expert for a deposition. As a matter of fact, she has always represented that defendant did not have a right to take the expert's deposition. (See Exhibit "B").

15. Plaintiff objects to any request by defendants at this stage of discovery to name an expert or depose plaintiff's expert. The fact of the matter is that the deadline for defendants' to identify their expert witness was **June 19, 2006**, and the deadline to complete depositions of experts was **July 19, 2006**. Therefore, defendant's request to depose plaintiff's expert in November 2006 was well after the stated deadline in this Court's Scheduling Order. Notwithstanding these facts, it is disingenuous for defendants' to represent to this Court that they could not identify its experts because they could not take plaintiff's expert's deposition.

16. Plaintiff has notified defendants' counsel of deficiencies in discovery response and has not yet received. (See Exhibit "D").

## **DISPOSITIVE MOTIONS**

Plaintiff does not anticipate filing a dispositive motion in this case.

## **SETTLEMENT DISCUSSIONS**

The parties have held settlement discussion before a Magistrate Judge but the matter did not settle.

## PRETRIAL

Plaintiff is ready to schedule a pretrial after the deficiencies noted regarding discovery is addressed.

## HOW LONG WILL TRIAL TAKE

Plaintiff believes that trial will take approximately 4 days.

Respectfully submitted,
DUBOFF & ASSOCIATES, CHARTERED

By: _____
Donna Williams Rucker, Esquire (#446713)
8401 Colesville Road, Ste. 501
Silver Spring, Maryland 20910
(301) 495-3131   Office
(301) 587-1872   Facsimile

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of December, 2006 a copy of the foregoing Plaintiff's Status Report to the Court was sent via the Court's ECF system, to George Rickman, Assistant Attorney General, 441 4th Street, N.W., Washington, D.C.

_____
Donna Williams Rucker, Esquire