IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANTE MOORE, )<br>)<br>    Plaintiff, )<br>)<br>v.                                                     )<br>)<br>)<br>THE DISTRICT OF COLUMBIA, *et al*., )<br>)<br>    Defendants. ) | Civil Action No.05-2020 |

## THE DEFENDANTS DISTRICT OF COLUMBIA AND ELDORADO MILLS' CONTESTED MOTION TO RE-OPEN DISCOVERY

Defendants the District of Columbia and Officer Eldorado Mills (collectively "District defendants"), by and through undersigned counsel, hereby move this court to reopen discovery to allow these defendants to complete discovery. More detailed grounds for the defendants' motion are more fully set forth in the attached memorandum of points and authorities in support of this motion.

                                      Respectfully submitted,

                                      LINDA SINGER
                                      Attorney General for the District of Columbia

                                      GEORGE C. VALENTINE
                                      Deputy Attorney General, D.C.
                                      Civil Litigation Division

                                      _____

                                      PATRICIA A. JONES #428132
                                      Civil Litigation Division
                                      Chief, General Litigation Section IV

                    GEORGE E. RICKMAN #433298
                    Assistant Attorney General
                    Civil Litigation Division
                    General Litigation Section IV
                    P.O. Box 14600
                    Washington, DC 20044-4600
                    202-442-9840/fax 202-727-3625

Local Rule 7(m) Certification

At a status hearing conducted by the Court on January 11, 2007, the Court directed the District defendants to file any motion seeking to re-open discovery on or before January 16, 2007. At this hearing, plaintiff indicated that she will oppose this motion.

                    GEORGE E. RICKMAN
                    Assistant Attorney General, D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANTE MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.05-2020 |
| ) | |
| ) | |
| THE DISTRICT OF COLUMBIA, *et al*., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
THE DEFENDANTS DISTRICT OF COLUMBIA AND
ELDORADO MILLS' CONTESTED MOTION TO
RE-OPEN DISCOVERY

Defendants the District of Columbia and Officer Eldorado Mills (collectively "District defendants"), by and through undersigned counsel, hereby move this court to re-open discovery. As reasons for this motion, these District defendants state the following:

1. After seeking leave of court, on June 19, 2006, plaintiff filed her Fed. R. Civ. P. 26 (a)(2). See Docket Entries #18 and 19. By Order, dated July 21, 2006, this Court enlarged discovery until October 31, 2006. See Docket Entry #24. A joint status report on discovery was due on November 15, 2006. By letter dated September 27, 2006, the District defendants attempted to schedule depositions of plaintiff and her identified witnesses. Undersigned counsel also made numerous attempts to obtain information on plaintiff's expert, Mr. Robert Klotz, in order to note his deposition, but the information was not forthcoming. On October 18, 2006, undersigned counsel noted plaintiff's depositions, as well as her identified witnesses for October 26, 2006. Neither plaintiff nor her witnesses appeared for deposition.

2.     On October 31, 2006, the District defendants filed a motion to extend the time in which to complete discovery. The motion was granted on November 1, 2006, extending discovery until November 27, 2006. See Docket Entry #30, and Order dated November 1, 2006.

3.     By letter dated November 1, 2007, these defendants requested information so that a deposition of Mr. Klotz could go forward. See letter, attached as Exh. 1.  These defendants did not receive the necessary information. Later, by letter dated November 21, 2006, the District defendants again asked for information, i.e. Mr. Klotz's availability dates for deposition, in order to proceed with his deposition. See letter, attached Exh. 2. In response, plaintiff expressed her objections to Mr. Klotz's deposition, but agreed to provide potential deposition dates. See attached Exh. __.  Plaintiff failed to identify deposition dates for her expert.

4.     Plaintiff's expert has not yet been deposed, nor has discovery of all fact related witnesses been completed. The depositions of plaintiff and two of her witnesses were completed on November 15, 2006. Despite being subpoenaed twice and repeated assurances by plaintiff that she would produce the one remaining fact witness, that witness did not appear for deposition.

5.     These defendants seek to reopen discovery, and the opportunity to designate their own expert witness.   Under Fed R. Civ. P. 6(b)(2), the court is vested with the discretion to allow an act to be done beyond the time for completion upon motion made beyond the time upon a showing of "excusable neglect." *Smith v. District of Columbia,* 430 F.3d 450, 456 (D.C. Cir. 2005), *citing Lujan v. National Wildlife Federation,* 497 U.S. 871, 896 n. 5.  In determining whether the moving party has met its

burden in showing excusable neglect, the court will consider:   1) the danger of prejudice to the other party; 2) the length of the delay and the potential impact on judicial proceedings; 3) the reason for the delay; and 4) whether the delay was in the control of the moving party. *Smith,* 430 F.3d at 457 n. 5, *citing Pioneer Inv. Services Co. v. Brunswick Associates Lt'd.,* 507 U.S. 380, 388 (1993)

6. These defendants tried in good faith to resolve the parties' discovery dispute without intervention of this Court.  The District defendants began their efforts to obtain the information needed and the witness' availability for deposition long before the November 27, 2006, discovery close date. These efforts were met with evasion and delay. As early as November 1, 2006, even before a factual record underlying the claims was fully developed, these defendants sought plaintiff's cooperation in procuring her expert's deposition.  These defendants had to subpoena witnesses twice for deposition.  While the other witnesses eventually appeared for deposition, the one remaining witness failed to appear.  These defendants have produced all fact witnesses plaintiff has requested long before the close of discovery.

7. Due to the holidays and the press other business, these defendants did not timely seek relief.  However, plaintiff would not suffer any undue prejudice by reason of the court granting this motion.  Additionally, no pre-trial nor trial date has been scheduled, and this Court's schedule can proceed orderly.  Lastly, this motion meets the requirements of Rule 6(b)(2), and is for good cause shown.

WHEREFORE, for the reasons stated herein, these defendants request that discovery be re-opened for sixty (60) days to allow for the deposition of plaintiff's fact

witness and expert, and to allow the District defendants to identify their opposing expert should the need arise.

                                                  Respectfully submitted,

                                                  LINDA SINGER
                                                  Acting Attorney General for the District of Columbia

                                                  GEORGE C. VALENTINE
                                                  Deputy Attorney General, D.C.
                                                  Civil Litigation Division

                                                  _____

                                                  PATRICIA A. JONES #428132
                                                  Civil Litigation Division
                                                  Chief, General Litigation Section IV

                                                  _____

                                                  GEORGE E. RICKMAN #433298
                                                  Assistant Attorney General
                                                  Civil Litigation Division
                                                  General Litigation Section IV
                                                  P.O. Box 14600
                                                  Washington, DC 20044-4600
                                                  202-442-9840/fax 202-727-3625

Case 1:05-cv-02020-PLF     Document 38     Filed 01/16/2007     Page 7 of 7