IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| SHANTE M. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05CV02020 |
| ) | |
| DISTRICT OF COLUMBIA, et al. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS DISTRICT OF COLUMBIA AND ELDORADO MILLS' CONTESTED MOTION TO RE-OPEN DISCOVERY**

**COMES NOW**, Plaintiff, Shante Moore, by and through her undersigned counsel, in opposition to The Defendants District of Columbia and Eldorado Mills' Contested Motion to Re-Open Discovery (hereinafter Motion), and is support therefor, states as follows:

1. Defendant District of Columbia and Eldorado Mills (hereinafter defendants) have failed to make a showing of excusable neglect, a standard they are required to satisfy under Fed. R. Civ. P. 6(b)(2), for the relief requested in their Motion.

2. Defendants have not offered any additional information beyond that which was presented to the Court at the hearing held in this matter on January 11, 2007.

3. Plaintiff will be prejudiced, and the litigation process will begin all over again if discovery is re-opened. At this juncture, discovery will be re-opened for defendant to take a deposition that they never sought to take until plaintiff consented to extend discovery for the limited purpose of defendants completing the depositions which were noted while discovery was open.

4. Plaintiff incorporates herein by reference all arguments raised in Plaintiff's Status Report to the Court and the attached Memorandum of Points and Authorities, which more fully sets forward plaintiff's position.

WHEREFORE, based on the foregoing, plaintiff respectfully requests that The District of Columbia and Eldorado Mills' Contested Motion To Re-Open Discovery be denied, and for such other and further relief as deemed just and proper.

                              Respectfully submitted,
                              DUBOFF & ASSOCIATES, CHARTERED

By:      /s/
       Donna Williams Rucker, Esquire (#446713)
       8401 Colesville Road, Ste. 501
       Silver Spring, Maryland 20910
       (301) 495-3131    Office
       (301) 587-1872    Facsimile

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)**

| | |
|---|---|
| SHANTE M. MOORE, )<br>                               )<br>      Plaintiff,     )<br>                               )<br>      v.               )      Case No. 1:05CV02020<br>                               )<br>DISTRICT OF COLUMBIA, et al.  )<br>                               )<br>      Defendants.   )<br>_____) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO THE DEFENDANTS DISTRICT OF COLUMBIA AND ELDORADO MILLS'
CONTESTED MOTION TO RE-OPEN DISCOVERY**

Plaintiff, in opposition to defendant District of Columbia and Eldorado Mills' Contested Motion to Re-Open Discovery ("Motion"), states as follows:

**THE COURT CONTINUED DISCOVERY IN JULY 2006 TO OCTOBER 31, 2006
ON DEFENDANTS REQUEST FOR AN EXTENSION OF THE DISCOVERY DEADLINE**

In July 2006, defendants requested an extension of the discovery deadline to October 2006, alleging that the District had no funds to pay for depositions. Plaintiff opposed such a long extension. Over plaintiff's objection, discovery was extended to October 31, 2006.

As acknowledged by defendants in their Motion, plaintiff's expert was disclosed in June 2006. At no time between July 2006 and October 2006, did defendants attempt to schedule to depose plaintiff's experts. The only deposition defendants attempted to schedule was plaintiff, her mother, father and plaintiff's brother. Plaintiff's counsel agreed to extend discovery to November 27, 2006 because counsel had a deposition set for October 26, 2006, in a case involving another Assistant Attorney General. Plaintiff agreed to the extension of the discovery deadline from October 31, 2006, to November 27, 2006, to permit the defendants an opportunity to depose those individuals defendants sought to depose within

the October 31, 2006 discovery close date.  It is uncontroverted that defendants never sought to depose plaintiff's expert until after October 31, 2006.

### PLAINTIFF'S COUNSEL ADVISED DEFENDANTS THAT THEY BELIEVED THAT THE TIME TO DEPOSE PLAINTIIF'S EXPERT HAD PASSED

Defendants concede that plaintiff has always maintained that defendants did not have the right to depose plaintiff's expert.  At the depositions held on November 15, 2006, plaintiff's counsel again reiterated her belief that defendant's did not have the right to schedule to depose plaintiff's expert.  During this discussion, defendant's counsel stated that he would seek permission from the Court and suggested that plaintiff simply consent since he believed that the Judge would permit him to take the deposition nonetheless.  Discovery closed in this matter on November 27, 2006, and defendant's never filed any motions with this Honorable Court.

### THE PARTIES AGREED TO DEFENDANTS DEPOSING PLAINTIFF'S WITNESS

At plaintiff's deposition on November 15, 2006, the parties agreed that plaintiff's brother, who had been scheduled for travel for his job at the time of the October 26, 2006 deposition, would be deposed at a later date.  Defendants failed to advise the Court that the parties reached this agreement.  Subsequent to the November 15, 2006, plaintiff, on a number of occasions, sought to obtain dates as to when defendants desired to depose plaintiff brother.  There was never any attempt by plaintiff to prevent defendant from taking plaintiff's brother's deposition.

It was not until moments before the hearing went forward on January 11, 2007, that defendants offered dates to reschedule plaintiff's brother's deposition.  Defendant's provided January 30th, 31st and February 1, 2007.  Plaintiff's brother's deposition is now set for January 31, 2007 at 10:30 a.m.

### DEFENDANT'S HAVE FAILED TO MAKE A SHOWING OF EXECUSABLE NEGLECT

Defendants' request to reopen discovery to depose plaintiff's expert and their request to name their expert at this late stage of the litigation, comes after discovery has closed, and the time for

4

defendant's to name any expert has passed.  Therefore, the standard defendant's must satisfy is not good cause; defendants' are entitled to the relief requested only upon a showing of excusable neglect, as set forth in Fed. R. Civ. P. 6(b)(2).

Defendants have failed to articulate any basis that would satisfy Rule 6(b)(2).  Although defendants' provide the four elements to consider under the relevant case law, and the Rules, when evaluating facts regarding excusable neglect, defendants fail to offer any acceptable explanations to address the four elements.  Although the defendant's refer to some alleged delay as regards scheduling "fact witnesses"[1], there is no evidence presented that would establish that any action by plaintiff caused defendants to failed to timely name an expert witness, and/or schedule to depose plaintiff's expert within the discovery deadline set.

Defendant's offer no evidence to explain how their failure to file to timely seek relief was due to excusable neglect.  As a matter of fact, on the subject, all defendants offer is that "[d]ue to the holidays and the press [sic] other business, these defendants did not timely seek relief".  Defendants simply state that this motion meets the requirements of Rule 6(b)(2), and is for good cause shown.  Defendant's fail to articulate reasons that would satisfy Rule 6(b)(2).  Moreover, plaintiff will be prejudiced if discovery is re-opened.  This matter has been pending since 2005, and continued delay may affect witness availability, witness memory and will affect the prosecution of this matter through the litigation process.

WHEREFORE, based upon the foregoing, plaintiff respectfully requests this Honorable Court

---

[1] As the evidence will establish, there was no evasion or delay as regards setting plaintiff's brother's deposition.  The parties agreed to reset the deposition and it was not until January 11, 2007, defendants proposed dates.  The deposition has now been scheduled.

deny defendants Motion, and grant such other and further relief as deemed just and proper.

                              Respectfully submitted,

                              DUBOFF & ASSOCIATES, CHARTERED

By:       /s/
                              Donna Williams Rucker, Esquire (#446713)
                              8401 Colesville Road, Ste. 501
                              Silver Spring, Maryland 20910
                              (301) 495-3131    Office
                              (301) 587-1872    Facsimile