UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANTE M. MOORE,<br><br>                Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>                Defendants. | Civil Action No.  05-2020<br>PLF/DAR |

**ORDER**

Pursuant to the scheduling orders filed on this action, the deadline for Defendants to serve disclosures of any retained experts was June 19, 2006, and the deadline for the close of discovery was November 27, 2006.  *See* January 19, 2006 Scheduling Order (Docket No. 16) at 2; November 1, 2006 ECF entry.  At a status conference conducted by the undersigned on January 11, 2007, counsel for Defendants stated that he wanted to file a written motion regarding Defendants' wish to depose Plaintiff's expert witness and to designate an expert witness.[1]  The undersigned ordered that Defendants file any such motion by January 16, 2007.  In the motion Defendants filed on January 16, Defendants asked to reopen discovery for a period of 60 days in order to (1) depose Plaintiff's expert witness; (2) designate an expert witness; and (3) depose "one remaining fact witness[.]"  The Defendants District of Columbia and Eldorado Mills' Contested Motion to Re-Open Discovery (Docket No. 38); Memorandum of Points and Authorities in Support of the Defendants District of Columbia and Eldorado Mills' Contested Motion to Re-Open Discovery ("Defendants' Memorandum") at 2-3 [unnumbered].  As grounds

---

[1] Plaintiff served the report of her expert witness on June 19, 2006.  *See* Docket Nos. 18, 19; May 19, 2006 ECF Minute Order.

Moore v. District of Columbia, et al.                                                                                                    2

of their request to reopen discovery, Defendants, through their counsel, assert that Defendants "tried in good faith to resolve the parties' discovery dispute without the intervention of the Court"; that "[d]ue to the holidays of the press of other business, these [D]efendants did not timely seek relief"; and (3) "[P]laintiff would not suffer any undue prejudice by reason of the court granting this motion." Defendants' Memorandum at 3 [unnumbered]. Plaintiff opposes the motion on the ground that Defendants have failed to satisfy the Rule 6(b)(2) showing of excusable neglect, and that Plaintiff would be prejudiced if discovery were reopened. Plaintiff's Opposition to Defendants District of Columbia and Eldorado Mills' Contested Motion to Re-Open Discovery (Docket No. 39) at 1. Defendants, in their reply, maintain that "equitable considerations certainly weigh against [P]laintiff's claims of prejudice." The Defendants District of Columbia and Officer Eldorado Mills Reply to Plaintiff's Opposition to Their Motion to Re-Open Discovery at 1 [unnumbered].

    Upon consideration of Defendants' motion to reopen discovery, Plaintiff's opposition thereto, Defendants' reply and the entire record herein, Defendants' motion will be denied. Defendants concede that the court's evaluation of a motion for enlargement of a deadline which has already passed requires a showing that "the failure to act was the result of excusable neglect[.]" Fed.R.Civ.P. 6(b)(2); *see* Defendants' Memorandum at 2 [unnumbered]. The undersigned finds, however, that Defendants' conclusory references to their "good faith [efforts] to resolve the parties' discovery dispute" without the intervention of the court, "the holidays and the press of other business," and the absence of "undue prejudice" to Plaintiff fall far short of a

Moore v. District of Columbia, et al.                                                                                                       3

showing of excusable neglect.[2] *See Wilson v. Feldman,* Civ. A. No. 90-0263, 1991 WL 197025, at *1 (D.D.C. September 18, 1991) (citations omitted) ("To meet the standard for excusable neglect, . . . counsel must show good faith, little or no prejudice to other parties, and 'a reasonable basis for not complying within the specified period.'").

It is, therefore, this 15th day of February, 2007,

**ORDERED** that The Defendants District of Columbia and Eldorado Mills' Contested Motion to Re-Open Discovery (Docket No. 38) is **DENIED.**


February 15, 2007                                                                          /s/
                                                                                     DEBORAH A. ROBINSON
                                                                                     United States Magistrate Judge

---

[2] For example, Defendants acknowledge that Plaintiff's counsel served the report of her expert on June 19, 2006. Defendants' Memorandum at 1 [unnumbered]; *see also* n.1 *supra*. Defendants make no effort to address their failure to move for extension of the June 19, 2006 deadline for them to designate their expert during the seven-month period from June, 2006 until January, 2007.