IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANTE MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.05-2020 |
| | ) |
| | ) |
| THE DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS DISTRICT OF COLUMBIA AND ELDORADO MILL'S MOTION TO ALTER OR AMEND THE COURT'S FEBRUARY 15, 2007, ORDER**

Defendants District of Columbia ("District") and Eldorado Mills, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 59(e), hereby file their Motion to Alter or Amend this Court's February 15, 2007, Order, and state the following:

1. On February 15, 2007, this court entered an order denying the defendants relief that would have allowed them to depose plaintiff's expert and designate their own expert(s) pursuant to Fed. R. Civ. P. 26(a)(2). According to this Court, the defendants failed to show that their failure to act was the result of excusable neglect, and therefore, the Court denied the requested relief.

2. Fed. R. Civ. P. 59(e) provides that "any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

3. This motion is being filed within the prescribed period and is for good cause shown. The defendants' failure to act within the time prescribed for designating their expert, and deposing plaintiff's expert was in fact due to excusable neglect.

4.	On or about June 19, 2006, plaintiff designated her expert witness pursuant to Fed. R. Civ. P. 26(a)(2).  At the time of plaintiff's designation, the Office of the Attorney General was experiencing budgetary problems and had no available funds to depose plaintiff's expert.  Undersigned counsel believed funds would not be available until the beginning of the new fiscal year in October 2006, to depose plaintiff's expert along with any other fact witnesses, and/or to acquire an expert to testify on behalf of the District.  Therefore, on July 19, 2006, the defendants moved for and were granted an extension of time to complete discovery until October 31, 2006.  See Defendants' Motion to Enlarge Discovery, at ¶ 2, Docket Entry #22.

5.	On October 31, 2006, the defendants moved again for an enlargement of the time in which to complete discovery. See Docket Entry #30. This was necessary because undersigned's efforts in obtaining plaintiff's fact witnesses for deposition were unavailing.  Plaintiff consented to the relief, in part, but objected to any enlargement for the purpose of obtaining her expert's deposition.  The Court granted the motion, ordering that all discovery be completed on or before November 21, 2006.

6.	During the period of the discovery enlargement, the District defendants made every effort to obtain the information needed to facilitate the taking of plaintiff's expert's deposition. Each effort was met with objections from plaintiff.  As early as November 1, 2006, even before a factual record underlying the claims was fully developed, these defendants sought plaintiff's cooperation in procuring her expert's deposition.  Additionally, these defendants had to subpoena witnesses twice for deposition.  While the other witnesses eventually appeared for deposition, the one

remaining witness failed to appear for deposition. These defendants have produced all fact witnesses plaintiff has requested long before the close of discovery.

   7.  Discovery in this matter closed on November 27, 2006; the Monday after the Thanksgiving holiday. However, on December 6, 2006, this Court granted plaintiff's motion to compel discovery. At the time of the Order, undersigned counsel believed that defendants had met their discovery obligations. Undersigned counsel was required to revisit the issue of the defendants' outstanding discovery, while at the same time trying to resolve the defendants' discovery dispute with plaintiff without further Court intervention.

   8.  In their December 20, 2006, status report, these defendants represented to the Court that discovery was not complete. See Docket Entry #36. The defendants made efforts to obtain all necessary information to schedule plaintiff's expert's deposition and to complete all discovery within the prescribed period. The Christmas holiday schedule and the press of other business also contributed to the defendants' failure to more timely seek relief from this Court. Undersigned counsel was also busy trying to meet other discovery obligations in other assigned cases. Additionally, undersigned counsel was out of the office from December 26, 2006, to January 8, 2007.

   9.  On January 11, 2006, the parties appeared before this Court for a status conference. The defendants moved orally to reopen discovery, and asked for leave to file a written motion to reopen discovery.

   10.  These defendants now move for reconsideration of the Court's February 15, 2007, Order denying them the opportunity to complete much needed discovery. These defendants' failure to more timely seek to reopen discovery in order to depose

plaintiff's expert and to designate their expert was based on excusable neglect as set forth above. Moreover, plaintiff would not suffer any undue prejudice, while the District defendants would be severely prejudiced in two ways. First, the District defendants would have to proceed to trial or prepare their dispositive motion without the benefit of fully knowing and probing the opinions of plaintiff's expert. Second, the District defendants would be further prejudiced by preventing them from naming their own expert should it be necessary. Again, the litigation is not at a stage that would preclude plaintiff from being able to depose this expert, or that such a deposition would unduly delay the proceedings.

11. The court has not set a pre-trial date, has not set date for dispositive motions, has not conducted a post discovery status conference, nor has a trial date been scheduled. Indeed, even should the court elect to set such dates, these remaining discovery issues could be completed without disturbing the scheduled dates.

12. In determining whether the moving party has met its burden in showing excusable neglect, the court must consider:  1) the danger of prejudice to the other party; 2) the length of the delay and the potential impact on judicial proceedings; 3) the reason for the delay; and 4) whether the delay was in the control of the moving party. *Smith v. District of Columbia,* 430 F.3d 450, 457 n. 5, ,(D.C. Cir. 2005) *citing Pioneer Inv. Services Co. v. Brunswick Associates Lt'd.,* 507 U.S. 380, 388 (1993). All of the factors to be considered by this Court require that discovery be reopened in this litigation. Plaintiff will not suffer undue prejudice, and actually contributed to these defendants inability to satisfy their discovery obligations by the November 27, 2006, discovery close date. No pretrial, no status conference, nor trial date has been scheduled in this litigation,

and therefore, a reopening of discovery will not negatively impact this Court's schedule. Moreover, these defendants apprised this Court of their funding problems, and the status of discovery in their filings both prior to the close of discovery, and thereafter. See Docket Entries #22, 30, and 36. The length of these defendants' delay in seeking formal relief from this Court was not unreasonable based on the facts set forth above, including the notification to this Court of outstanding discovery issues, and is based on excusable neglect.

WHEREFORE, these defendants request that this Court vacate its February 15, 2007, Order and reopen discovery based on defendants' excusable neglect.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

_____
GEORGE E. RICKMAN [433298]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9840; (202) 727-6295

<u>7(m) CERTIFICATION</u>

I hereby certify that on March 7, 2007, the undersigned made efforts to contact Donna Rucker, Esq., counsel for plaintiff, regarding the herein-sought relief. The undersigned was unable to reach Ms. Rucker and this motion should therefore be treated as opposed.

_____
GEORGE E. RICKMAN [433298]
Assistant Attorney General