# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
## (Civil Division)

| | |
|---|---|
| SHANTE M. MOORE, )<br>  )<br>  Plaintiff, )<br>  )<br>  )<br>  v. )<br>DISTRICT OF COLUMBIA, et al. )<br>  )<br>  Defendants. )<br>  )<br>_____) | Case No. 1:05CV02020(PLF)(DAR) |

### AMENDED PLAINTIFF'S OPPOSITION TO DEFENDANTS DISTRICT OF COLUMBIA AND ELDORADO MILLS' MOTION TO ALTER OR AMEND THE COURT'S FEBRUARY 15, 2007, ORDER

**COMES NOW**, Plaintiff, Shante Moore, by and through her undersigned counsel, in opposition to the Defendants District of Columbia and Eldorado Mills' Motion to Alter or Amend the Court's February 15, 2007, Order, and is support therefor, states as follows:

1. Defendants seek reconsideration of this Honorable Court's Order dated February 15, 2007, but fail to present any evidence that would justify reconsideration.

2. Again, in their request for reconsideration, defendants' fail to articulate facts that would establish excusable neglect as required by Fed. R. Civ. P. (b)(2).

3. In its request for reconsideration Defendant's offer, for the first time, that they failed to schedule depose plaintiff expert due to "budgetary problems".  However, as the record will clearly show, defendants never sought to depose plaintiff expert within the October 31, 2006 extension the Court grated over plaintiff's objections.

4. The remaining arguments made by defendants are the same arguments presented to the Court on January 11, 2007, and in the initial Motion to Re-open Discovery filed subsequent to the January 11, 2007 hearing.

Defendants, in the instant Motion for Reconsideration to offer any evidence or explanation as to why it failed to timely identify its expert and articulate no basis that would justify extending time to do so.

**WHEREFORE,** based on the foregoing, plaintiff respectfully requests that this Honorable Court deny Defendants District of Columbia and Eldorado Mills' Motion to Alter or Amend the Court's February 15, 2007, Order, and grant such other and further relief as deemed just and proper.

    Respectfully submitted,
    DUBOFF & ASSOCIATES, CHARTERED

By: _____/s/_____
    Donna Williams Rucker, Esquire (#446713)
    8401 Colesville Road, Ste. 501 Silver Spring, Maryland 20910
    (301) 495-3131 Office
    (301) 587-1872 Facsimile

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)**

| | |
|---|---|
| SHANTE M. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vi. ) | Case No. 1:05CV02020(PLF)(DAR) |
| DISTRICT OF COLUMBIA, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANTS DISTRICT OF COLUMBIA
AND ELDORADO MILLS' MOTION TO ALTER OR AMEND THE COURT'S
FEBRUARY 15, 2007 ORDER**

Defendants seek reconsideration of this Honorable Court's Order dated February 15, 2007, but fail to present any evidence that would justify reconsideration. Moreover, defendants fail to articulate facts that would establish excusable neglect as required by Fed. R. Civ. P. (b)(2).

In this Motion for Reconsideration, defendants allege, for the first time, that "budgetary problems" prevented them from scheduling to depose plaintiff's expert. However, despite the fact this Court extended discovery until October 31, 2006, in deference to the budget problems articulated by defendants at the July 2006 hearing, defendants failed to schedule any deposition for plaintiff's expert within the October 31, 2006 discovery deadline. Moreover, as the record will show[1], plaintiff's counsel always challenged defendants' right to depose plaintiff's expert since the extension of the October 31, 2006, discovery deadline was by consent but only to allow defendants to take the depositions scheduled before October 31, 2006.[2] Defendants are incorrect in their assertion the Motion to extend discovery to November 27, 2006, was with partial consent from plaintiff. Defendants filed the motion to extend the

---

[1] Plaintiff Incorporates by reference the allegations and evidence in her Status Report filed with this Court on December 15, 2006. (Docket Entry #37).

[2] At Plaintiff's deposition set on November 15, 2006, Plaintiff Again reiterated her belief that defendant's were not entitled to depose plaintiff's expert. Discovery closed again on November 27, 2006, and defendants failed to file the motion its counsel claimed it would file regarding this issue.

3

October 31st deadline as a Consent Motion and there was no mention of any interest or intent to depose plaintiff's expert at the time consent was obtained.

Although defendants allege that plaintiff somehow affected their ability to schedule plaintiff's brother's deposition, the record shows that although the parties agreed on November 15, 2006, to depose plaintiff's brother later do to his work obligations that required him to travel, defendants never sought to set the deposition until moments before the Status Hearing held on January 11, 2007. January 31, 2007 was one of three dates provided. Defendant took plaintiff's brother's deposition on January 31, 2007.

Defendants make mention of the fact that "[d]iscovery in this matter closed on November 27, 2006", and "on December 6, 2006, this Court granted plaintiff's motion to compel discovery". However, defendants failed to note that plaintiff's motion to compel discovery was filed on November 13, 2006, prior to the November 27, 2006, discovery close date.

On December 15, 2006, the Parties were instructed to submit a Joint Status Report to the Court and, in addition to discovery, state when and whether dispositive motions will be filed, and advise the Court as to when pretrial should occur and how many days a trial will take. Defendants' filed its Status Report and plaintiff subsequently filed her Status Report. Defendants, however, failed to address the Court regarding dispositive motions, pretrial, nor does he state the expected length of trial. In her Status Report, filed December 2006, plaintiff advised that she was ready for a pretrial in this matter and that she did not anticipate filing a dispositive motion.

Arguably, at this juncture, this matter has not moved forward because defendants failed to advise the Court, as required, as to when a dispositive motion, if any would be filed, and/or regarding pretrial and the length of time trial will take.

Defendant's have failed to articulate any arguments that would satisfy Rule 6(b)(2) or justify this Honorable reversing its February 15, 2007 ruling. Budgetary problems did not cause defendants to fail to schedule plaintiff's expert deposition. Clearly, budgetary problems did not cause defendants to

fail to timely offered to justify its failure to timely identify an expert. Also, given the fact that the deadline for discovery has passed, defendants must present more than good cause to justify its request to re-open discovery.

Plaintiff will be greatly prejudiced by defendant's request to re-open discovery and seek to explore new theories after paper discovery and depositions have been completed based on the positions presently asserted by the parties in this case. This case has been pending for approximately two years and plaintiff's seeks closure. Moreover, as stated previously, plaintiff will suffer from the passage of time that may affect memory and the recollection of all parties and witnesses.

                                      Respectfully submitted,
                                      DUBOFF & ASSOCIATES, CHARTERED

By: _____/s/_____
       Donna Williams Rucker, Esquire (#446713)
       8401 Colesville Road, Ste. 501
       Silver Spring, Maryland 20910