# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHANTE MOORE,

    Plaintiff,

      v.

DISTRICT OF COLUMBIA, et al.,

    Defendants.

Civil Action No. 05-2020
PLF/DAR

## ORDER

By an order filed on February 15, 2007, the undersigned denied The Defendants District

of Columbia and Eldorado Mills' Contested Motion to Re-Open Discovery.  *See* February 15,

2007 Order (Document No. 42).  The undersigned's denial of the Defendants' motion–a motion

for enlargement of time in which to complete discovery, made after the expiration of the

prescribed time period–was predicated upon the finding that Defendants had failed to make the

showing of excusable neglect required by Rule 6(b)(2) of the Federal Rules of Civil Procedure.

*Id.* at 2-3.  By a motion filed on March 7, 2007, Defendants seek reconsideration, pursuant to

Rule 59(e) of the Federal Rules of Civil Procedure, of the undersigned's February 15, 2007

Order.  *See* Defendants District of Columbia and Eldorado [Mills'] Motion to Alter or Amend

the Court's February 15, 2007, Order (Document No. 43).  Plaintiff, in her opposition, submits

that Defendants again fail to articulate facts which would establish excusable neglect.  Amended

Plaintiff's Opposition to Defendants District of Columbia and Eldorado Mills' Motion to Alter or

Moore v. District of Columbia, et al.                                                                    2

Amend the Court's February 15, 2007 Order (Document No. 46) at 1.  Defendants did not file a

reply, and the prescribed time for doing so has passed.  The assigned United States District Judge

referred the motion to the undersigned "for resolution[.]"  April 11, 2007 Order (Document No.

48) at 1.

        Upon consideration of Defendants District of Columbia and Eldorado [Mills'] Motion to

Alter or Amend the Court's February 15, 2007, Order, Plaintiff's opposition thereto and the

entire record herein, Defendants' motion will be denied.


**DISCUSSION**

        Rule 59(e) of the Federal Rules of Civil Procedure permits a party to file a motion to alter

or amend "a judgment" no later than ten days after entry of judgment.  Fed.R.Civ.P. 59(e); *see,*

*e.g., Hooker-Robinson v. Rice,* Civ.A.No. 05-321, 2006 WL 2130652, at *1 (D.D.C. July 28,

2006).  However, the subject of Defendants' Rule 59(e) motion is not a judgment, but an order

denying a motion for enlargement of time in which to complete discovery.  The undersigned

finds that an order denying a motion for enlargement of time is not a "judgment" which the court

can alter or amend pursuant to Rule 59(e).  *See Lemmons v. Georgetown Univ. Hosp.,* Civ.A.No.

04-705, 2007 WL 619508 (D.D.C. Mar. 1, 2007) (citations and internal quotations omitted) (a

motion for relief from a judgment "applies only to final appealable orders, not interlocutory

orders[.]"); *Johnson v. Lewis,* Civ.A.No. 06-22, 2007 WL 106524, at * 1 n.2 (D.D.C. Jan. 12,

2007 ("Rule 59(e) permits motions for relief from only judgments and final appealable orders . . .

[.]"); *see also Reed v. Islamic Republic of Iran,* Civ.A.No. 03-2657, 2007 WL 1241868 (D.D.C.

Apr. 30, 2007) (citations omitted) ("The standard of review for interlocutory decisions differs

from the standards applied to final judgments under Federal Rules of Civil Procedure 59(e) and

Moore v. District of Columbia, et al.                                            3

60(b)."); *cf. Livingston Downs Racing Ass'n v. Jefferson Downs Corp.,* 259 F. Supp. 2d 471, 475-76 (M.D. La. 2002) ("Where . . . [a] motion to reconsider concerns only interlocutory rulings, the appropriate vehicle for making the motion is the Rule 54(b) grant of discretion to the district courts.").

In any event, Defendants filed their motion more than ten days from the entry of the order which is the subject of their motion. The undersigned filed the order denying Defendants' motion for extension of time on February 15, 2007. Ten days from February 15, 2007 is March 2, 2007. *Hooker-Robinson,* 2006 WL 2130652, at *1 (citations omitted) ("[S]ince 'the period prescribed [by Rule 59(e)] is less that 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.'"). However, Defendants did not file their Rule 59(e) motion until March 7, 2007, and their assertion that their motion "is being filed within the prescribed time period" ( Defendants' Motion to Alter or Amend at 1) therefore is erroneous.

Finally, the undersigned observes that Defendants, in their pending motion, rely upon the same proffer of circumstances on which they relied in their motion for enlargement of time. *Compare* Defendants' Motion to Alter or Amend at 2-3, *and* Memorandum of Points and Authorities in Support of the Defendants District of Columbia and Eldorado Mills' Contested Motion to Re-Open Discovery (Document No. 38) at 2-4. However, a Rule 59(e) motion "[is] 'not to be used to relitigate matters already argued and disposed of[.]'" *Long v. U.S. Dept. of Justice,* Civil Action Nos. 00-0211, 02-2467, 2007 WL 293508 (D.D.C. Feb. 2, 2007) (citations omitted); nor is such a motion "simply an opportunity to reargue facts and theories upon which the court has already ruled[.]'" *Smith v. Hope Village, Inc.,* Civ.A.No. 05-633, 2007 WL 1086572, at *7 (D.D.C. Apr. 12, 2007) (citations and internal quotations omitted). Rather, '[t]he primary reasons for

Moore v. District of Columbia, et al.                                                                    4

altering or amending a judgment pursuant to Rule 59(e) are an intervening change of controlling

law, the availability of new evidence, or the need to correct a clear error or prevent manifest

injustice." *Reed,* 2007 WL 1241868, at * 3 (citations omitted).  Defendants fail to address this

standard in their pending motion, and instead, focus entirely on the merits of the motion for

enlargement of time which the undersigned denied.  *See* Defendants' Motion to Alter or Amend at

4.


**CONCLUSION**

      For the foregoing reasons, the undersigned finds that Defendants' reliance upon Rule 59(e)

in support of their motion for reconsideration of an order denying a motion for enlargement of time

is misplaced; that in any event, Defendants filed the motion after the expiration of the time period

prescribed by the rule; and that they have not demonstrated, in accordance with the law of this

district, that they are entitled to the relief which they seek.  It is, therefore, this 15th day of May,

2007,

      **ORDERED** that Defendants District of Columbia and Eldorado [Mills'] Motion to Alter or

Amend the Court's February 15, 2007, Order is **DENIED.**


                                       /s/

                           DEBORAH A. ROBINSON
                           United States Magistrate Judge