IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANTE M. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-2020 (PLF/DMR) |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |

**THE DEFENDANTS DISTRICT FOR COLUMBIA AND
OFFICER ELDORADO MILLS' MOTION FOR SUMMARY JUDGMENT**

The defendants District of Columbia and Officer Eldorado Mills, ("District defendants"), by and through undersigned counsel and in accordance with Fed. R. Ci,v. P. 56, hereby move this court for entry of judgment in their favor. As reasons why this motion should be granted, these District defendants state the following:

1. Plaintiff failed to raise a material issue of fact to support any constitutional claims against the District of Columbia. Plaintiff failed to establish any pattern and practice or policy that directly and proximately resulted in the alleged harm. Further, plaintiff failed to raise a material issue of fact indicating any failure to train officers of the Metropolitan Police Department and that this failure was directly and proximately caused the alleged harm.

2. The existence of probable cause for an uncharged offense vitiates any civil liability for an arrest. Officer Mills had probable cause to arrest plaintiff for the uncharged offense of fleeing from a law enforcement officer, an arrestable offense.

3. No reasonable juror could conclude that the amount of force used to arrest plaintiff was unreasonable. As such, Officer Mills' use of force is privileged under

District of Columbia law, and the use of force was not unreasonable under the Fourth Amendment.

4. Plaintiff failed to raise a material fact issue to support her claim for negligent supervision as alleged in Count V of the complaint.

5. Plaintiff has not raised a material issue of the fact as to any claim of the intentional infliction of emotional distress.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, D.C.
        Civil Litigation Division

        /s/ Phillip A. Lattimore, III
        PHILLIP A. LATTIMORE, III [422968]
        Chief, General Litigation Section III
        Civil Litigation Division

        /s/ George E. Rickman
        GEORGE E. RICKMAN #433298
        Assistant Attorney General, D.C.
        General Litigation Section III
        Civil Litigation Division
        441 Fourth Street, Sixth Floor South
        Washington, D.C.  20001
        202-442-9840; 202-727-6295

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHANTE M. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-2020 (PLF/DMR) |
| | ) |
| DISTRICT OF COLUMBIA, et al. | ) |
| | ) |
| Defendants. | ) |

**STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE**

As material facts to which there is no genuine issue, the defendants District of Columbia and Eldorado Mills submit the following:

1. On October 12, 2004, at approximately 2:00 am, both plaintiff and Officer Eldorado Mills were at the intersection of 46th Street and Hillside Terrace in Southeast, Washington, D.C. Depo.of Eldorado Mills, Exh. A at 44:20.

2. Officer Eldorado Mills activated his emergency lights after he observed plaintiff run a stop sign. Depo. of Eldorado Mills, Exh. A at pp. 44:20-45:5.

3. Plaintiff did not stop her vehicle until she reached her home approximately 2 blocks away at 1108 Hillside Drive in Southeast, Washington, D.C. Depo. of Eldorado Mills,Exh A at 45:13-45:21.

4. Plaintiff exited her vehicle and noticed the marked police cruiser behind her with emergency lights on. Depo. of Shante Moore, Exh. B 60:13-19.

5. Officer Mills and plaintiff exchanged words when at some point Officer Mills informed her that she had run a stop sign. Shante Moore Depo. , Exh. B at 63:9-11.

6. The two approached the front door of 1108 Hillside Drive. Depo. of Eldorado Mills, Exh A at pp. 46:9 to 47:6.

7. Officer Mills placed plaintiff under arrest by taking her arm and placing her in handcuffs. Shante Moore Depo., Exh B at p. 65:15-21.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

/s/ Phillip A. Lattimore, III
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Section III
Civil Litigation Division

/s/ George E. Rickman
GEORGE E. RICKMAN #433298
Assistant Attorney General, D.C.
General Litigation Section III
Civil Litigation Division
441 Fourth Street, Sixth Floor South
Washington, D.C.  20001
202-442-9840; 202-727-6295

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANTE M. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-2020 (PLF/DMR) |
| | ) |
| DISTRICT OF COLUMBIA, et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE DEFENDANTS DISTRICT OF
COLUMBIA AND ELDORADO MILLS' MOTION FOR
SUMMARY JUDGMENT**

