IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHANTE M. MOORE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: 05-2020 (PLF/DMR) |
| | * | |
| DISTRICT OF COLUMBIA, et. al., | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S OPPOSITION TO THE DEFENDANTS DISTRICT OF COLUMBIA AND OFFICER ELDORADO MILLS' MOTION FOR SUMMARY JUDGMENT**

# Exhibit 6

# Plaintiff Shante Moore's Answers to Interrogatories

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

SHANTE MOORE,                    :

    Plaintiff,                   :

v.                               :    Civil Action No. 05-2020

THE DISTRICT OF COLUMBIA, *et al.*,  :

    Defendants.                  :

---

## PLAINTIFF'S ANSWERS TO DEFENDANT DISTRICT OF COLUMBIA AND ELDORADO MILLS' FIRST SET OF INTERROGATORIES

To:   District of Columbia and Eldorado Mills
       c/o George Rickman, Esq.
       441 4th Street, N.W.
       Washington, D.C.

From: Shante Moore

1. State your full name, residence addresses since age 18, date and place of birth, social security number, driver's license number, all names by which you have been known, and the reasons for the name changes.

   **ANSWER:** Shante Monique Moore, 1108 44th Place SE, Washington DC 20019, 03-02-1981, Washington DC, 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, 579138088, NA

2. Give the name and address of your present spouse, the date and place of your marriage, the names and addresses of each previous spouse, the state and county where the divorce action was brought, the date upon which the divorce was granted, and the names, dates of birth, and addresses of your children, whether or not grown.

   **ANSWER:** Single and never been married

3. Summarize your educational background, beginning with high school, and for each institution, secondary school, college, university, vocational school, or specialized training attended, list the dates of attendance, and the diploma, degree, or certificate received, and whether you were

1

disciplined for any reason, including but not limited to acts involving alleged dishonesty.

**ANSWER:** Objection. This interrogatory requests irrelevant information. Without waiver, Penn Center June 1996 GED, Strayer University, Washington DC 2005-Present.

4. Describe your participation in the armed forces, the dates of service, branch, where you were stationed, rank at discharge, nature and reason for discharge, whether you received benefits for any injuries, armed services number, and veterans claim or "C" number.

**ANSWER:** Objection. Without Waiver, none.

5. Specify all of your past contacts with police officers, sheriffs deputies, and other law enforcement agencies, whether favorable or unfavorable, including but not limited to motor vehicle stops, detentions, calls for service, investigations, domestic disturbances, arrests, and convictions.

**ANSWER:** Objection. This Interrogatory is vague as to contacts, overbroad and unduly burdensome. Without waiver of the stated objections, plaintiff refers the defendant to her contact with defendant mills, referenced in her complaint.

6. List your entire employment history since age 18 and other income producing activity in chronological order, with the full name, address and telephone number of each employer or other business relationship, your duties and responsibilities, average weekly wages or earnings, whether a physical examination was required, whether you made an application for worker's compensation or disability, the name of your foreman or supervisor, whether you were disciplined for any reason, and the reason each employment or other business relationship was terminated.

**ANSWER:** Objection. This interrogatory is overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence, and it also requests irrelevant information. Without waiver: Digital Net (Acquisition Administrative Assistant)
December 2003 - August 2004 - Responsible for filing and processing requisitions for government facilities as well as created spreadsheets and provided secretarial assistance as needed. I made $12.50 per hour. The company folded and as a result, I was let go. My manager was Sheron Henry and she can be reached at 202-607-0085.

CACT, Inc. (Document Coder/Data Entry) May 2003 - November 2003

Responsible for reviewing and preparing case files for litigation for the Department of Justice. I made $12.58 per hour when I started and when left I was making $14.77 per hour. This was a temporary position. My manager was Michelle Kenzick and she can be reached at 202-463-2278.

SunTrust Bank (Teller) August 2002 – January 2003 - Responsible for opening and closing the branch; responsible for auditing the vault, ATM machine, and other tellers; assisted customers in opening and closing accounts as well as issuing cashier's checks, money orders, and travelers checks; responsible for processing the night deposit box as well as balancing the vault and ATM machine on a weekly basis; other duties as assigned. I made $10.00 per hour. My manager was Rhonda Daniels and she can be reached at 301-341-2618. I left to take care of my grandfather.

