IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANTE M. MOORE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No.: 05-2020 (PLF/DMR) |
| | * |
| DISTRICT OF COLUMBIA, et. al., | * |
| | * |
| Defendants. | * |

<u>PLAINTIFF'S OPPOSITION TO THE DEFENDANTS DISTRICT OF COLUMBIA AND
OFFICER ELDORADO MILLS' MOTION FOR SUMMARY JUDGMENT</u>

# Exhibit 7

# Robert Klotz – Expert Report

# ROBERT W. KLOTZ
## CONSULTANT

| | |
|---|---|
| 59 Pigeon Hill Street | 3210 Havenwood Court |
| Rockport, Massachusetts 01966 | Edgewater, Maryland 21037 |
| (978) 546-2716 | (410) 798-6868 |
| (978) 546-7506 Fax. | (410) 798-0371 Fax. |

May 15, 2006

Ms. Donna Williams Rucker, Esquire
DuBoff & Associates, Chtd.
8401 Colesville Road
Suite 501
Silver Spring, Maryland 20910-3349

Dear Attorney Rucker:

    The following preliminary report is submitted in compliance with Rule 26(a)(2) of the Federal Rules of Civil Procedure.

    My background and experience are contained in my resume which is enclosed as Attachment #1 to this report. The resume also contains articles that I have authored over the past ten years.

    My fees for work performed is contained in my Fee Schedule which is enclosed as Attachment #2 to this report.

    A list of cases in which I have ben deposed, testified in court, or both in the past four years is enclosed as Attachment #3 to this report.

    A list of materials that I am relying on, as of this date, for my opinions is enclosed as Attachment #4 to this report.

    You have requested that I review those materials currently available, as noted in Attachment #4, regarding the incident involving your client, Ms. Shante M. Moore (hereafter, Moore) and members of the Metropolitan Police Department on October 12, 2004. You requested that I offer an opinion(s) regarding this incident. Due to the dearth of materials currently available, including the District's "Objections to Plaintiffs First Set Of Interrogatories" and its "Objections To Plaintiff's First Set of Requests For Production of Documents And Tangible Evidence" in which they object to providing requested information, any opinions will have to be very preliminary in nature and based solely on the Plaintiff's version of what transpired. Obviously any opinions expressed are subject to amendment and/or revision, when and if, more materials become available.

### The Event

Ms. Moore, in the "Complaint For Damages And Equitable Relief" states that during the early morning hours of October 12, 2004 while operating her auto in the area of 46th and Hillside Road S.E., Washington, D.C. She observed a marked Metropolitan Police vehicle, the driver of which made a 'kissing gesture toward her. This driver was later identified as officer Eldorado Mills (hereafter, Mills). She then observed a police car pull up at her driveway, and the officer turn on the vehicle's emergency lights. She states the operator of the police car, Mills, exited the vehicle, called her a "Bitch" and said she was going to jail. Ms. Moore says as she attempted to go to the house to get her Father, Mills grabbed her, threw her against a railing, and then began knocking on the door. Mills then requested from those family members inside the home to tell Moore to give him her operator's license. The officer called for backup, and shortly thereafter, a number of officers, including a sergeant, appeared at this location. Moore states she then was grabbed, handcuffed and placed in the back of Mills' police car. She was driven by Mills to, what she describes, as a secluded wooded area. After some period of time, she was taken to the police station, She was then charged with fleeing from police and failing to obey a stop sign. She was then incarcerated for the night.

Ms. Moore's Complaint alleges Constitutional Violations of the 4,5, 14 Amendments; False Arrest and Imprisonment; Assault and Battery; Intentional Infliction of Emotional Distress; and Negligent Supervision and Respondeat Superior.

### Discussion & Analysis

It appears from a reading of the Complaint, that the Plaintiff acknowledges observing a police car in the area of her home but asserts she was not given any indication that she was to pull over for a traffic stop. She merely asserts the office made a 'kissing' gesture toward her. From statements she attributes to the officer, and the charges later filed, it appears the officer felt she fled from him after failing to stop for a stop sign. According to the Plaintiff, the officer did not engage his emergency lights until after he stopped his vehicle across the driveway of her home and never asked her for her operator's permit. Ms. Moore then states the officer called her a 'bitch' and physically restrained her, claiming she would not show him her drivers license. It is unknown how much time was spent at the scene. Moore estimates that after handcuffing, she spent 15 minutes in the back of the police car at the scene. Moore claims that she was then driven from the scene, but not directly to the police facility but to a secluded, wooded area where she was again berated by Mills for some time before finally being taken to the police station, where she was charged, incarcerated and taken to court that morning before being released. As the District Government has, as of this date, not released any police reports, documents or other memoranda regarding this event, it is impossible to ascertain what is officer Mills version of these events.

Police departments generally, and the Metropolitan Police Department specifically, retain records of the type that would be helpful in determining the officer's version of what transpired

2

on this date. There are records kept as to radio transmissions by Mills, a log of assignments that night giving time out of service and then back in service regarding this event. Copies of any reports, violation notices and records of other officers/officials who responded to the scene of this event. If, in fact, Mills did not report to court for any scheduled hearing or trial on the traffic charges he placed, a record of this and any investigation as to why he failed to appear would also be kept. It is a required practice in most police agencies that when an officer is transporting someone of the opposite sex from the scene of an arrest to a police facility, the radio dispatcher is notified of the time, and mileage at the beginning of the transport and again upon arrival at the facility. These types of contemporaneous report are important to ascertain the official department's record of what has taken place.

When viewing the events solely as described by Moore, it would appear that Mills upon approaching Moore at her residence, used rude language toward her and utilized inappropriate and unnecessary force in taking her into custody. It would also appear that Mills acted inappropriately by taking Moore to a secluded area rather than directly to the police facility for processing.

The use of unnecessary and excessive force, rude and inappropriate conduct when dealings with citizens, and failing to directly take a person under arrest to a police facility for processing are all violations of national and local police standards for these activities.

Therefore, it is my initial opinion that when viewing this from Moore's version events, Mills actions were contrary to national and local police standards. No reasonable, trained police officer would believe these actions to be proper.

I specifically reserve the right to alter, amend or expand on this opinion, should other materials be made available to me for review and evaluation.

Submitted by:

Robert W. Klotz
Consultant

Attachments: As noted in the body of this report.

3