THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANTE M. MOORE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No: 05-2020 (PLF/DMR) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |

**THE DEFENDANTS ELDORADO MILLS AND THE DISTRICT OF COLUMBIA'S AMENDED REPLY TO PLAINTIFF'S OPPOSITION TO THE DEFENDANTS'MOTION FOR SUMMARY JUDGMENT**

In reply to plaintiff's oppsoition to the defendants Eldorado Mills and the District of Columbia (collectively"District defendants") motion for summary judgemnt, these defendants state the following:

A)  Plaintiff failed to raise any material issue of fact supporting any constitutional claim against the District.of Columbia ("District"). In order to maintain a constitutional claim against the District, plaintiff must allege facts tending to show a pattern and practice of unconsitutional conduct from which a reasonable trier of fact could infer that an unconstitutional policy existed and was the moving force behind the claimed act.

Instead, plaintiff argues that because plaintiff was vested with the authority to make arrests, and or to make decisions on the street, somehow a policy of the District was implicated. Beyond this scant point which is unsupported by any legal authority, plaintiff fails to raise a minimum of evidence showing that it was the policy of the District to have officers conduct unlawful arrests and or seizures. In short, the authority to arrest does not provide a basis for municipal liability.

1

Further, plaintiff's claims that a prior complaint to the Civilian Complaint Review Board was sufficient to put the District on notice is equally specious. Mr. Klotz's Fed. R. Civ. P. 26(a)(2) report makes no mention or gives any opinion regarding these allegations, and makes no reference that this single complaint that was found to be unsupported provided any notice to the District that any of the alleged concuct was foreseeable. See "Robert Klotz Resport" attached hereto as Exh.A. In short, plaintiff cannot maintain any constitutional claims against the District.

B)   Officer Mills clearly possessed probable cause to arrest plaintiff. It remains uncontroverted that while plaintiff claims she never knew Officer Mills had activated his lights in an effort to stop plaintiff for running a stop sign. Once she reached her destination, only then did she notice a marked police cruiser behind her with its emergency equipment acitvated. It is equally uncontroverted that at the time just preceding the arrest of plaintiff, Officer Mills made efforts to stop plaintiff by activating his emergency equipment. At this point, and in the words of Officer Mills, he "got" no response. Standing alone, this provided the basis for plaintiff's arrest as based on probable cause for the charge of fleeing an officer while operating a motor vehicle, an offense punishable by 180 days in jail, $1000 fine, or both. D.C. Official Code § 50-2201.05b (b)(1).

Plaintiff's assertions that because plaintiff made no furtive gestures, or that Officer Mills did not fear for his safety, have no bearing on the determination of probable cause. Further, and as argued in the defendants' motion for summary judgment, if an offense is committed in the officer's presence, but is not preliminarily charged, probable cause nonetheless exists. *Davenpeck v. Alford,* 543 U.S. 146 (2004); *Trejo v.*

*Perez,* 693 F.2d 482 (5th Cir. 1982) also see *Etheredge v. District of Columbia,* 635 A.2d 908 (D.C. 1993). In short, plaintiff has failed to raise any evidence supporting her claim that Officer Mills falsely arrested her and/or illegally seized her, thereby violating her constitutional rights.

      C)      The amount of force used by Officer Mills in placing plaintiff under arrest was reasonable as a matter of law. Under the standard of objective reasonableness, officers are entitled to use some degree of physical coercion or threat thereof during the course of an arrest. *Saucier v. Katz,* 533 U.S. 194, 202 (2001). As such, not every push or shove, even if later deemed unreasonable, violates the Fourth Amendment. *Rogala v. District of Columbia,* 161 F.3d 44, 54 (D.C. Cir. 1998).

      In this case, the acts clearly support the conclusion that the use of force described by plaintiff was clearly reasonable. After approaching plaintiff once the two arrived at plaintiff's residence, Officer Mills made efforts to obtain plaintiff's driver's license. Mills did not physically arrest plaintiff until she was near the door of the house. At this point, back-up officers arrived, and Officer Mills placed plaintiff in handcuffs after, according to plaintiff, she was forced back over the porch railing. Nothing in this record raises an inference of excessive force.

      D)      Plaintiff's expert did not address any issue reagarding the negligent supervision of Officer Mills. Nothing in plaintiffs *Fed. R. Civ. P.* 26 (a)(2) addresses the proper procedures or any national standard regarding the supervision of police officers. See "Robert Klotz Report," attached hereto as Exh. A. Given the limited scope of Klotz's report, plaintiff will be unable sustain any claims for negligent supervision.

      E)      Plaintiff has not raised a material issue of fact indicating that she suffered

any extreme distress as a result of the alleged actions of Officer Mills. In order to prove this claim of intentional incflcition of emotional distress, plaintiff must prove conduct that was extreme and outrageous" that either intentionally and recklessly causes *extreme* emotional distress. *Jackson v. District of Columbia,* 412 A.2d 948, 955 (D.C. 1980). Plaintiff simply relies on her statement that she is "still haunted by these events," but fails to support these claims with evidnce that she was treated for any lasting emotional trauma or delayed stress. See Pl.'s Opp. To Mot. For Summary Judgemnt at p. 19.In the absence of some further evidence supporting her claim of long lasting and severe distress, plaintiff's claims fail as a matter of law.

   F) On a theory of common law assault predicated upon a claim of excessive force, an officer's use of force is privileged unless it is determined that the force used is excessive. *Etheredge v. District of Columbia,* 635 A.2d 908, 916 (D.C. 1993) *also see Jackson v. District of Columbia,* 412 A.2d 948 (D.C. 1980) The analysis under this theory is "…whether the officers actions are 'objectively reasonable in light of the facts and circumstances confronting them [at the time]." *District of Columbia v. Chinn,* 839 A.2d 701, 706 D.C. 2003); *Scott v. District of Columbia,* 101 F.3d 748, 759 (D.C. Cir. 1996).

   Nothing plaintiff points to in her opposition to the defendants' motion for summary judgment supports her claim that the officers' action were in any way unreasonable. In her opposition, plaintiff claims that because Officer Mills did not have the authority to arrest her, any touching was an assault and battery. Pl.'s Opp. to Mot. for Summary Judgment at pp. 18-19. Plaintiff bases this claim on her claim that Officer Mills lacked probable cause. Plaintiff's arrest was based on probable cause, and

therefore, justified. Moreover, the amount of force used in arresting plaintiff was in every respect reasonable. Plaintiff refused to cooperate with the officer. By the time the plaintiff and Officer Mills reached the front door, plaintiff's family was at the door as the situation escalated. Other officers arrived, and it was determined that plaintiff should be placed under arrest. The simple handcuffing of plaintiff, based on the officer's good faith belief that a crime had been committed, was in every respect justified. *See Gregory v. District of Columbia*, 408 A.2d 967, 969 (D.C. 1979)(citations omitted) *also see Rogala v. District of Columbia,* 161 F.3d 44, 54 (D.C. Cir. 1998). Judgment as a matter of law must be awarded to the District defendants as to any claim for assault and battery.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, D.C.
        Civil Litigation Division

        /s/ Phillip A. Lattimore, III
        PHILLIP A. LATTIMORE, III [422968]
        Chief, General Litigation Section III
        Civil Litigation Division

        /s/ George E. Rickman
        GEORGE E. RICKMAN #433298
        Assistant Attorney General, D.C.
        General Litigation Section III
        Civil Litigation Division
        441 Fourth Street, Sixth Floor South
        Washington, D.C.  20001
        202-442-9840; 202-727-6295