# ROBERT W. KLOTZ
## CONSULTANT

59 Pigeon Hill Street  
Rockport, Massachusetts 01966  
(978) 546-2716  
(978) 546-7506 Fax.

3210 Havenwood Court  
Edgewater, Maryland 21037  
(410) 798-6868  
(410) 798-0371 Fax.

May 15, 2006

Ms. Donna Williams Rucker, Esquire  
DuBoff & Associates, Chtd.  
8401 Colesville Road  
Suite 501  
Silver Spring, Maryland 20910-3349

Dear Attorney Rucker:

The following preliminary report is submitted in compliance with Rule 26(a)(2) of the Federal Rules of Civil Procedure.

My background and experience are contained in my resume which is enclosed as Attachment #1 to this report. The resume also contains articles that I have authored over the past ten years.

My fees for work performed is contained in my Fee Schedule which is enclosed as Attachment #2 to this report.

A list of cases in which I have ben deposed, testified in court, or both in the past four years is enclosed as Attachment #3 to this report.

A list of materials that I am relying on, as of this date, for my opinions is enclosed as Attachment #4 to this report.

You have requested that I review those materials currently available, as noted in Attachment #4, regarding the incident involving your client, Ms. Shante M. Moore (hereafter, Moore) and members of the Metropolitan Police Department on October 12, 2004. You requested that I offer an opinion(s) regarding this incident. Due to the dearth of materials currently available, including the District's "Objections to Plaintiff's First Set Of Interrogatories" and its "Objections To Plaintiff's First Set of Requests For Production of Documents And Tangible Evidence"in which they object to providing requested information, any opinions will have to be very preliminary in nature and based solely on the Plaintiff's version of what transpired. Obviously any opinions expressed are subject to amendment and/or revision, when and if, more materials become available.

### The Event

Ms. Moore, in the "Complaint For Damages And Equitable Relief" states that during the early morning hours of October 12, 2004 while operating her auto in the area of 46th and Hillside Road S.E., Washington, D.C. She observed a marked Metropolitan Police vehicle, the driver of which made a 'kissing' gesture toward her. This driver was later identified as officer Eldorado Mills (hereafter, Mills). She then observed a police car pull up at her driveway, and the officer turn on the vehicle's emergency lights. She states the operator of the police car, Mills, exited the vehicle, called her a "Bitch" and said she was going to jail. Ms. Moore says as she attempted to go to the house to get her Father, Mills grabbed her, threw her against a railing, and then began knocking on the door. Mills then requested from those family members inside the home to tell Moore to give him her operator's license. The officer called for backup, and shortly thereafter, a number of officers, including a sergeant, appeared at this location. Moore states she then was grabbed, handcuffed and placed in the back of Mills' police car. She was driven by Mills to, what she describes, as a secluded wooded area. After some period of time, she was taken to the police station, She was then charged with fleeing from police and failing to obey a stop sign. She was then incarcerated for the night.

Ms. Moore's Complaint alleges Constitutional Violations of the 4, 5, 14 Amendments; False Arrest and Imprisonment; Assault and Battery; Intentional Infliction of Emotional Distress; and Negligent Supervision and Respondeat Superior.

### Discussion & Analysis

It appears from a reading of the Complaint, that the Plaintiff acknowledges observing a police car in the area of her home but asserts she was not given any indication that she was to pull over for a traffic stop. She merely asserts the office made a 'kissing' gesture toward her. From statements she attributes to the officer, and the charges later filed, it appears the officer felt she fled from him after failing to stop for a stop sign. According to the Plaintiff, the officer did not engage his emergency lights until after he stopped his vehicle across the driveway of her home and never asked her for her operator's permit. Ms. Moore then states the officer called her a 'bitch' and physically restrained her, claiming she would not show him her drivers license. It is unknown how much time was spent at the scene. Moore estimates that after handcuffing, she spent 15 minutes in the back of the police car at the scene. Moore claims that she was then driven from the scene, but not directly to the police facility but to a secluded, wooded area where she was again berated by Mills for some time before finally being taken to the police station, where she was charged, incarcerated and taken to court that morning before being released. As the District Government has, as of this date, not released any police reports, documents or other memoranda regarding this event, it is impossible to ascertain what is officer Mills version of these events.

