THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANTE M. MOORE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No: 05-2020 (PLF) |
| | ) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, et al. | ) |
| | ) |
| Defendants. | |

**THE DEFENDANT DISTRICT OF COLUMBIA AND OFFICER ELDORADO
MILLS' PRE-TRIAL STATEMENT**

I do hereby certify that on October 29, 2007, a copy of the defendants District of Columbia and Eldorado Mills ("District defendants") forwarded a copy of this Pre-Trial Statement to Donna Rucker, Esq. This followed the undersigned's efforts to contact Ms. Rucker concerning this statement on October 26, 2007. As of the time of filing, the District defendants have not received plaintiff's version of the pre-trial statement and so file the District defendants' version of this statement. The District defendants consent to the parties filing a joint statement out of time, and, alternatively, the District defendants reserve the right to make all objections to plaintiff's pre-trial statement, and to amend its version of the statement.

**THE DEFENDANTS' STATEMENT OF THE CASE**

In the early morning, approximately 2:00am, of October 12, 2004, plaintiff was operating her vehicle at or near the intersection of 46th Street and Hillside Road in Southeast Washington, D.C. She was returning from work to her home that is located at 1108 Hillside Drive, S.E., approximately two blocks from the intersection. At the intersection, Officer Mills noticed the vehicle run a stop sign. He then activated his lights

1

and proceeded to follow the vehicle. The vehicle proceeded approximately two blocks to 1108 Hillside Terrace at which point the driver exited the vehicle and began walking to the front door of the house. During a verbal exchange, Officer Mills told the driver that she had run a stop sign and asked to see her driver's license and registration. Plaintiff continued to walk to the front door of the house. The two reached the front door in a brief amount of time. Once there, with plaintiff at his side, Officer Mills knocked on the door. Eventually, plaintiff's parents responded to the door. By this time, Officer Mills called for back-up. Plaintiff was arrested for failure to provide a valid driver's license.

**DEFENDANTS' STATEMENT OF DEFENSES**

Plaintiff will fail to prove her claims that the District of Columbia violated her constitutional rights. These defendants deny any and all wrongdoing. Plaintiff's arrest was based on probable cause for failure to exhibit a permit and/or for the offense of fleeing a law enforcement officer in a motor vehicle. See D.C. Official Code § 50-2201.05 b (2001 ed.).[1] Further the actions taken by officer Mills in effecting the arrest of plaintiff were reasonable and Officer Mills is immune from any liability for assault or the excessive use of force. In order for plaintiff to prove a claim of negligent supervision, a theory of direct liability against the District, plaintiff must show that the District either knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that, armed with the actual or constructive knowledge, failed to adequately supervise this employee. In this case, plaintiff failed to raise a material issue of fact as to unreasonableness of the arrest or the circumstances leading up to the arrest, and those that followed were in any way outrageous.

---

[1] This offense is punishable by a fine up to $1000.00, or 180 days imprisonment, or both. D.C. Official Code § 50-2201.05b (b)(1).

**DEFENDANTS' STATEMENT OF CLAIMS**

The defendants raise no claims in this case.

**THE DEFENDANTS' WITNESS LIST**

Sergeant John McCourt (1 hour)

Sergeant McCourt was the defendant Elodorado Mills supervising officer on day of the events that are the subject matter of this complaint. Sergeant McCourt will testify to overhearing a call for assistance made by Officer Mills, and a call for a supervising officer to respond to the scene of plaintiff's arrest. Once arriving on the scene, Sgt. McCourt will describe the events as he perceived them, stating the reasons why he thought plaintiff's arrest was justified. Sgt McCourt will further testify as to his knowledge of taking complaints from citizens and his understanding of what occurred in this case.

Officer Wade Zeck (1 hour)

Officer Zeck arrived on the scene and assisted with eh arrest of plaintiff. Officer Zeck will testify as to his actions and all that he observed of the complained of events.

Lt. Richard Mattiello (1 hour)

Lt. Mattiello will testify as to the policies of the District of Columbia as to stops and arrest and the proper procedures to be followed by and arresting officer. Lt. Mattiello will further testify to the procedures to be followed by transport officers when transporting female prisoners. Lt. Mattiello will further testify as to the hiring and retention policies of the Metropolitan Police Department

Custodian of Records for Verizon Corp. (30 minutes)

This witness will testify to the authenticity of the phone records for Eldorado Mills for

September 11, 2004 to October 8, 2004.

Custodian of Records for Metropolitan Police Department (30 minutes)

This witness will testify to the authenticity of all records, including tapes and logs, for the Metropolitan Police Department.

Custodian of Records D.C. Department of Transportation (30 minutes)

This witness will testify to the authenticity of the traffic tickets that were issued to plaintiff and their ultimate resolution.

The defendant Eldorado Mills

All witnesses identified by plaintiff.

**THE DEFENDANTS' DESIGNATION OF DESPOSITIONS**

These defendants reserve the right to use the deposition of plaintiff, Shante Moore, for purposes of impeachment and/or direct evidence.

These defendants reserve the right to use the deposition of Maria Moore for purposes of impeachment and/or direct evidence.

These defendants reserve the right to use the deposition of Johnny Moore, Sr. for purposes of impeachment and/or direct evidence.

These defendants reserve the right to use the deposition of Johnny Moore, Jr. for impeachment and/or direct evidence.

The defendants reserve the right to use all depositions of the defendants' witnesses for purposes of rehabilitation and/or direct evidence.

**DEFENDANTS' REQUESTED STIPULATIONS**

The defendants request that plaintiff stipulates the authenticity of all documents proffered by the defendants.

