## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | | |
|---|---|---|
| SHANTE M. MOORE, | : | |
| | : | |
| Plaintiff, : | : | |
| | : | |
| | : | |
| v. | : | Case No. 1:05CV02020(PLF)(DAR) |
| DISTRICT OF COLUMBIA, et al. | : | |
| Defendants. | : | |
| | : | |
| _____ | : | |

## JOINT PRETRIAL STATEMENT

## I.   PARTIES AND COUNSEL:

**Plaintiff:**

Shantae Moore

**Plaintiff's Counsel :**

Donna Williams Rucker, Bar No.  #446713
DUBOFF & ASSOCIATES, CHARTERED
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910
(301) 495-3131 (office)
(301) 587-1872 (facsimile)

**Defendants:**

1. District of Columbia

2. Eldorado Mills

**Defendant's Counsel:**

George Rickman, Esquire
Assistant Attorney General
441 4th Street, N.W.
Washington, D.C.
(202) 442-9840
(202) 727-6295

## II.   NATURE OF THE CASE:

Plaintiff's Version:

On October 12, 2007, plaintiff was returning home from a performance when as she arrived in her driveway, she was accosted by Defendant Eldorado Mills, who plaintiff alleges violated her Constitutional rights and she brings this action pursuant to 42 U.S.C. Sections 1983, plaintiff also alleges that she was falsely arrested and imprisoned after Defendant Mills grabbed and detained her for allegedly running a stop sign and that each defendant was negligent and that defendant District of Columbia was negligent in its supervision of defendant Mills and the other police officers who arrived on the scene of the incident, and that plaintiff was subjected to the intentional infliction of emotional distress.  Defendant District of Columbia and Eldorado Mills deny these allegations.

Defendant's Version:

In the early morning, approximately 2:00am, of October 12, 2004, plaintiff was operating her vehicle at or near the intersection of 46th Street and Hillside Road in Southeast Washington, D.C.  She was returning from work to her home that is located at 1108 Hillside Drive, S.E., approximately two blocks from the intersection. At the intersection, Officer Mills noticed the vehicle run a stop sign. He then activated his lights and proceeded to follow the vehicle. The vehicle proceeded approximately two blocks to 1108 Hillside Terrace at which point the driver exited the vehicle and began walking to the front door of the house. During a verbal exchange, Officer Mills told the driver that she had run a stop sign and asked to see her driver's license and registration. Plaintiff continued to walk to the front door of the house. The two reached the front door in a brief amount of time. Once there, with plaintiff at his side, Officer Mills knocked on the door. Eventually, plaintiff's parents responded to the door. By this time, Officer Mills called for back-up. Plaintiff was arrested for failure to provide a valid driver's license.

## III.    CLAIMS AND/OR DEFENSES;

PLAINTIFF'S STATEMENT OF THE CLAIMS:

• Section 1983 Claim - violation of plaintiff s constitutional rights under the Fourth and Fourteen Amendments to the Constitution:

1. Illegal Stop
2. Illegal search
3. False arrest
4. False imprisonment
5. Use of excessive force.

• Reckless and callous disregard, negligence, and negligent supervision
• Intentional Infliction of Emotional Distress.

<u>DEFENDANTS' STATEMENT OF DEFENSES</u>

Plaintiff will fail to prove her claims that the District of Columbia violated her constitutional rights. These defendants deny any and all wrongdoing. Plaintiff's arrest was based on probable cause for failure to exhibit a permit and/or for the offense of fleeing a law enforcement officer in a motor vehicle. See D.C. Official Code § 50-2201.05 b (2001 ed.).[1] Further the actions taken by officer Mills in effecting the arrest of plaintiff were reasonable and Officer Mills is immune from any liability for assault or the excessive use of force. In order for plaintiff to prove a claim of negligent supervision, a theory of direct liability against the District, plaintiff must show that the District either knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that, armed with the actual or constructive knowledge, failed to adequately supervise this employee. In this case, plaintiff failed to raise a material issue of fact as to unreasonableness of the arrest or the circumstances leading up to the arrest, and those that followed were in any way outrageous.

**DEFENDANTS' STATEMENT OF CLAIMS**

The defendants raise no claims in this case.

**IV.    UNDISPUTED ISSUES/STIPULATIONS:**

<u>UNDISPUTED ISSUES:</u>

---

[1] This offense is punishable by a fine up to $1000.00, or 180 days imprisonment, or both. D.C. Official Code § 50-2201.05b (b)(1).

The Parties have not discussed this section.

