UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANTE M. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2020 (PLF) |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

At the pretrial conference on Wednesday, November 7, 2007, the Court announced its preliminary views on the pending motion for summary judgment. The Court has now re-reviewed the complaint and the motions papers with care.

Having done so, the Court concludes that judgment must be entered for the District of Columbia on plaintiff's claims under 42 U.S.C. § 1983 for violations of the plaintiff's Fourth, Fifth and Fourteenth Amendment rights (Count I). These claims therefore will go forward to trial only with respect to Officer Eldorado Mills and the John Does. The plaintiff has failed to offer any evidence tending to show that any employee of the District of Columbia acted in accordance with any government policy or custom and that any such policy or custom caused the alleged violation of her rights. Judgment therefore will be entered for the District of Columbia on Count I. The Court will further explain its reasons for the decision later either orally or in writing.

The common law claims against defendant Mills (Counts II through V) all raise genuine issues of material fact that can only be resolved at trial. The defendants' motion for summary judgment on these claims therefore must be denied as to defendant Mills.

As for the common law claims against the District of Columbia, plaintiff's real argument seems to be that the District of Columbia is liable for Mills' conduct under a theory of negligent supervision or negligent training. Viewing the evidence in the light most favorable to the plaintiff and drawing all reasonable inferences from the proffered evidence in her favor, the Court is not prepared to conclude that a reasonable jury could not return a verdict for her, particularly when one considers the expert report of Robert Klotz in conjunction with the statements of the plaintiff herself and the proffered testimony of her father and her mother. A reasonable jury might well find that the District of Columbia negligently supervised and trained Officer Mills (Count V) and therefore is responsible for his actions in arresting and imprisoning plaintiff and causing her infliction of emotional distress (Counts II and IV).[1] Mr. Klotz's expert report can fairly be read as including an opinion that Officer Mills violated national and local police standards in many respects and that no reasonable well-trained police officer could act in such a manner. A reasonable jury therefore could conclude that Mr. Mills was negligently

---

[1] The Court is less sanguine with respect to the possibility of plaintiff proving the allegations in Count III (assault and battery) as against the District of Columbia, but at this point it is for the jury.

trained and negligently supervised by the District of Columbia and one or more of the John Does.[2]

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: November 8, 2007

---

[2] Mr. Klotz will be able to testify about the materials on which he relied in reaching his opinions, probably including testimony about at least some of the disciplinary complaints filed against Officer Mills in the past -- subject, of course, to appropriate limiting instructions.