THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANTE' M. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 05 02020 (PLF) |
| ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### DEFENDANT DISTRICT OF COLUMBIA'S
### MOTION IN *LIMINE* TO EXCLUDE EVIDENCE
### REGARDING OFFICER MILLS' POLICE ENCOUNTERS AND
### DISCIPLINARY EVENTS SUBSEQUENT TO ARREST OF PLAINTIFF

Defendant District of Columbia, by and through counsel, pursuant to Fed. R. Civ. P. 16(d), respectfully moves this Honorable Court to enter an Order excluding all evidence and/or testimony regarding Defendant Officer Mills' encounters with the police and any resulting disciplinary actions taken against him by the Metropolitan Police Department *subsequent* to the arrest of the Plaintiff at issue in this case.

In further support of its Motion, the District respectfully refers the Court to the attached Memorandum of Points and Authorities. Plaintiff has not consented to the relief requested.

Respectfully submitted,

LINDA SINGER
Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

  /s/ Phillip A. Lattimore, III
PHILLIP A. LATTIMORE, III [422968]
Section Chief

        General Litigation Section III

        __/s/ C. Vaughn Adams_____
        C. VAUGHN ADAMS [449770]
        Assistant Attorney General
        441 4th Street, N.W., 6S-066
        Washington, D.C. 20001
        (202) 724-6519
        (202) 727-3625 (fax)
        corliss.adams@dc.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 27th day of November, 2007, to:

        Donna Williams Rucker, Esq,
        DuBoff & Associates, Chartered
        8401 Colesville Road, Suite 501
        Silver Spring, MD  20910
        Attorney for Plaintiff

        _____
        C. VAUGHN ADAMS [449770]
        Assistant Attorney General

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANTE' M. MOORE, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No: 05 02020 (PLF) |
| ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al. ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**DEFENDANT DISTRICT OF COLUMBIA'S
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S
MOTION IN *LIMINE* TO EXCLUDE EVIDENCE
REGARDING OFFICER MILLS' POLICE ENCOUNTERS AND
<u>DISCIPLINARY EVENTS SUBSEQUENT TO ARREST OF PLAINTIFF</u>**

This Court should exclude any and all evidence and/or testimony regarding the arrest of Defendant Officer Mills and any resulting disciplinary action taken by the Metropolitan Police Department pertaining to that arrest because such evidence is inadmissible, irrelevant, prejudicial and likely to cause confusion in the minds of the jury.

**I.    STATEMENT OF FACTS:**

This case arises from the arrest of Plaintiff on **October 12, 2004,** at approximately 2:15 a.m., in the 1100 Block of 44th Place, S.E.. See, P.D. 163 Arrest/Prosecution Report, prepared by Officer Eldorado Mills, dated October 12, 2004, attached hereto as Exhibit "A." Plaintiff alleges in Count V (Negligent Supervision and Respondeat Superior) of her Complaint that Officer Mills was negligently supervised by the Defendant District of Columbia and that it "knew or should have known" and "[was] on notice that Defendant Mills had a history of stopping and harassing young females during the course of his duties." Complaint at Paragraphs 61-62.

In the deposition of Defendant Officer Mills, Plaintiff's counsel elicited testimony from Officer Mills regarding an incident that occurred in **December, 2004**, that resulted in the arrest of Officer Mills by Prince George's County, Maryland Police. Exhibit B, Depo. of Eldorado Mills pp. 86-90.  Plaintiff's counsel also referenced a newspaper article from the Washington Post relating to this incident.  Id. Officer Mills was charged with pandering and stood for trial.  Id.  Incident to this arrest and charge, Officer Mills was placed on routine administrative leave by his employer, the Metropolitan Police Department. Id.  Officer Mills remained on administrative leave while the criminal case against him was pending in Prince George's County.  Officer Mills was ultimately acquitted of all charges in the Prince George's County matter and he was returned to duty in the MPD in 2006. Id.

Defendants are of information and belief that Plaintiff will attempt to introduce evidence of this Prince George's County incident, which occurred *after* Plaintiff was arrested in an attempt to prove that the Defendant District of Columbia was negligent or was on notice that Defendant Mills would violate the rights of a female suspect.  This evidence is inadmissible for that purpose.  Furthermore, this information is highly inflammatory, prejudicial and confusing to the jury. It should be excluded.