Preliminary Statement

Plaintiff, Shante Moore, alleges that on October 12, 2004, she was illegally detained and falsely arrested by defendant Eldorado Mills, an officer with the Metropolitan Police Department. In her complaint, plaintiff raises claims that the District and officer Mills violated her Fourth, Fifth and Fourteenth Amendment rights, that the she was arrested without probable cause, that Officer Mills assaulted and battered her, and that the actions of the officer caused the intentional infliction of emotional distress. *See* Pl.'s Complaint (generally). As based on the uncontroverted facts, the defendants must be awarded judgment as a matter of law as to plaintiff's constitutional claims, claims for assault and battery and false arrest.

In the early morning, approximately 2:00am, plaintiff was operating her vehicle at or near the intersection of 46th Street and Hillside Road in Southeast

Washington, D.C. Depo. of Eldorado Mills, Exh. A at p44:20-45:5. She was returning from work to her home that is located at 1108 Hillside Drive, S.E., approximately two blocks from the intersection. At the intersection, Officer Mills noticed the vehicle run a stop sign. He then activated his lights and proceeded to follow the vehicle. Depo. of Eldorado Mills, Exh. A at p44:20-45:5. The vehicle proceeded approximately two blocks to 1108 Hillside Terrace at which point the driver exited the vehicle and began walking to the front door of the house. Depo. of Eldorado Mills,Exh A at 45:13-45:21. During a verbal exchange, Officer Mills told the driver that she had run a stop sign and asked to see her driver's license and registration. Depo. of Eldorado Mills, Exh. A at pp. 46:10-47:6. Plaintiff continued to walk to the front door of the house. The two reached the front door in a brief amount of time. Depo. of Eldorado Mills,Exh A at 45:13-45:21.Once there, with plaintiff at his side, Officer Mills knocked on the door. Eventually, plaintiff's parents responded to the door. Depo. of Eldorado Mills, Exh. A at pp. 46:10-47:6.By this time, Officer Mills called for back-up. Plaintiff was arrested for failure to provide a valid driver's license.

## STANDARD TO BE APPLIED

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when:

> "…the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The mere existence of a factual dispute will not preclude summary judgment. Only factual disputes that may determine the outcome of a suit may effectively preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). To be a genuine fact, the assertion must be supported by sufficiently admissible evidence and

cannot be based on conclusory allegations, denials or opinions. *Crenshaw v. Georgetown University,* 23 F.Supp. 2d 11 (D.D.C. 1998).

   A.  <u>Plaintiff failed to raise a material issue of fact to support her claims that the District of Columbia violated her constitutional rights.</u>

Municipalities may be liable under Section 1983, when their final policymakers make a deliberate choice to follow a course of action that deprives an individual of any constitutional rights. See *Canton v. Harris,* 489 U.S. 378, 389, (1989); *Oklahoma City v. Tuttle,* 471 U.S. 808, 823, (1985). That deliberate choice must come in the form of an unconstitutional municipal policy or "persistent and widespread discriminatory practices." *Monell,* 436 U.S. at 691; *Tuttle,* 471 U.S. at 823-24. A single instance of unconstitutional activity unrelated to a municipal policy is insufficient to impose liability under *Monell*. *Id.; but see Pembauer v. City of Cincinnati* 475 U.S. 469 (1988) (single act related to policy made by final decision maker may provide basis for cause of action). A claim based on pattern, policy or custom must "…present concentrated, fully packed precisely delineated scenarios…" *Carter v. District of Columbia,* 795 F.2d 116, 125 (D.C. Cir. 1986). Custom, or pattern and practice, may be established by proof of knowledge and acquiescence," and must amount to a "…deliberate indifference towards the constitutional rights of those in its domain." *Deskalea v. District of Columbia,* 227 F.3d 433, 441 (D.C. Cir. 2000); *Cox v. District of Columbia,* 821 F. Supp. 1, 13 n.12 (D.D.C. 1993). Deliberate indifference is an "objective" determination based on whether the municipality either "…knew or should have known of the risk of constitutional violations." *Baker v. District of Columbia,* 326 F.3d 1302, 1307 (D.C. Cir. 2003).