Marlow Heights Service Center (Teller) May 2002- August 2002 - Responsible for opening and closing the branch, assisting customers and issuing cashier's checks, money orders, and travelers checks. I made $8.56 per hour. Since this was a part-time position, I left to work full-time at SunTrust. I don't remember my manager but you can contact Human resources at this number, 301-423-1391.

D.C. Superior Court (Mail/File Clerk) November 2000- May 2002 - Responsible for sorting and delivering courthouse mail; also responsible for driving to several postal facilities in the DC/Metro area processing various "in house" and "out house" requests; sorted, prepped and filed motions; retrieved and delivered case files in a timely and efficient; other duties as assigned. I made $11.00 when I started and $13.00 when I left. My manager was Deborah Bailey and she can be reached at 202-879-4747.

Rio Grande Cafe (Hostess) August 2000-January 2001- Responsible for opening and closing the facilities; greeted and seated the guests in a friendly and professional manner; maintained an organized wait sheet. I made $8.50 per hour. My manager was Jennifer Hernandez and she can be reached at 703-528-3131.

Riggs Bank (Teller) January 2000- November 2000 - Responsible for opening and closing the branch; responsible for auditing the vault, ATM machine, and other tellers; assisted customers in opening and closing accounts as well as issuing cashier's checks, money orders, and travelers checks; responsible for processing the night deposit box as well as balancing the vault and ATM machine on a weekly basis; other duties as assigned. I made $9.00 per hour. My manager was Jamila Coleman. I do not have a working number for her at this time. The Human Resources number is 888-762-2265.

7. Provide your complete medical history prior to the incident described in your lawsuit, including the names, addresses and telephone number of your regular primary care physician; the name, address, telephone number of your health insurance carrier; the name, address, and telephone number of all hospitals where you were an in or outpatient, and the reasons for the hospitalization; and all illnesses or injuries you suffered prior to the incident, specifying each that you had not fully recovered from prior to the incident.

**ANSWER**: Objection, this Interrogatory is vague and overbroad as it request plaintiff to address her medical history since birth; it is unduly burdensome, and not likely to lead to the discovery of admissible evidence, and seeks information protected by the Privacy Act.

8. State your complete psychological history prior to the incident described in your lawsuit, including the name, address and telephone number of all the therapists and counselors who have treated or examined you, the names, address and telephone numbers of all hospitals, rehabilitation facilities or clinics and the nature of the service provided, and any illnesses or conditions, including drug and alcohol dependency, for which you have received treatment or counseling and the dates thereof.

**ANSWER**: See answer to Interrogatory No. 7.

9. Give your work schedule, physical, social and other activities for 24 hours before the incident, including the name, address and telephone numbers of all individuals who were with you, when you had gone to bed and arisen, how much alcohol you consumed, and whether you took any prescription or non-prescription medications or drugs, their names and the quantity or dosage.

**ANSWER**: Objection, This Interrogatory is vague, overbroad and unduly burdensome, and not likely to lead to admissible evidence. Without waiver, I went to bed; I woke up and was in the house; I went to the Excalibur at approximately 7:00 p.m. to sing, I left the Excalibur approximately 30 minutes before the incident in this case; I did not have any alcoholic beverage and I did not take any medication.

10. Narrate in your own words and in full, complete and accurate details of the incident described in your lawsuit, including exactly (or if you cannot recall the substance of) what you and each other person

4

who was present said and did.

**ANSWER:** Objection. This Interrogatory is vague, overbroad and unduly burdensome. Without waiver, plaintiff's Complaint in this case appears to answer this Interrogatory.

11. Identify by name, address and telephone number (or describe if the identity is unknown), each law enforcement officer (with badge number), companion or associate of yours, and uninvolved witness on the scene, and furnish the exact words (or if you cannot recall the substance of statements made) and actions taken by each such witness shortly before, during and after the incident.

**ANSWER:** Objection. This Interrogatory is vague and confusing. Without waiver, none know to plaintiff at this time besides officer Mills; he is able to identify the other officers.