Police departments generally, and the Metropolitan Police Department specifically, retain records of the type that would be helpful in determining the officer's version of what transpired

2

678-6900

on this date. There are records kept as to radio transmissions by Mills, a log of assignments that night giving time out of service and then back in service regarding this event. Copies of any reports, violation notices and records of other officers/officials who responded to the scene of this event. If, in fact, Mills did not report to court for any scheduled hearing or trial on the traffic charges he placed, a record of this and any investigation as to why he failed to appear would also be kept. It is a required practice in most police agencies that when an officer is transporting someone of the opposite sex from the scene of an arrest to a police facility, the radio dispatcher is notified of the time, and mileage at the beginning of the transport and again upon arrival at the facility. These types of contemporaneous report are important to ascertain the official department's record of what has taken place.

When viewing the events solely as described by Moore, it would appear that Mills upon approaching Moore at her residence, used rude language toward her and utilized inappropriate and unnecessary force in taking her into custody. It would also appear that Mills acted inappropriately by taking Moore to a secluded area rather than directly to the police facility for processing.

The use of unnecessary and excessive force, rude and inappropriate conduct when dealings with citizens, and failing to directly take a person under arrest to a police facility for processing are all violations of national and local police standards for these activities.

Therefore, it is my initial opinion that when viewing this from Moore's version events, Mills actions were contrary to national and local police standards. No reasonable, trained police officer would believe these actions to be proper.

I specifically reserve the right to alter, amend or expand on this opinion, should other materials be made available to me for review and evaluation.

Submitted by:

Robert W. Klotz
Consultant

Attachments: As noted in the body of this report.

3

**Attachment # 1**

**ROBERT W. KLOTZ**
Consultant
3210 Havenwood Court
Edgewater, Maryland 21037
(410) 798-6868

Facsimile: (410) 798-0371                    E-mail: rklotz1026@aol.com

**EDUCATION:**

B.S. Degree, Criminology and Criminal Justice, University of Maryland (1995).

A.A. Degree, Administration of Justice, American University (1977).

**PROFESSIONAL DEVELOPMENT COURSES:**

Police Civil Liability Seminar, Boston, Mass.

Police Administration Course, University of Louisville.

Labor Relations and Collective Bargaining, Northwestern University.

Police Community Relations, Michigan State University

Law Enforcement Practices, University of Maryland

Civil Disorders, U.S. Military Police, Fort Gordon Ga.

Senior Executive Management, F.B.I. Academy, Quantico, Va.

Terrorism and Hostage Negotiations, F.B.I. Academy, Quantico, Va.

Police Labor Relations, F.B.I. Academy, Quantico, Va.

Municipal Police Administration, International Association of Chiefs of Police, Washington, D.C.

Police Supervisory Course, International Association of Chiefs of Police, Washington, D.C.

1

Trends in Terrorism, U.S. Department of State, Washington, D.C.

## EMPLOYMENT HIGHLIGHTS :

**1980 - Present    INDEPENDENT CONSULTANT AND EXPERT WITNESS**

Provide experience based consultation to law enforcement agencies and to employer and employee organizations.

Provide expert witness testimony in civil actions in Federal, State Courts and Administrative Proceedings. Qualified as an expert in : Colorado, Connecticut, Georgia, Illinois, Kansas, Maryland, Michigan, New Mexico, New York, Pennsylvania, Rhode Island, Virginia, and Washington, D.C.

Areas of expertise for either consulting or expert witness purposes include:

- High Speed Pursuits Policies
- Crowd Control & Demonstrations
- Internal Police Investigations
- Terrorist Activities
- Private Security Management
- Control of Corrupt Practices
- Use of Force
- Firearms Policy and Training
- Arrest Procedures
- Search and Seizures Procedures
- Written Directives
- Patrol Procedures
- Traffic Procedures
- Hostage and Barricade Situations

- Human Resource Management
- Union Elections
- Collective Bargaining Procedures
- Disciplinary Procedures
- Contract Administration
- Grievance Arbitration
- Supervision and Training
- Rating and Ranking for Promotion
- Dispute resolution by mediation, fact-finding and interest arbitration

**1986-1988    SENIOR STAFF ANALYST**

Murphy Associates, Inc. Vienna, Virginia

Responsible for on-site coordination and training of police officials from various countries worldwide, sponsored by the U.S. Department of State. Directly responsible for training in such subjects as : Security Planning.; Combating Police Corruption; Use of Deadly Force; Patrol Tactics; Personnel Allocation; criminal Justice Systems; Police Discipline; Vital Installation Security; Crowd Control; and Special Events Planning and Control.