**PARTIES' TRIAL BRIEF**

**DEFENDANT'S TRIAL BRIEF**

The defendant District of Columbia incorporates its motion for summary

judgment herein, and further reserves the right to supplement and raise additional issues anew.

**THE DEFENDANTS' EXHIBIT LIST**

1. Criminal Jacket, docket and information for T 5608;

2. PD 163;

3. Rough Notes for Officer Eldorado Mills;

4. Traffic Citations 992121616, 9921211605, 992907985;

5. Traffic Record for Shante Moore;

6. Shante Moore's Answer's to the defendant Interrogatories;

7. Radio run and dispatch notes;

8. Daily Vehicle Activity Sheet for Unit 6042 for October 12, 2004;

9. Unit Assignment Sheet for Sixth District dated October 12, 2004.

**THE DEFENDANTS' REQUESTED VOIR DIRE**

1.   Have any of you heard or have knowledge of any of the facts or events involved in this case?

2.   Does anyone know any of the witnesses named to testify in this case?

3.   Has any member of the panel ever sat on a jury in a civil case? What kind of case?

4.   Are any of you lawyers, paralegals, or law students, or do you work in a law office? If yes, what kind of work does the law office specialize in?

5.   Have you or any family member or close friend been employed by the District of Columbia government or any agency of the District of Columbia government?

6.      Have you or any family member or close friend had an experience, either positive or negative, with the District of Columbia government or any of its agencies that might affect your ability to serve as a juror?

7.      Have you or any family member or close friend ever sued or filed a complaint against the District of Columbia or ever been arrested or otherwise subject to the authority of the District of Columbia government?

8       .Have you or any family member or close friend ever sued the District of Columbia?

9.   Have you or any family member or close friend ever been sued by any person or organization for any reason?

10.     Do you believe that the District of Columbia government or any of its agencies are unresponsive to the complaints of the citizens?

11.     Have you ever testified as a witness in any trial?

12      Have any of you or do you know someone who has ever suffered some adverse employment action. If so, was it your belief that thisperson or yourself wwas not treated fairly

13.     Have you or any family member or close friend ever had an experience, an encounter, or a confrontation with the District of Columbia or the Metropolitan Police Department, any of its agent or employees which made a strong impression on you or which would make it difficult for you to fairly judge the facts of' this case because the District of Columbia is a defendant?

14.     Do you have any reason why you feel that you cannot render a fair verdict in this case based on the evidence admitted and the law as the Court instructs you, without

6

regard to passion, prejudice, or sympathy?

15. This trial may last up to five days. Are you unable to serve on this jury due to an unavoidable conflict during that period of time?

16. Do any of you believe that you would be more or less likely to award damages to the plaintiff against the District of Columbia in this case because the District is a municipality? In other words, would you be more likely to award money to the plaintiff because you do not think the award comes from an individual?

17. Are any of' you under any medication or suffering from any infirmity that might cause drowsiness or in any way affect your ability to give full time and attention to this case?

18. Is there anything you have heard so far or is there any other reason at all which you would be uncomfortable sitting on this jury or why you would prefer to be excused?

19. For those jurors who are unemployed or retired, please state your occupation prior to your unemployment or retirement?

20. This case involves allegations that the plaintiff was demoted from his position as commander of the Metropolitan Police Department without a hearing. Do any of you have any knowledge or ideas as to what is required before and employee is demoted.

21. Are any of you familiar with term "at will," or serves at the discretion of the a person. Do any of you have any ideas or beliefs as employees of this status.

22. This case also involves allegations that officials of the District of Columbia made defamatory statements to the press regarding plaintiff's demotion in rank. Do any you have any ideas or beliefs concerning the public's right to know information concerning the operation of government? Do any you have any beliefs concerning the disclosure of

information concerning high ranking officials in the government.

The District respectfully reserves the right to supplement these proposed jury voir dire questions prior to trial.

**THE DEFENDANTS' STANDARD JURY INSTRUCTIONS**

Defendant's Standard Jury Instructions

| | |
|---|---|
| 1.1 | Function of the Court |
| 1.2 | Function of the Jury |
| 1.4 | Juror's Duty to Deliberate |
| 1.5 | Attitude & Conduct of Jurors |
| 1.6 | Instructions to Be Considered as a Whole |
| 1.7 | Court's Comments on Evidence |
| 1.8 | Court's Questions to Witnesses |
| 1.9 | Jury Not to Take Cue from Judge |
| 1.10 | Ruling on Objections |
| 1.12 | Equality of Litigants-individuals |
| 2.1 | Evidence in the Case |
| 2.3 | Inferences |
| 2.4 | Inadmissible and Stricken Evidence |
| 2.5 | Statements of Counsel |
| 2.6 | Jury's Recollection Controls |
| 2.8 | Burden of Proof |
| 2.9 | Evidence Produced by Adversary |
| 3.1 | Jury to Determine Credibility of Witnesses |
| 3.2 | Number of Witnesses |
| 3.5 | Depositions as Evidence |
| 3.8 | Impeachment by Prior Inconsistent Statements |
| 12.3 | Burden of Proof - Speculative Damages |
| 12.7 | Duty to Mitigate Damages |

**THE DEFENDANTS' SPECIAL JURY INSTRUCTIONS**

The defendants reserve the right to propose special jury instructions at the close of all of the evidence.

**VERDICT FORM**

The District defendants will submit a proposed verdict form at the close of the evidence.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

/s/ Phillip A. Lattimore, III
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Section III
Civil Litigation Division



/s/ George E. Rickman
GEORGE E. RICKMAN #433298
Assistant Attorney General, D.C.
General Litigation Section III
Civil Litigation Division
441 Fourth Street, Sixth Floor South
Washington, D.C.  20001
202-442-9840; 202-727-6295

9