**PLAINTIFF'S REQUESTED STIPULATIONS**

- Plaintiff request that defendants stipulate to the authenticity of all

documents presented as exhibits presented by plaintiff in this case.

- Plaintiff was never prosecuted for any arrest made by Eldorodo Mills on
October 12, 2004.

**DEFENDANTS' REQUESTED STIPULATIONS**

The defendants request that plaintiff stipulates the authenticity of all documents proffered

by the defendants.


**V.    WITNESSES SCHEDULE:**

   **Plaintiff Witness List**

Shante Moore: (3 hours)
1108 44th Place S.E.
Washington, D.C. 20019

   Plaintiff is expected to testify regarding the facts and circumstances on October 12,

2007, including the circumstances surrounding her detention, arrest, and the  charges that

were never brought against her for what officer Mills alleges that he arrested her for.

Mr. Johnny Moore, Sr. (1 hr)
1108 44th Place S.E.
Washington, D.C. 20019

   Mr. Moore was present during the ordeal surrounding his daughter's detention,

arrest and he has personal knowledge of statement made by Defendant Mills, and the other

members of the D.C. Police department.  He is expected to testify to what he personally

observed and heard, and what he was told.  Mr. Moore also was present at the police

station after Plaintiff was jailed, and he will testify regarding this matter as well.


Johnny Moore, Jr. (2 hrs)
1108 44TH Place S.E.
Washington, D.C. 20019

Mr. Moore was the first person to the front door after defendant Mills banged on the door, and he was present during the ordeal surrounding his sister's detention, arrest and he has personal knowledge of statement made by Defendant Mills, and the other members of the D.C. Police department. Mr. Moore also testify that he got dressed and drove to the police station after his sister was taken in Officer Mills patrol car, and that when he arrived at the police station he was advised that he sister had not yet arrived. He is expected to testify to what he personally observed and heard.

Mrs. Marie Moore (2 hrs)
1108 44TH Place S.E.
Washington, D.C. 20019

Mrs. Moore was present during the ordeal surrounding his daughter's detention, arrest and she has personal knowledge of statements made by Defendant Mills, and the other members of the D.C. Police department. She is expected to testify to what she personally observed, and heard. Mrs. Moore is also expected to testify regarding her conversation with the Sergeant at the scene, and other D.C. Police officials her telephone call to the D.C. Police Departments while her daughter was being detained on the front steps, and the actions taken and/or not taken by the D.C. Police Department in response to her concerns and complaints.

Eldorado Mills (3 hrs.)
2901 Pennsylvania Avenue S.E.
Washington, D.C. 20019

Plaintiff believes that defendant Mills has information regarding the allegations in this case, and will testify regarding the incident and the facts and evidence adduced in this case.

Robert W. Klotz (3 ½ hrs.)
3210 Havenwood Court
Edgewater, MD. 21307

Mr. Klotz is expected to testify that the defendants in this case violated plaintiff's civil and Constitutional rights and that the actions of the defendants were negligent in that

action was taken against plaintiff that a reasonable and prudent police officer would not

have taken, and that the officers actions were not properly supervised against plaintiff

based on the facts and evidence in this case. Mr. Klotz has also submitted a report in this

case and he will testify to the contents of the report.

Sergeant McCourt (1 hr.)
District of Columbia Police Department

It is expected Sgt McCourt will testify consistent with his deposition testimony as
to the facts and circumstances surrounding this case, and to his testimony as the District of
Columbia's Rule 30(b)(6) witness..

Lt. Richard Mattiello (1 hr.)
District of Columbia Police Department

It is expected Lt. Mattiello will testify consistent with his deposition testimony as
to the facts and circumstances surrounding this case, and to his testimony as the District of
Columbia's Rule 30(b)(6) witness..


Custodian of Records (.5)
District of Columbia Police Department

It is expected that this witness will testify as to the authenticity of all records, tapes and
logs produced in discovery in this matter.

- Any witness identified by the defendants or called by them at trial
- Rebuttal witnesses

**THE DEFENDANTS' WITNESS LIST**

Sergeant John McCourt (1 hour)

Sergeant McCourt was the defendant Eldorado Mills supervising officer on day of the

events that are the subject matter of this complaint. Sergeant McCourt will testify to

overhearing a call for assistance made by Officer Mills, and a call for a supervising officer

to respond to the scene of plaintiff's arrest. Once arriving on the scene, Sgt. McCourt will

describe the events as he perceived them, stating the reasons why he thought plaintiff's

arrest was justified. Sgt McCourt will further testify as to his knowledge of taking

complaints from citizens and his understanding of what occurred in this case.