## II.    ARGUMENT:

In claims of negligent supervision and respondeat superior liability, the plaintiff must prove, *inter* alia, that the defendant employer had *prior* notice of improper behavior by the employee in question. The major test is notice: whether the employer "knew or should have known employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise the employee." Giles v. Shell Oil Corp., 487 A.2d 610, 613 (D.C. 1985). The requirement that an

employer "knew" or "should have known" of an employee's improper behavior assumes that any incident that the employer knew or should have known about had already occurred. In other words, the employer is not required to foresee the future to avoid liability in a negligent supervision claim.

In this case, Plaintiff was arrested on October 12, 2004. Any evidence supporting a claim of negligent supervision or respondeat superior liability had to have taken place PRIOR TO OCTOBER 12, 2004 for it to have placed Defendant District of Columbia on notice that Officer Mills was not performing according to the rules and regulations of the Metropolitan Police Department. The arrest of Defendant Mills in Prince George's County, MD took place on December, 2004, two months *after* the arrest of the Plaintiff. There is no way, shape or form that this arrest could have been known to the Metropolitan Police Department--or anyone else, for that matter-- prior to the arrest of the Plaintiff in October, 2004. Therefore, it is irrelevant to any claim of negligent supervision or respondeat superior liability. <u>Smith v. Executive Club, Ltd.</u>, 458 A.2d 32, 37-43 (D.C. 1983) (evidence of arrest seven months after purported false arrest of plaintiff irrelevant and its admission was erroneous).

Evidence of this arrest and any subsequent disciplinary action taken by the Metropolitan Police Department against Officer Mills should also be excluded on the grounds that it is highly inflammatory and prejudicial to the Defendants. F.R.E. 403.  Defendant Mills was charged with pandering, an offense often associated with prostitution. Of course, Officer Mills was acquitted of these charges and is innocent. He is a victim of having been in the wrong place at the wrong time. However, the intersection of the outrageous claims being made by the Plaintiff against Officer Mills in this case and the lurid nature of a pandering charge would be highly prejudicial and potentially confusing to a jury against the Defendants—especially when that charge occurred

3

after the arrest of the Plaintiff and in light of the fact that Officer Mills was acquitted of that charge. Carter v. District of Columbia, 795 F.2d 116 (D.C. Cir., 1986) (Trial court committed reversible error in failing to restrict arrestee/plaintiffs from introducing incidents of police misconduct other than the incident in the suit, allowing counsel to read at length from newspaper articles about incidents other than the incident in question, unadjudicated incidents involving other police officers and reading from the personnel files of the individual defendant police officers, exposing officers to danger of unfair prejudice with respect to the claims brought against them); . Williams v. Drake, 146 F.3d 44(1st Cir., 1998) (In prisoner action against correctional officers for excessive force, Magistrate Judge did not abuse discretion in excluding evidence of prisoner's guilty plea before prison disciplinary board for inflicting bodily harm upon the officers in the same incident. The probative value was minimal and the potential for confusion was high because of the procedural and substantive differences between a disciplinary hearing and a jury trial).

### III.   CONCLUSION:

For the foregoing reasons, defendant respectfully requests that the Court exclude any and all evidence and/or testimony regarding the disposition of plaintiff's criminal case and any attorney's fees and costs incurred in the defense thereof.

Respectfully submitted,

LINDA SINGER
Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

4

   /s/ Phillip A. Lattimore, III  
PHILLIP A. LATTIMORE, III [422968]  
Section Chief  
General Litigation Section III


   /s/ C. Vaughn Adams  
C. VAUGHN ADAMS [449770]  
Assistant Attorney General  
441 4th Street, N.W., 6S-066  
Washington, D.C. 20001  
(202) 724-6519  
(202) 727-3625 (fax)  
corliss.adams@dc.gov

5

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **SHANTE' M. MOORE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No: 05 02020 (PLF) |
| ) | |
| ) | |
| **DISTRICT OF COLUMBIA, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

Upon consideration of the Defendant District of Columbia' Motion for Partial Summary Judgment, or in the Alternative, In Limine to Exclude Evidence Regarding Disposition of the Underlying Criminal Case, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and the record herein, it is, by this Court this _____ day of _____, 2007;

ORDERED that: Defendant District of Columbia's Motion In Limine to Exclude Evidence Regarding Disposition of the Underlying Criminal Case be and same is hereby GRANTED; and it is

FURTHER ORDERED that: any and all evidence and/or testimony regarding the disposition of the underlying criminal action and any attorney's fees and costs incurred in the defense of such action be excluded at trial.

_____
PAUL L. FRIEDMAN Judge
United States District Court

cc:
C. Vaughn Adams, Esq.                Donna Williams Rucker, Esq.
441 4th Street, N.W., 6S-066         8401 Colesville Road, Suite 501
Washington, D.C. 20001               Silver Spring, MD 20910