In this case, plaintiff has neither pled nor raised a material issue of fact support any constitutional claim against the District. Plaintiff has not alleged or proffered

evidence that the District knew or should have known that the officers of the Metropolitan Police routinely engaged in unconstitutional conduct. Neither does plaintiff offer any evidence that any policy of the District was the moving force behind any alleged constitutional violation.

B. <u>Officer Mills possessed probable cause to arrest plaintiff for the failure to exhibit a valid permit. Judgment as a matter of law must therefore be awarded to defendant Eldorado Mills and the District of Columbia as to false arrest as well as any Fourth Amendment claim based on false arrest.[1]</u>

In claims of false arrest, if the officer at the time of the arrest had a reasonable good faith belief that his/ her conduct was lawful, then no valid claim will arise. In short, it is a complete defense to false arrest when the officer had a reasonable good faith belief that the suspect has committed or is committing a crime based on the facts and circumstances known to him. *See Gregory v. District of Columbia*, 408 A.2d 967, 969 (D.C. 1979)(citations omitted). Therefore, in order to prevail under a common law theory for false arrest against each named defendant, plaintiff must establish the unlawfulness of his arrest, and that the arrest was committed by the named defendant.

The uncontroverted evidence supports probable cause for the offense of fleeing a law enforcement officer in a motor vehicle. See D.C. Official Code § 50-2201.05b (2001 ed.).[2] While this was not the offense that plaintiff ultimately was charged with, a valid showing of probable cause for this offense vitiates any claim for civil liability on the theory proffered by plaintiff. *Davenpeck v. Alford,* 543 U.S. 146 (2004); *Trejo v. Perez,*

---

[1] The analysis for claims of common law false arrest is identical for claimed violations of the Fourth Amendment. *Dellums v. Powell,* 566 F.2d 167, 175 (D.C. Cir. 1977)
[2] This offense is punishable by a fine up to $1000.00, or 180 days imprisonment, or both. D.C. Official Code § 50-2201.05b (b)(1).

693 F.2d 482 (5th Cir. 1982) also see *Ehteredge v. District of Columbia,* 635 A.2d 908 (D.C. 1993).[3]

In this case, the uncontroverted evidence indicates that after seeing plaintiff run a stop sign, Officer Mills activated his emergency equipment in an effort to affect a stop of the vehicle. Plaintiff, however, failed to stop. After proceeding to her address, plaintiff then exited her vehicle at which time she admits that she noticed the officer and the marked vehicle. Despite being informed that she had rum a stop sign, plaintiff did not stop, and did not present the officer with a driver's license when requested to do so. Instead she proceeded to the front door of her home, only stopping once Officer Mills also reached the door of the house.

Plaintiff consistently declined to acknowledge Officer Mills' efforts to obtain her license. Instead, plaintiff made every effort to elude the officer, first by not stopping her vehicle after Officer Mills activated his emergency lights, and then by trying get into her house without stopping or providing Officer Mills with a valid permit. Based on the information that Officer Mills possessed at the time of arrest, Mills' had more than ample justification to arrest plaintiff.

C.  <u>Officer Mills' use of force was reasonable and therefore privileged under the law of the District of Columbia</u>

On a theory of common law assault predicated upon a claim of excessive force, an officer's use of force is privileged unless it is determined that the force used is excessive. *Etheredge v. District of Columbia,* 635 A.2d 908, 916 (D.C. 1993) *also see Jackson v. District of Columbia,* 412 A.2d 948 (D.C. 1980) The analysis under this

---

[3] Plaintiff raises these claims under the Fifth Amendment as well as the Fourth Amendment. All such claims are appropriately raised under the Fourth Amendment. See *Albright v. Oliver,* 510 U.S. 266 (1994).

theory is "…whether the officers actions are 'objectively reasonable in light of the facts and circumstances confronting them [at the time]." *District of Columbia v. Chinn,* 839 A.2d 701, 706 D.C. 2003); *Scott v. District of Columbia,* 101 F.3d 748, 759 (D.C. Cir. 1996). The reasonableness of the officer's actions is judged from the perspective of a reasonable officer on the scene. A motion for summary judgment can only be denied if after considering the facts from the record in a light most favorable to plaintiff, a reasonable juror could conclude that the unlawfulness is apparent to the degree required. Only then can summary judgment be denied.