12. If you claim false arrest, detention or confinement, describe each act or omission which forms the basis of the claim; each law enforcement officer involved; the reasons given for your arrest, detention or confinement and charges made at the scene; the reasons given and charges brought subsequently if different from those made at the scene; the nature of your confinement and the limitations on your movement, e.g. in police cruiser, handcuffs, police station, jail cell; the time, date and place of release and the conditions placed thereon.

**ANSWER:** Objection. This interrogatory is vague, overbroad and unduly burdensome. Also, this Interrogatory asks multiple questions and will be addressed separately as if responsive to a separate Interrogatory for the five subparts as follows:

#12). As regards claim of false arrest - I was detained in front of my home, placed in handcuffs, confined in a police cruiser and not free to leave.

#13). As regards the identity of the officers – the District has failed to provide this in its answers to discovery served by my attorney, and the officers at the scene failed to identify themselves despite many requests.

#14). As regards the reasons given for the Charge – I was never told at the scene what the charge except that I was supposed to have ran a stop sign.

5

#15). As regards charges made subsequently – I was later told that I was charged with fleeing.

#16). As regards the nature of my confinement – I was confined at my home for more than one half hour, I was held overnight in a jail cell.

13. If you claim, identify each police officer directly involved, and with respect to each, list each act that constituted excessive force, the implements of force used and by whom, why you believe the force was excessive, and what amount of force you contend would have been reasonable and appropriate under the circumstances.

**ANSWER: This Interrogatory is actually Interrogatory #17 –**

Objection. This Interrogatory is vague, and overbroad. Without waiver, I do not know the identity of the officers beside officer Mills because they refused to identity themselves when I asked. Also, my attorney has asked the District of Columbia to provide answers to discovery requests that would reveal the identity of the officers present. But to date, the District of Columbia has refused to provide the needed information apparently in an effort to protect the identify of the officers at the scene. Please see my complaint as to the actions that were taken that were excessive. I do not believe there was a need for force based on the facts in this case. I believe there was no need to even arrest me and the fact that there were about 6 men at my home and no women arresting me was uncalled for.

14. Specify any violation, motor vehicle, or criminal charges brought or threatened against you in connection with the events which form the basis of your complaint, including whether, when and where they were presented to a grand jury, whether, when and in what court the charges were heard and their disposition, i.e., whether not pressed, a guilty plea, a trial and finding of guilty, and any sentence and fine imposed.

**ANSWER: This Interrogatory is actually No. 18.**

Objection. This Interrogatory is vague and confusing. Without waiver, I know that charges were brought but the judge dismissed the case.

15. If you contend that any police officer who was not on the scene of the incident, any other public official, or a municipal policy, custom, practice, or procedure caused or contributed to cause your

injuries, identify each decision, act or omission that you allege fixes liability; each decision maker involved; and the law, regulation, directive, practice or procedure that was employed in derogation of your rights.

**ANSWER: This Interrogatory is actually No. 19.**

Objection. This Interrogatory is vague, and confusing, and appears to seek attorney work product.

16.  If you claim a third party (i.e., not an employee of or the municipal agency) caused or contributed to cause your injuries, detail the acts or omissions that the third party committed, and, if suit was brought, state its status, and, if suit was not brought, the reasons therefore.

**ANSWER: This Interrogatory is actually No. 20.**

Plaintiff is unable to answer this Interrogatory at this time. This will be supplemented after plaintiff receives responses to discovery served on the District of Columbia.

17.  Provide a complete medical history subsequent to the incident, including any hospitalizations, injuries, and illnesses that you do not relate to the incident; a description of the injuries you did receive in the incident; the diagnostic tests given, where given, and the results; the course of treatment; the names, addresses, and telephone numbers of emergency rooms, hospitals, and clinics where you were an in or out patient and the dates of treatment; the names, addresses, and telephone numbers of all physicians, osteopaths, chiropractors, physical therapists and other health care providers who examined, treated and cared for you, and the dates of service; and the names of all medications taken and the specific purpose for taking them.