2

Also responsible for coordinating and conducting comprehensive management studies of several law enforcement agencies in the U.S. and a study of security at O'Hare Airport in Chicago, Ill.

**1955-1980    METROPOLITAN POLICE DEPARTMENT, WASHINGTON, D.C.**

The following chronology traces my twenty-five years of experience with this department.

**1977-1980    DEPUTY CHIEF OF POLICE, COMMANDER, SPECIAL OPERATIONS AND TRAFFIC DIVISION**

Responsibilities included: hostage negotiations and barricade situations; handling of parades and demonstrations; security escort for the President of the United States and foreign heads of state and dignitaries; aerial and water patrol of the District; training for members of the special (SWAT) personnel; handling all major traffic incidents in the District; maintaining liaison with U.S. Department of State, U.S. Secret Service, U.S. Attorney General's Office, U.S. Park Police, U.S. Capitol Police and Supreme Court Police.

**1974-1977    DEPUTY CHIEF FOR PERSONNEL, TRAINING AND LABOR RELATIONS**

Personnel Division: Supervised the Personnel Office. Served as Department EEO officer. Handled the allocation of personnel for the Department, including transfers and promotions. Prepared and administered promotional examinations for both uniform and plainclothes ranks. Served as Chairman of the Accident Review Board, Chairman of the Detective Grade One Selection Committee and police member of the Police and Fire Department's Retirement Board.

Training Division: Supervised the preparation and instruction of new police recruits and coordinated the in-service training and specialized training courses.

Labor Relations: Developed and was responsible for the Department's Labor Relations Program, including serving as the Chief Negotiator in contract negotiations with both sworn and civilian members of the department. Handled grievances and contract administration phases. Established the Department's Labor Relations Library. Represented the Department at mediation and arbitration hearings.

**1973-1974    INSPECTOR, COMMANDING THE FOURTH POLICE DISTRICT**

Commanded 350 sworn officers and 10 civilians. Responsible for crime prevention and crime reduction, and providing police services to a geographical area of the District of Columbia.

3

**1972-1973    INSPECTOR, COMMANDING INTERNAL AFFAIRS DIVISION**

Commanded 34 sworn officials and 5 civilians. Directly responsible to the Chief of Police for department integrity. Responsible for the supervision/approval of all investigations of use of force and other allegations of impropriety made against police officers. Supervised a major corruption investigation, coordinating activities with the U.S. Attorneys Office. Served as facilitator to the Department's Service Weapon Review Board. Served also as the Deputy Commander of the Special Operations Division.

**1971-1972    CAPTAIN, PLANNING AND DEVELOPMENT DIVISION**

Supervised some five officers and ten civilians. Conducted various planning activities, prepared grant applications. Prepared, staffed and promulgated department orders. Revised the department's Manual and General Orders. Represented the Chief of Police at various committees including the Mayor's Task Force.

**1970-1971    CAPTAIN, THIRD POLICE DISTRICT**

Supervised 80 police officers, sergeants, and lieutenants performing general police duties in a geographical area of the District.

**1968-1970    LIEUTENANT, SIXTH POLICE DISTRICT**

Supervised some 20 police officers, sergeants performing general police duties. Acted for a time as the Administrative Aide to the District Commander, responsible for personnel scheduling, and other administrative functions.

**1964-1968    SERGEANT, FOURTEENTH PRECINCT**

**1955-1964    OFFICER, NINTH POLICE PRECINCT**

## PROFESSIONAL PROJECTS, ACCOMPLISHMENTS AND PUBLICATIONS :

## LABOR RELATIONS :

Assistant to a labor arbitrator, developing factual background for arbitration awards and conducting research and training. 1983-1996

Guest Lecturer on the subjects of Human Resource Management, Labor Relations, Contract Administration, Compensation Management, Modern Cities at the University of Baltimore, and Marymount College of Virginia. 1986-1996

4

Member of Tri-partite Interest Arbitration Panel that resolved the impasse between the District of Columbia and the Fraternal Order of Police. 1985

Prepared recommendations for changes in the collective bargaining contract between the Georgia Power Company and its plant guards. 1984

Served as a consultant to the Chesapeake Sprinkler Company, Glen Burnie, Maryland, on their hiring practices and preparation of a employee handbook. 1989

## POLICE PROCEDURES:

Consulted with and testified before, the Judiciary Committee of the District of Columbia City Council regarding the handling of demonstrations. 2003

Retained as Consultant and Expert Witness, Martha Burke v. Augusta Country Club, Augusta, Georgia. 2003.