Officer Wade Zeck (1 hour)

Officer Zeck arrived on the scene and assisted with eh arrest of plaintiff. Officer Zeck will testify as to his actions and all that he observed of the complained of events.

Lt. Richard Mattiello (1 hour)

Lt. Mattiello will testify as to the policies of the District of Columbia as to stops and arrest and the proper procedures to be followed by and arresting officer. Lt. Mattiello will further testify to the procedures to be followed by transport officers when transporting female prisoners. Lt. Mattiello will further testify as to the hiring and retention policies of the Metropolitan Police Department

Custodian of Records for Verizon Corp. (30 minutes)

This witness will testify to the authenticity of the phone records for Eldorado Mills for September 11, 2004 to October 8, 2004.

Custodian of Records for Metropolitan Police Department (30 minutes)

This witness will testify to the authenticity of all records, including tapes and logs, for the Metropolitan Police Department.

Custodian of Records D.C. Department of Transportation (30 minutes)

This witness will testify to the authenticity of the traffic tickets that were issued to plaintiff and their ultimate resolution.

The defendant Eldorado Mills

**All witnesses identified by plaintiff.**

**<u>Plaintiff's Objections to Defendant's Witness List</u>**:  Plaintiff Objects as follows:  to the specific contents of Sgt. McCourts testimony regarding the fact that plaintiff's arrest was justified; Officer Zeck's proposed testimony; Lt. Mattiello in any capacity as an expert; Custodian of Records for Verizon Corp.  Plaintiff reserves the right to amend this section; D.C. Custodian of Records D.C. Department of Transportation - entirely.

**VI.    <u>EXHIBIT LIST:</u>**

<u>Plaintiffs Exhibit List - Expects to Offer at Trial (See Exhibit Sheets attached)</u>

1.  PD 163
2.  PD 251
3.  Report by Robert Klotz
4.  Defendant Mills' Answers to Admissions
5.  District of Columbia answers to Admissions
6.  Raido Run Sheet
7.  Event Chronology
8.  Defendant Mills Personal File
9.  PD 77s for Officers responding
10.  Plaintiff's notices to appear in Court
11.  Plaintiff's Complaint
12.  Defendant Mills' Answers to discovery
13.  Defendant District of Columbia's Answers to discovery
14.  Cassette tapes provided by District of Columbia in Discovery – 6th District Tact Channel

## THE DEFENDANTS' EXHIBIT LIST

1.  Criminal Jacket, docket and information for T 5608;

2.  PD 163;

3.  Rough Notes for Officer Eldorado Mills;

4.  Traffic Citations 992121616, 9921211605, 992907985;

5.  Traffic Record for Shante Moore;

6.  Shante Moore's Answer's to the defendant Interrogatories;

7.  Radio run and dispatch notes;

8.  Daily Vehicle Activity Sheet for Unit 6042 for October 12, 2004;

9.  Unit Assignment Sheet for Sixth District dated October 12, 2004.

***<u>Plaintiff Objects to defendants Exhibits</u>***: 1, 2, 3, 4, 5, 6,  and plaintiff reserves as to numbers 8 and 9.

## VII.    <u>DEPOSITION TESTIMONY:</u>

## PLAINTIFF'S DESIGNATION:

Plaintiff intends to offer portions of the deposition testimony of the following:

- Sgt. McCourt

- Lt. Mattiello

- Eldorado Mills

- Plaintiff reserves the right to use any deposition for impeachment purposes, or any other purpose permitted by the Rules.

**THE DEFENDANTS' DESIGNATION OF DESPOSITIONS**

These defendants reserve the right to use the deposition of plaintiff, Shante Moore, for purposes of impeachment and/or direct evidence.

These defendants reserve the right to use the deposition of Maria Moore for purposes of impeachment and/or direct evidence.

These defendants reserve the right to use the deposition of Johnny Moore, Sr. for purposes of impeachment and/or direct evidence.

These defendants reserve the right to use the deposition of Johnny Moore, Jr. for impeachment and/or direct evidence.

The defendants reserve the right to use all depositions of the defendants' witnesses for purposes of rehabilitation and/or direct evidence.

## DEFENDANT'S TRIAL BRIEF

The defendant District of Columbia incorporates its motion for summary judgment herein, and further reserves the right to supplement and raise additional issues anew.