In this case, and as based on the information known to Officer Mills at the time, after running a stop sign, Officer Mills activated his emergency lights. The driver did not stop and proceeded another two blocks. Upon exiting the vehicle, plaintiff again rebuffed Officer Mills' efforts to obtain identification and proceeded to the front door of her residence. At this point, Officer Mills took control of her arm, eventually placing her in handcuffs and seating her in the rear of his marked vehicle. See . Depo. of Shante Moore at p 65:15-21.

In *Martin v. Malhoyt,* 830 F.2d 237 (D.C. Cir 1987), plaintiff was arrested after fleeing the scene in his vehicle and again tried to exit the vehicle. The court concluded that based upon unfolding events, the officers use of force in which the officer grabbed plaintiff and threw him back into the car was reasonable as a matter of law. *Id* at 262.

In this case, there is no evidence of record that the officer's use of force escalated beyond the handcuffing of plaintiff and placing her in the vehicle. Plaintiff merely described three officers on the scene and testified that when she was reaching into her purse, Officer Mills grabbed her arm and placed her in handcuffs. She further claimed

that the officers bent her back over a railing before being escorted to the marked cruiser. Even if true, this followed plaintiff's failure to stop her vehicle after Officer Mills had activated his emergency lights, plaintiff's failure to stop and provide identification once she exited the vehicle, and the escalation of events once plaintiff's family became involved in the events. Moreover, plaintiff does not claim that she suffered any bruises, cuts, broken bones, or physical injury of any kind resulting from her arrest.

Under these circumstances, and from the perspective of a reasonable officer, no reasonable juror could conclude that any use of force was excessive. The officers simply kept plaintiff from entering her house and used the force necessary to secure her reasonable arrest. All actions, as based on plaintiff's testimony, were reasonable as a matter of law. Judgment as a matter of law must therefore be awarded to defendants Eldorado Mills and the District of Columbia as to any claims of assault and battery.[4]

D.  The Defendant District of Columbia is entitled to summary judgment on plaintiff's claim for negligent supervision as alleged in Count V of the complaint.

a) In order for plaintiff to prove a claim of negligent supervision, a theory of direct liability against the District, plaintiff must show that the District either knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that, armed with the actual or constructive knowledge, failed to adequately supervise this employee. *Phelan v. City of Mt. Ranier,* 805 A.2d 930, 937-38 (D.C. 2002). Moreover, in any negligence claim against an employer, when intervening criminal conduct is the causation of an alleged harm and "...should have been reasonably anticipated and protected against…the law requires that the foreseeability of the risk be

---

[4] Plaintiff again raises excessive force claims under the Fifth Amendment. All such claims are appropriately raised under the Fourth Amendment. See *Albright v. Oliver,* 510 U.S. 266 (1994).

more precisely shown." *Boykin v. District of Columbia,* 484 A.2d 560, 566 (D.C. 1984); *Lacy v. District of Columbia,* 424 A.2d 317, 323 (D.C. 1980)[5]; *also see St. Paul Fire & Marine Ins. Co. v. James G. Davis Constr. Corp.*, 350 A.2d 751, 752 (1976); *see also, Clement v. Peoples Drug Store, Inc.,* 634 A.2d 425 (D.C. 1993), and *McKethean v. WMATA*, 588 A.2d. 708, 716-18 (D.C. 1991) (holding criminal acts are of "extraordinary nature" and a more "heightened showing of foreseeability" is required). Nothing in the record suggests that the District had any basis to apprehend a risk of danger as based on the conduct of Officer Mills.