**ANSWER: This Interrogatory is actually No. 21.**

Objection. This Interrogatory is overbroad and unduly burdensome, request information not likely to lead to admissible evidence, and requests information that violates the Privacy Act. Without waiver, this experience was a nightmare and caused me great mental distress. I was embarrassed and humiliated by the whole process, and I received a small bruise to my arm from the police that arrested me.

18.  Chronicle your recovery, including when you experienced pain and discomfort

with respect to each injury complained of; the period of time you were unable to perform particular activities around the house and at work, specifying any you say you still cannot perform satisfactorily and all persons who have knowledge thereof; and when you reached a medical endpoint with respect to each injury, indicating which you contend are permanent and providing any medical evidence in your custody or control of the percentage of permanent disability.

**ANSWER: This Interrogatory is actually No. 22.**

Objection. This Interrogatory is vague, and overbroad. Without waiver, I will always remember this incident. I am still haunted by; I just did not understand why it happened to me. I thought I was going to be killed when I was in the back of the police car. The bruise on my arm has healed.

19. List in detail any psychological examinations, care or treatment you have received which you attribute to the incident, the name, address and telephone number of each therapist, psychologist, counselor or the like, results of any tests, diagnosis, course and dates of treatment, course of treatment, date you reached an endpoint, and when and whether you have been released from care.

**ANSWER: This Interrogatory is actually No. 23.**

Objection. This Interrogatory seeks information covered by the Privacy Act. Without waiver, I didn't receive any professional psychological treatment.

20. Describe your employment since the incident, the dates you intend to show you were fully disabled from work, the dates you were partially disabled from work, your lost wages and any change in job assignment because of the disability, any claims for future lost earnings and earning capacity, and the names, addresses and telephone numbers of all persons having personal knowledge of these losses.

**ANSWER: This Interrogatory is actually No. 24.** I was unable to get certain clearances to even interview for certain jobs. Since that incident I haven't been able to get a job.

21. Itemize all medical, hospital, doctor, physical therapy, health care provider and counseling bills and expenses, lost wages and earnings, and any other past or future losses, expenses, and other out-of-

pocket payments attributable to the event.

**ANSWER: This Interrogatory is actually No. 25.** Objection. This request is overbroad and unduly burdensome. Without waiver, plaintiff will have to supplement this answer.

22. State whether you, your attorneys, or anyone acting on your behalf have taken any oral or written statements, have in their possession, or know of the existence of any such statements by you or anyone else claiming to have knowledge of the facts concerning the incident complained of, and, if so, state the name, address and telephone number of each such person, and the location and custodian of each such statement.

**ANSWER: This Interrogatory is actually No. 26.** My attorney Donna Williams Rucker has a tape of the incident that occurred at my home on the night of the incident.

23. Specify the name, address and qualifications of all witnesses that you expect to call as an expert witness at trial, the subject matter on which the expert is expected to testify, and the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER: This Interrogatory is actually No. 27.** Expert that plaintiff may call is Robert Klotz. This Expert has not yet been retained.

24. What records, reports, statements, tapes, documents, policies, procedures, handbooks, photographs, drawings, sketches, plans, blueprints, x-rays, and invoices are in the custody or control of you or your attorney relating to the subject matter of this lawsuit?

**ANSWER: This Interrogatory is actually No. 28.**

See the Answer to Interrogatory no. 26 (marked by defendants as Interrogatory No. 22).

25. If you are claiming permanent injury as a result of the incident, state the nature of injury, the permanency, how and what activities are affected by this permanence, the name, address and phone number of the diagnosing physician.

**ANSWER: This Interrogatory is actually No. 29.**
See answer to Interrogatory No. 22 (defendant's No. 18).

I DO SOLEMNLY SWEAR AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE ABOVE INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_____
Shante Moore

Subscribed and sworn to before me this 3rd day of MAY, 2006 a Notary Public in and for the State of Maryland.

_____
Notary Public

SUSAN DuBOFF
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires September 1, 2008

Respectfully submitted,
DuBOFF & ASSOCIATES, CHARTERED

By: _____
Donna Williams Rucker, #446713
DuBOFF & ASSOCIATES, CHARTERED
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910
(301) 495-3131