Retained as Consultant by ACLU of Seattle, Washington regarding the disorders during the WTO meetings. 2002.

Retained as "on-air" consultant by NBC4 Television Station, Washington, D.C. regarding the Inauguration of President George W. Bush. January 2001

Appeared as Panelist on WHYY Public Radio, Philadelphia, Pa. discussing Demonstration Handling at upcoming Republican National Convention and Use of Force by police issues. July, 2000

Retained as a "on-air" Consultant by NBC4 Television Station, Washington, D.C. regarding the IMF/World Bank demonstrations. April, 2000

Retained as a Consultant/Expert Witness by American Civil Liberties Union of Washington State regarding the World Trade Organization disorders. January, 2000

Retained as a Consultant/Expert Witness by the City of New York in the civil litigation involving the disorders in the Crown Heights area. 1997-1998

Retained as a Consultant/Expert Witness by American Civil Liberties Union of Chicago regarding the Democratic National Convention policies. 1996

Federal Office of Personnel Management. Served as rating and ranking evaluator for applicants for the position of police captain, and lieutenant, U.S. Zoological Police. 1994 - 1995.

5

Retained by the Washington Post Newspaper to conduct the crowd estimate for the Gay Rights March on Washington. 1993

Retained as a Consultant/Expert Witness for City of New York regarding litigation of "The Olympic Parade" cases. 1989-1990.

Appointed to the Selection Committee to determine the Captain, Commanding the U.S. Zoological Police Force. 1990

Retained as a consultant to the Virginia Beach, Virginia Police Department on issues of crowd control. 1988-1990

Served as member of rating and ranking panel for positions of Sergeant, Lieutenant and Captain, Anne Arundel Police Department, Maryland (1988-1989)

Served as Consultant on a committee composed of the Philadelphia Police Department, Sheriffs Department, and the Eagles Football Team of the NFL, to develop guidelines for handling of demonstrations and events at Veteran Stadium. 1988-1989

Served as member of management team evaluating security at O'Hare airport, Chicago, Illinois. 1987-1988

Served as member of commission that investigated police and fire response to a fatal house fire, Montgomery County, Maryland. 1984-1985

Served as an Instructor for the Federal Emergency Management Agency, at their Senior Executive Management Seminar. 1983

Served as a consultant to the Bridgeport, Connecticut Police Department. Conducted a training seminar on establishment and administration of an Internal Affairs Unit. 1983

Member of the special committee investigating the police response to the Air Florida airplane crash and the Metro subway crash. 1981

Served as Instructor at the Northern Virginia Police Training Academy. Instructed on Crowd Control and Demonstrations. 1981

Served as a consultant to the Arizona Law Enforcement Commission. Provided training to three police agencies on demonstration handling and crowd control issues. 1980

Served as a Instructor for the International Association of Chiefs of Police, Gaithersburg, Maryland. Conducted training at numerous sessions conducted in some 45 states, classes comprised of police officers from Federal, State and Local police departments. 1975-1987

6

Served as a panelist for the U.S. Commission on Human Rights, Washington D.C. 1980

Served on Advisory Board of the Project, " Civil Service Systems, Their Impact on Police Administrators." 1976-1978

## PUBLICATIONS:

"The Importance of Ground Rules in Negotiations." (IACP, 1975)

"Management Rights, Chiefs of Police and Collective Bargaining." (IACP, 1976)

"Police Management and the Police Officers' Bill of Rights." (IACP, 1977)

"Current Status of Collective Bargaining in the United States." (IACP, 1977)

"Planning for Demonstrations." (IACP, 1984)

"Handling Demonstrations." (IACP, 1984)

Article " How Can the Cops Stop Seattle From Happening Here?", Outlook Section, Washington Post Newspaper. April 9, 2000

Article " Walking The Blue Line", Outlook Section, Washington Post Newspaper. June 23, 2000