## VIII. **RELIEF SOUGHT**

**Plaintiff seeks compensatory damages, cost fees, and expenses.**

## IX. **PENDING MOTIONS:**

1. There is pending defendant's motion for summary judgment and plaintiff's opposition to the same.

2. Plaintiff intends to file a Motion *In Limine*

## X.    **PARTIES' TRIAL BRIEF**

***PLAINTIF'S TRIAL BRIEF***:

Plaintiff incorporates the opposition to defendant's Motion for Summary

Judgment, and plaintiff plans to file a motion *in limine* as to facts in this case.

## XI.    MOTIONS IN LIMINE:

Plaintiff intends to file such.

## XII.    DEMONSTRATIVE EVIDENCE, PHYSICAL EVIDENCE, VIDEOTAPES:

Plaintiff:

Plaintiff reserves the right to present  drawings of the scene demonstrative evidence.

Defendant:

## XIII.    REQUESTED VOIR DIRE

PLAINTIFF'S PROPOSED VOIR DIRE

1.    Is there any person here who is related by blood or marriage to any of the parties?

2.    Do any of you know personally, or know of any of the parties in this case?

3.    Is any prospective juror related by blood or marriage to any attorney appearing in this case?

5.    Are any of you in any way acquainted with or do you know any attorney involved in this case?

6.    So far as you know, have you or has any member of your immediate family been employed by the District of Columbia?

8.    Do you or any member of your family works as an attorney or are you or any member of your family employed by a law firm?

9.    Have any of you expressed or formed any opinion as to the merits of this case based upon learning what this case is about?

10.    Have any of you heard or read anything about this case before today? Please consider newspaper articles, television broadcast and of course statements or anything told you by any person who knows something about this case?

17

11.    Have any of you, or any member of your immediate family, at any time been
engaged in any type of law enforcement work?

12.    Have any of you or has any member of your immediate family ever been seriously
injured?

13.    I have been informed that the following people (Robert Klotz) are going to be called
to testify as expert witnesses in this case. Have any of you had any contact of any kid
any of these individuals?

14.    Do any of you have any interest of any kind in the final result of this lawsuit?

15.    I understand this trial will take approximately 3 days. Searching your hearts and minds
carefully, do you know of *any* reason why you could not sit as a fair and impartial
juror for this period of time?

16.    The law defines the areas of an injury in which a person is able to recover
damages. I want to inquire into some of these areas. Has anyone had a condition
where the concept of "pain free" had meaning? That is, the absence of pain was so
unusual, that it was wonderful?

17.    Is there anyone who does not think that if you can't see physical scarring then
there should be no request for compensation?

18.    Would any of you feel uncomfortable putting a dollar amount on that pain?

19.    At the end of this case, we are going to ask you for money for damages. But the law
provides for damages to awarded for different types of losses. What I need to know is
whether there are *any* of these areas that you don't feel comfortable with.

    (a)    *Medical bills!* Please raise your hand if you have even the *slightest
    doubt* that you could award money for any of these areas.

    (b)    *Pain & Suffering:* There will be no machine that will help you
    calculated the pain and inability to perform those usual activities of
    life to which Ms. Moore will testify. Thos are things that are called
    *intangible damages.* But, if ms. Moore is entitled to an award, that
    law proclaims that he entitled to *&full* award, *including* intangible
    damages. Does anyone feel that's just not right? Does any refuse to
    consider a full, adequate reward.

    (c)    Next we will ask for damages for the pain and mental anxiety Ms.
Moore suffered. Does anybody think damages for these elements would be difficult to
decide?

18

20. Does anyone believe that he or she might not be able to serve as an impartial juror in this case, for any reason?

21. Is there anyone who, for any reason, would like to hear any of the questions again? Would anyone here like to change an answer?

22. Would any of you be unable to render a verdict for Ms. Moore merely because this is a civil rights case against police officer and the District of Columbia?

22. Assuming that you reach for Ms. Moore on the issue of liability, that is, you find that the defendant officers and the District of Columbia were at fault in this case, would you give Ms. Moore a full and fair sum of damages?

23. Do you have an opinion about which is more important-law and order or preserving your constitutional rights? If so, what is your opinion?

24. This is a lawsuit brought by a private citizen against members of the police department. Do you feel that citizens who believe that they have been treated illegally and unfairly have a right to bring suit against the police officers and District of Columbia?

25. If, after hearing the evidence, and the instructions of the judge, you found that a police officer had violated Ms. Moore rights, would anything cause you to hesitate to make the officer and the District of Columbia pay money damages to the person suing them? If so, what?

26. Is there anyone here who has been arrested, for any felony or misdemeanor by a police officer of the Metropolitan Police Department?