. The complained of conduct, on its face, is criminal in nature. In this case, plaintiff claims that following her arrest, Officer Mills took a protracted route to return the Sixth District for processing. During the transport, plaintiff further alleges that Officer Mills stopped the vehicle by a park and began speaking on his cell phone, making untoward remarks about the arrest of plaintiff

The District had neither actual nor constructive knowledge that Officer Mills, even if proven, was likely to act in the manner alleged by plaintiff. Nothing in his disciplinary file provided any notice that Officer Mills might act in the manner as alleged by plaintiff. In his deposition, Officer testified as follows as to any disciplinary actions taken against his by the Metropolitan Police Department prior to the complained of events:

```
18        BY MS. RUCKER:
19    Q.  So the question, Mr. Mills, have you
```

---

[5] In *Lacy v. District of Columbia*, 424 A.2d 317, 323 (D.C. 1980), a mother, on behalf of her daughter, brought a negligence action against the District of Columbia for damages caused by a school janitor's sexual assault on the daughter. The Court ruled in favor of the District as Lacy failed to show that the District knew or should have known that the sexual assault would occur.

```
       20   ever been disciplined, that information that we have
       21   that you've looked at would be as far as you were
       22   concerned the disciplinary action you can recall?
0037
        1   A.   Can you repeat that?
        2   Q.   Sure.  Let me just ask the question,
        3   have you ever been disciplined by the Police
        4   Department?
        5   A.   Yeah.
        6   Q.   Okay, and for what matters?
        7   A.   Court.
        8   Q.   And when you say Court, I think you
        9   touched on this last time, is that not showing up
       10   for a Court hearing?
       11   A.   Yeah.
       12   Q.   Okay.  Anything else?
       13   A.   That's all I can think of at this time.
       14   Q.   And I think you mentioned that what
       15   this, tell me what the incident was where you didn't
       16   show up, what was the matter that you were due in
       17   Court for, do you recall?
       18   A.   I don't recall.
       19   Q.   And do you know about when that was?
       20   A.   No, I don't.
       21   Q.   Are you aware of any other disciplinary
       22   action besides you not showing up in Court taken
0038
        1   against you by the Police Department?
        2   A.   That's all I can think of at this time.
```

b) Further, plaintiff failed to identify an expert in the area of personnel policies and the retention of officers, an area beyond the ken of the average juror. Plaintiff has identified Robert Klotz as her expert witness. *Holder v. District of Columbia,* 700 A.2d 738, 741 (D.C. 1997); *Etheredge v. District of Columbia,* 635 A.2d 908, 919 (D.C. 1995). The expert report that was filed with the court, however, does not express any opinion as to whether given what the District knew of Officer Mills, it would have violated a national standard of care to take other means to supervise or to otherwise not retain him as a patrol officer. See Plaintiff;s Fed. R.Civ. P. 26 (a)(2) Statement, Docket

Entry #19, dated June 19, 2006. As such, judgment as a matter of law must be awarded to the District of Columbia for any claim of negligent supervision.

As such, judgment as a matter of law must be awarded to the District of Columbia as to Count V of the complaint.

E. <u>The defendants are entitled to summary judgment on the claim of the intentional infliction of emotional distress.</u>

In order to prove intentional infliction of emotional distress, plaintiff must prove that the officer's conduct was so "extreme and outrageous" that either intentionally and recklessly causes extreme emotional distress. *Jackson v. District of Columbia,* 412 A.2d 948, 955 (D.C. 1980).

In this case, plaintiff failed to raise a material issue of fact as to unreasonableness of the arrest or the circumstances leading up to the arrest, and those that followed were in any way outrageous. Secondly, plaintiff failed to raise material issue of fact that the distress she suffered was in any way extreme. In her interrogatory response, plaintiff simply states that she feared for her safety, but does not detail any long or lasting effects. See Interrogatory Responses of Shante Moore, attached hereto as Exh. D at Question 18. On this basis, judgment must be awarded to the District.

      Respectfully submitted,

      LINDA SINGER
      Attorney General for the District of Columbia

      GEORGE C. VALENTINE
      Deputy Attorney General, D.C.
      Civil Litigation Division

      /s/ Phillip A. Lattimore, III
      PHILLIP A. LATTIMORE, III [422968]
      Chief, General Litigation Section III
      Civil Litigation Division

/s/ George E. Rickman
GEORGE E. RICKMAN #433298
Assistant Attorney General, D.C.
General Litigation Section III
Civil Litigation Division
441 Fourth Street, Sixth Floor South
Washington, D.C.  20001
202-442-9840; 202-727-6295