Article "The Mistake Happened Before The Shot Was Fired" Outlook Section, Washington Post Newspaper, March 10, 2002

## ORGANIZATIONAL MEMBERSHIPS:

International Association of Chiefs of Police (Life Member)

National Criminal Justice Association

American Society of Criminology

Police Association of the District of Columbia

Fraternal Order of Police

Retired Police Officers of the District of Columbia

7

## SIGNIFICANT AWARDS:

Commendation by the President of the United States (2)

Commendation by the Chief of Police, Washington, D.C. (3)

Peace Officer of the Year, National Association of Federal Investigators

Director's Honor Award, United States Secret Service

Award from the U.S. Secretary of State

Award from the Office of Security, U.S. Department of State

Certificate of Appreciation, Catholic Church, regarding 1979 Papal Visit to Washington, D.C.

Certificate of Appreciation, United States Park Police

Certificate of Appreciation, Uniform Division, United States Secret Service

**Attachment # 2**

**ROBERT W. KLOTZ**
**CONSULTANT**
**3210 Havenwood Court**
**Edgewater, Maryland 21037**
**(410) 798-6868**

Fax: (410) 798-0371                                  E-mail: rklotz1926@aol.com

**FEE SCHEDULE**

1. **Retainer:** A minimum engagement fee of Two Thousand Five Hundred Dollars ($2,500.00) is required. This fee covers the initial review of materials, discussion with the Attorney/Client and the rendering of a preliminary evaluation on the matters reviewed.

2. **Consultation Services:** A fee of Two Hundred Dollars ($250.00) per hour for services performed is charged. These services involve pretrial consultation, research investigation, report(s) preparation and site visits.

3. **Deposition Fee:** A fee of Two Hundred Fifty Dollars ($250.00) per hour, with a minimum of two hours, is charged for the taking of a deposition.

4. **Court Appearance:** A fee of One Thousand Dollars ($1,000.00) per day is charged for appearance at court.

5. **Travel Outside The D.C. Metropolitan Area:** All travel outside the Washington-Annapolis Metropolitan Area will require travel days billed at $800.00 @ day. This fee includes travel time, meals, taxi fares, and lodging. This fee is in addition to the fee for the activity performed, i.e. court appearance, deposition, site visit, consultation.

6. **Airfare/Railfare:** All air/rail travel outside the Washington-Annapolis Metropolitan Area will be paid in advance.

7. **Incidental Expenses:** All expenses, such as postage, secretarial services, facsimile transmissions, and duplication will be paid by the Consultant.

rwk/2005

## Attachment # 3

### Cases In Which I Have Been Deposed, Testified In Court Or Both

#### 2001

Read v. Lombardi et al. Va. Plntf Att. Frieman, Def. Att. Szybala, testified in United States District Court for the Eastern District of Virginia. (see 2000)

A. Jones v. D.C., Plntf. Att. Feinberg, Def. Att. CC. Jones, D.C. Superior Court. Deposed.

Hendrick v. City of Newport News VA.., Plntf Att. Stephen Smith, Def. Att. Barr, deposed

Steele v. Tiger Market, U.S. Superior Ct. D.C., Plntf. Att. Harvill, testified (see 99 depo.)

Stephen Levy et al. v. Terrence Anderson et al., Circuit Court For Baltimore City, Plntf. Att. James Cardea, Def. Att. Michael Richardson. Deposed

Robert C Waiters, et al. v. Prince George's County, et al., Circuit Court For Prince George's County Maryland, Plntf. Att. L. P. Foret, Def. Att. Laura Gwynn. Deposed

Mabel Jones v. Prince George's County, et al., U.S. District Court For The District Of Columbia, Plntf. Att. G. Lattimer, Def. Att. Rhonda Weaver. Deposed

Wright v. Montgomery County et al, U.S. Dist. Ct., Md., Plntf Att. Blair, Def. Att. Savage, Deposed.

Plight, et al v. Unlimited Security, et al, Superior Court for D.C., Plntff. Att. Toulouse, Def. Att. Thornton. Deposed and testified in Court.

#### 2002

Cooper v. Prince George's County, et al, U.S. Dist. Ct., MD., Plntf. Att. Lotkin, Def. Atts. Jankowski and Creech., Deposed

Gray v. Stuffit, Circuit Ct. for Baltimore, Md. Plntf Att. Treger, Def. Att. Carpenter. Deposed and testified in court.