27. Is there anyone here who has, or had anyone in his or her immediate family, file a complaint for any reason on a police officer on the Metropolitan Police Department, or any other police department? If so, what were the circumstances?

28. Have you or any family member or close friend been employed as:

- A claims adjusters; or
- Doctor, nurse or physician's assistant?

29. Do you have any type of personal relationship with any member or the District of Columbia Metropolitan Police Department?

30. Do you believe that it is unfair to sue the District because of what its police

officers do while on duty?

31. Have any of you ever been a witness in a trial before the court?

19

32.  Have you are any member of your family ever served in the military, police force or Fire Department ?

33.  Do any of you have family members on active duty in the military at this time?

34.  does any person believe that police officers cannot ever use too much for if they fear for their safety?

35.  Does any person believe that because a person is a police officer any request made should be followed without questioning the request?

36.  Does any person believe that if you live in an area that has been designated as a high crime area, the police are entitled to stop you to find out what you are doing in the area just to be sure no crime is being committed?

37.  Does any person believe that you should always believe the police over non-police persons?

38.  Is there any person who would not be able to fins a police officer guilty of an illegal act because he/she is a police officer?

39.  Is there any person who believes that the police always tell the truth?

40.  Does any person believe that it is wrong to sue the police?

41.  Does any person believe that it is wrong to sue the District of Columbia?

42.  Has any person here ever been a victim of a crime?

43.  Are you or any family member a member of the neighborhood crime watch program? (plaintiff reserves the right to supplement)

**THE DEFENDANTS' REQUESTED VOIR DIRE**

1.  Have any of you heard or have knowledge of any of the facts or events involved in this case?

2.  Does anyone know any of the witnesses named to testify in this case?

3.  Has any member of the panel ever sat on a jury in a civil case? What kind of case?

4.      Are any of you lawyers, paralegals, or law students, or do you work in a law office? If yes, what kind of work does the law office specialize in?

5.      Have you or any family member or close friend been employed by the District of Columbia government or any agency of the District of Columbia government?

6.      Have you or any family member or close friend had an experience, either positive or negative, with the District of Columbia government or any of its agencies that might affect your ability to serve as a juror?

7.      Have you or any family member or close friend ever sued or filed a complaint against the District of Columbia or ever been arrested or otherwise subject to the authority of the District of Columbia government?

8       .Have you or any family member or close friend ever sued the District of Columbia?

9.   Have you or any family member or close friend ever been sued by any person or organization for any reason?

10.     Do you believe that the District of Columbia government or any of its agencies are unresponsive to the complaints of the citizens?

11.     Have you ever testified as a witness in any trial?

12      Have any of you or do you know someone who has ever suffered some adverse employment action. If so, was it your belief that thisperson or yourself wwas not treated fairly

13.     Have you or any family member or close friend ever had an experience, an encounter, or a confrontation with the District of Columbia or the Metropolitan Police Department, any of its agent or employees which made a strong impression on you or which would make it difficult for you to fairly judge the facts of' this case because the District of Columbia is a defendant?

**14.      Do you have any reason why you feel that you cannot render a fair verdict in this case based on the evidence admitted and the law as the Court instructs you, without regard to passion, prejudice, or sympathy?**

15.      This trial may last up to five days. Are you unable to serve on this jury due to an unavoidable conflict during that period of time?

16.      Do any of you believe that you would be more or less likely to award damages to the plaintiff against the District of Columbia in this case because the District is a municipality?  In other words, would you be more likely to award money to the plaintiff because you do not think the award comes from an individual?

17.      Are any of' you under any medication or suffering from any infirmity that might cause drowsiness or in any way affect your ability to give full time and attention to this case?

18.      Is there anything you have heard so far or is there any other reason at all which you would be uncomfortable sitting on this jury or why you would prefer to be excused?

19.    For those jurors who are unemployed or retired, please state your occupation prior to your unemployment or retirement?

20.      This case involves allegations that the plaintiff was demoted from his position as commander of the Metropolitan Police Department without a hearing. Do any of you have any knowledge or ideas as to what is required before and employee is demoted.

21.    Are any of you familiar with term "at will," or serves at the discretion of the a person. Do any of you have any ideas or beliefs as employees of this status.

22.      This case also involves allegations that officials of the District of Columbia made defamatory statements to the press regarding plaintiff's demotion in rank. Do any you have any ideas or beliefs concerning the public's right to know information concerning the operation of government? Do any you have any beliefs concerning the disclosure of information concerning high ranking officials in the government.

The District respectfully reserves the right to supplement these proposed jury voir dire questions prior to trial.