Ashby v. Prince George's County, Circuit Court, Prince George's County, Plntf. Att. Schnieder, Def. Att. Ivy. Deposed

Stewart v. Prince George's County, U.S. District Court for Md., Plntf Att. Spikes, Def. Att. Gwinn

Shepard v. Delaware, Delaware Superior Ct, Plntff Att. Poole, Def. Att. Weiner, Deposed

Wright v. Montgomery County, Md., U.S. Dist. Ct., Md, (see 2001) testified

Lister v. D.C. et al. Plntf. Att. Kiersh, Def. Limbrick, Deposed.

Carr v. Hamilton, Balt. Md. Circuit Ct. of Baltimore, Plntf Att. Treger, Def. Att. Bernstein. Deposed.

Quarles v. D. C. et al. Plnntf Att. Trombley, Def. Att. Schifferele. Deposed

### 2003

Martha Burke v. City of Augusta, Georgia. U.S. Federal Court, Augusta, Georgia. Testified

Fogler v. District of Columbia et al. Superior Com., D.C., Plntf Att. Steinmetz, CC. Elizabeth Burke, Deposed.

Qutb v. District of Columbia et al. U.S. District Court for the District of Columbia, Plntf. Att. Klimaski, CC Elizabeth Burke. Deposed.

Estate of Phillip Montgomery et al v. Anne Arundel County, et al., Plntf. Att. Castelli, County Attorney Tyler. Deposed

Valerye Ince-Viner v. Larry Johnson, et al, Baltimore County, Plntf Att. Treger, Def. Atts. Goldstein and Byrd. Deposed.

Estate of Raymond Chandler, deceased v. Norfolk Officer W. B. Routon et al. Plntf. Att. Lotkin, Def. Att. West., Deposed

### 2004

Estate of Raymond Chandler v. Routon et, al. (See 2003) Testified at Court Approved Arbitration.

Robert Waters v. District of Columbia, et al., Plntf. Att. D. Schultz, Def. Att. AUSA D. Valdez and CC, Anderson. Deposed.

Michael Chin, et al v. Michael Wilhelm, U.S. Dist. Ct. Dist of Md. Plntf. Att. Blair, Def. Att. DeShields. Deposed

Smith v. Abdul Productions. Sup. Ct of DC and U.S. Dist. Ct. D.C., Plntif Att. Towns, Def. Att. Bell. Deposed.

### 2005

Montgomery v. Anne Aarundel County, Plntf. Att. Casetelli, Def. Att. Thyler. Testified in court.

Citizens For Peace In Space v. Colorado Springs Police Department, Plntf. Att. Ramey, Def. Att. Marrese. Deposed and testified in court.

Walker v. Terhune, et al, Virginia Beach Va. Plntf Att. Gill, Def. Att. Stiles. Deposed

Wilbon v. Hunsicker et al (Baltimore, Md) Plntf Att. Eaton, Def. Att. Fields. Testified in court

Estate of Tirrell Smith v. Abdul Productions. Def att. Bell, Plntf. Att. Townes. Testified in court

Randall v. P.D. County et al. Plntf. Att.. Pavilinic def. Att. Morgan. Deposed

### 2006

Robinson v. D.C., et al, Plntff Att. Halperin, Def. Att. Phillips, Deposed

Owens v. Brown, et al, District Ct of Fredrick, Md. Plntf Att. Iamele, Def. Att. Riley, Testified

Deng v. Olds, U.S. Dist. Ct for D.C., Plntf Att. Lattimer, Def. Att. Jackson,. Testified.

Mosley v. Walrath, et al, Balt Court, Plntf. Att. Byrd/Treger, Df. Att. Circester. Deposed

Attachment #4

Materials Received Reviewed and relied upon from Plaintiff's Attorney

1. Civil Complaint

2. Defendant's Objections to Plaintiff's Discovery Request( 2 items)

Materials Reviewed and relied upon from My Own Resources

1. Volume, "Police" by the National Advisory Commission on Criminal Justice Standards and Goals.

2. Volume, " Standards For Law Enforcement Agencies, by The Commission On Standards For Law Enforcement Agencies.

3. D.C. Municipal Regulations, 6A. Police

4. D.C. Police Department General Order on Dealing with Citizens Contacts

4