JURY INSTRUCTIONS:

Plaintiffs Requested Standard Jury Instructions:

    1-1      Function of the Court
    1-2      Function of the Jury
    1-3      Attitude and conduct of the jurors
    1-4      Jurors duty to deliberate
    1-5      Instructions to be considered as a whole
    1-6      Court's Comments on evidence
    1-7      Court's questions to witnesses
    1-8      Jury not to take cue from judge
    1-10     Sympathy, Prejudice, Passion


    2-1      Evidence in the case
    2-3      Inferences
    2-4      Inadmissible and stricken evidence
    2-5      Statements of counsel
    2-6      Jury recollection controls
    2-8      Burden of Proof (replacing the words "against the party
             upon whom the burden of proof on that issue rested" with
             the words "for the defendant") 2-9
Evidence produced by adversary

    25

2-10    Direct and circumstantial evidence

3-1    Jury to determine credibility of witnesses
3-2    Number of witnesses
3-3    Expert opinion
3-4    Expert opinion/conflict
3-5    Depositions
3-8    Impeachment by prior inconsistent statements

5-1    Negligence defined
5-2    Relative Concept,
5-3    Unusual Caution or Skill Not Required
5-4    Right to Assume Proper Conduct By Others
5-5    Comparative Negligence,
5-8    Violation of Regulations/Statutes Negligence Per Se
5-9    Violation of Regulations/Statutes Evidence of Negligence.
5-11    Proximate cause defined

12-1    Damages - Jury to Award
12-2    Extent of Damages - Proximate Cause
12-5    Damage verdict-Multiple Defendants

13-1    Damages—Elements

13-3    Medical treatment - Past and Present
13-4    Lost earnings - Past and Present
13-5    Lost Earnings -Future

16-1    Punitive Damages (Defendant not a Corporation)
16-3    Computation of Punitive Damage Award

18-1    Arrest Defined 18-2
False Arrest Defined
18-5    Use of Force in Making Arrest -Resistance Prohibited
18-6    Damages for False Arrest
18-7    Liability for continued detention after discovering that
         suspicion for initial arrest was unfounded

<u>Objections by Defendant:</u> None

<u>Defendants' Requested Standard Jury Instructions:</u>

1-1 Function of the court
1-2 Function of the jury
1-3 Significance of party designations
1-4 Juror's duty to deliberate

1-5 Attitude and conduct of jurors
1-6 Instructions to be considered as a whole
1-7 Court's commenting on the evidence
1-8 Court's questions to witnesses
1-9 Jury not to take cue from judge
1-10    Rulings on obj ections
1-11    Equality of litigants

2-1    Evidence in the case
2-2    Evidence in the case-Judicial Notice
2-3    Inferences
2-4    Inadmissible and stricken evidence
2-5    Statements of counsel
2-8    Burden of Proof
2-9    Evidence produced by adversary
2-10  Direct and circumstantial evidence

3-1    Jury to determine credibility of witnesses
3-2    Expert Opinion
3-8    Impeachment by prior inconsistent statements
3-9    Charts and Summaries

6-1    Establishing employer-employee Relationship
6-2    Vicarious liability-Basis
6-3    Agency or scope of employment contested
6-4    Employer and employee sued

12-1 Damages - Jury to Award
12-2 Extent of Damages - Proximate Cause
12-3 Burden of Proof- Speculative Damages
13-1 Damages-elements

16-1    Punitive damages (defendant not a corporation) 16-3
Computation of award

**Objections by Plaintiff:** 6-1 Employer employee relations ship admitted; 6-3 same ; 6-4

defendants have admitted Bemiller and Payne were performing duties

### SPECIAL JURY INSTRUCTIONS

REQUESTED BY PLAINTIFF:

Special Jury Instruction #1- *42 U.S.C. $ 1983*

Plaintiff contends that his civil rights protected under the federal civil rights statute

42 U.S.C. § 1983 were violated. The federal civil rights act 42 U.S.C. § 1983, provides for enforcement of Constitutional rights by civil actions, such as this. The statute provides that:

> Every person, who, under color of any statute, ordinance, custom or usage of any State … or the District of Columbia, subjects, or causes to be subjected any citizen of the United States … to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . .

Authority:
Based upon:
(3 Devitt, Blackmar & Wolff, Federal Jury Practice And Instructions, (4th ed. 1987) § 103.02.

Special Jury Instruction #2 —*Failure to Prevent Conspiracies*

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985... are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented....

Authority:  *See Santiago* v. *Philadelphia,* 435 F. Supp. 136 (E.D. Pa. 1977).

Special Jury Instruction #3 *-42 U.S.C§1981:*

All person within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishments, pains, penalties, taxes, licenses, and executions of every kind, and to no other; and

(c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law. Authority: 42 U.S.C.§1981(a) and (c) Special Jury Instruction #4 —

Plaintiffs claim against the District of Columbia for constitutional violations is based upon the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers", which inflicted injury upon the plaintiff James. Monell v. Department of Social Services, 436 U.S. 658, at 690 (1978).

Special Jury Instruction #5 - Standard of Review for Municipality Cases

The standard of review for cases in which the municipality can be held responsible for the use offeree by its officers that exceeded constitutional limitations is as follows: the officers exceeded constitutional limitations on the use offeree; 2) the use of force occurred under circumstances that were usual and recurring; 3) the inadequate training or deficient procedure showed a deliberate indifference on the part of the city to the persons who come in contact with city police officers, and; 4) There is a direct causal link between the deficient policy and/or failure to train and the constitutional injury. Myers v. Oklahoma County Board of County Commissioners, 151 F.3rd 1313 (10th Cir., 29 1998).

Special Jury Instruction #6 - Use of Force

Procedures or policies pertaining to the use of force, the use of deadly force and the use of firearms, that did not reflect generally accepted law enforcement practices and standards and that created a high risk of death to civilians can result in the municipality being held responsible for the constitutional violations perpetrated by its officers. City of

Canton v.Harris, 489 U.S. 378, 109 S.Court 1197 (1989) Special Jury Instruction #7 - *Civil Rights Act*

Federal law provides that any individual may seek redress in this court, by way of money damages, against any person or persons who, under color of state law, deprive that individual of any of his constitutional rights. Monell v. Department of Social Services, 436 U.S. 658 (1978); Monroe v. Pape, 365 U.S. 167 (1961).

Special Jury Instruction #8 - *Color of Law*

Color of Law. "Acting under color of law" means "under pretense of law," simply means acting in one's capacity as a police officer. There is really no dispute that at the time of this incident, the defendant was a police officer for the District of Columbia acting in his official capacity. The plaintiff does not have to prove that the defendant was acting within the law, if he was acting as a police officer, then he was acting under color of law. Monroe v. Pape, 365 U.S. 167 (1961). Special Jury Instruction *#9 - Specific Intent not Required*

No specific intent required. It is not necessary to find that the defendants had any specific intent to deprive the plaintiff James of his civil rights in order to find in favor of the plaintiff James. The plaintiff is entitled to relief if the defendant acted in a manner, 30 which resulted in a violation of the plaintiff James rights. Gomez v. Toledo, 446 U.S. 635 (1980); Monroe v. Pape, 365 U.S. 167 (1961); Pierson v. Ray, 386 U.S. 547 (1967). Special Jury Instruction #10 -*Bias of Official Witness*

Several of the witnesses are still employed as police officers and city officials, and hence are interested witnesses in the outcome of this case. Their relationship and

employment by the District of Columbia is a matter for you to consider, together with your observation of the witnesses and the testimony you have heard, in determining whether they are biased in favor of the defendants and what weight you will give to their testimony. You are at liberty to disbelieve the testimony of such witnesses even though it is not otherwise impeached or contradicted. Special Jury Instruction *#11-Joint Tortfeasors*

Where two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or performing it under circumstances which fairly charge them with intending the consequences which follow. They incur a joint and several liability for the acts of each and all of the joint participants. The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another. Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages. All those who actively participate in a wrongful act, by cooperation or request, or who lend aid, or ratify, or adopt his acts for their benefit, are equally liable with him. *Prosser,* Law of Torts, Section 46,4th Ed., 1971, pp. 291-295. Special Jury Instruction #12- *Municipal liability*

If you find the individual police officer(s) liable to the plaintiff James in damages, you must find the defendant municipality liable as well is you find that the police officer was employed by the District of Columbia and was acting within the scope of his employment at the time that this incident took place. It has been conceded that the officer(s) herein were acting within the scope of (their) employment" at the time of the incident.   You do not have to conclude that the city had ordered, or was even aware of, the specific conduct of the officers in order to find the city liable. It is no defense to the

liability of the District of Columbia that the officers abused his or their authority or that he

or they used an unreasonable or excessive amount offeree against the plaintiff James if the

police officer was engaged in police work at the time he acted. The city will be liable even

for the intentional wrongful acts of the officer, if the risk of such misconduct is not

expectable given the general nature of police work. Where the District of Columbia has

authorized officers to use force in appropriate situations, it is no defense to the liability of

the city that it is used inappropriately or excessively against Mr. James. *Restatement of

Agency* 2nd, Section 245; *Harper and James, The Law of Torts,* 1389 to 1392 (1956);

Prosser, *Law of Torts,* 4th Edition, 464; Ira S. Bushey & Sons v. U.S., 398 F.2d 167 (2nd Cir.

1968); Vargas v. Correa, 416 F.Supp. 266 (S.D.N.Y. 1976).

Special Jury Instruction #13 - *Compensatory Damages*

The fact that the plaintiff James rights are found to have been violated, in itself, entitles him

to actual damages. Therefore, if you decide for the plaintiff on the issue of liability, you

must then fix the amount of money damages, which will reasonably and fairly compensate

him for any harm, which the wrongful conduct of the defendants was a substantial factor in

bringing about. Among the elements of injury and harm which you should consider are: 1)

the violation of his constitutional right to be free from excessive 32

use offeree; 2) the reasonable expense for property damaged or destroyed; 3) the physical

harm to the plaintiff during and after the impairment, including ill health, physical pain,

disability, disfigurement, or discomfort, and any such physical pain, disability, and

discomfort, which plaintiff will, with reasonable certainty, suffer in the future; 4) the

emotional and mental harm to the plaintiff during and after the violation, including fear,

humiliation, and mental anguish, and any emotional harm, fear, or mental anguish, that

plaintiff will, with reasonable certainty, suffer hi the future; 5) the reasonable expense of

medical care, treatment and services requires and received by Mr. James hi connection with

his physical injuries, and the expenses for medical care that will be reasonable incurred in

the future; 6) the extent and duration of the injuries. *Restatement of Torts II,* Section 431;

Kerr v. City of Chicago, 424 F.2d 1134, 1141 (7[th]Cir. 1970); Guzeman v. Western State

Bank, 540 F.2d 948 (8th Cir. 1976).

**Objection by Defendant's:** Defendants object to Plaintiffs Special Instruction No. 10

*Note: The Plaintiff reserve the right to amend or add jury instructions in accordance -with the evidence adduced at trial.*

## THE DEFENDANTS' STANDARD JURY INSTRUCTIONS

Defendant's Standard Jury Instructions

| | |
|---|---|
| 1.1 | Function of the Court |
| 1.2 | Function of the Jury |
| 1.4 | Juror's Duty to Deliberate |
| 1.5 | Attitude & Conduct of Jurors |
| 1.6 | Instructions to Be Considered as a Whole |
| 1.7 | Court's Comments on Evidence |
| 1.8 | Court's Questions to Witnesses |
| 1.9 | Jury Not to Take Cue from Judge |
| 1.10 | Ruling on Objections |
| 1.12 | Equality of Litigants-individuals |
| 2.1 | Evidence in the Case |
| 2.3 | Inferences |
| 2.4 | Inadmissible and Stricken Evidence |
| 2.5 | Statements of Counsel |
| 2.6 | Jury's Recollection Controls |
| 2.8 | Burden of Proof |
| 2.9 | Evidence Produced by Adversary |
| 3.1 | Jury to Determine Credibility of Witnesses |
| 3.2 | Number of Witnesses |
| 3.5 | Depositions as Evidence |
| 3.8 | Impeachment by Prior Inconsistent Statements |
| 12.3 | Burden of Proof - Speculative Damages |

12.7            Duty to Mitigate Damages

**THE DEFENDANTS' SPECIAL JURY INSTRUCTIONS**

The defendants reserve the right to propose special jury instructions at the close of all of the evidence.

**<u>PROPOSED VERDICT FORM</u>**

Plaintiff will present the Verdict form after the evidence has been adduced at trial.

**<u>Defendant's</u>:**

**VERDICT FORM**

The District defendants will submit a proposed verdict form at the close of the evidence.

                                    Respectfully submitted,
                                    DuBoff & Associates, Chartered

                        By:    /s/ Donna Williams Rucker_____
                                    Donna Williams Rucker, Esquire (#446713)
                                    8401 Colesville Road, Ste. 501
                                    Silver Spring, Maryland 20910
                                    (301) 495-3131    Office
                                    (301) 587-1872    Facsimile

                        <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 30th day of October 2007 a copy of the

foregoing Pretrial Statement was sent via the Court's ECF system, to George Rickman,

Assistant Attorney General, 441 4th Street, N.W., Washington, D.C.

                                    /s/Donna Williams Rucker_____
                                    Donna Williams Rucker