## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANTE' M. MOORE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No: 05 02020 (PLF) |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
|       Defendants. | ) |

## DEFENDANT DISTRICT OF COLUMBIA'S
## MOTION IN LIMINE TO EXCLUDE EVIDENCE
## REGARDING DISPOSITION OF THE UNDERLYING CRIMINAL CASE

Defendant District of Columbia, by and through counsel, pursuant to Fed.R.Civ.P. 16(d), respectfully moves this Honorable Court to enter an Order excluding all evidence and/or testimony regarding the disposition of criminal charges against Plaintiff and any fees incurred in defending the criminal action.

In further support of its Motion, the District respectfully refers the Court to the attached Memorandum of Points and Authorities. Plaintiff has not consented to the relief requested.

                    Respectfully submitted,

                    LINDA SINGER
                    Attorney General

                    GEORGE C. VALENTINE
                    Deputy Attorney General
                    Civil Litigation Division

                    __/s/ Phillip A. Lattimore, III_____
                    PHILLIP A. LATTIMORE, III [422968]
                    Section Chief
                    General Litigation Section III

        /s/ C. Vaughn Adams
C. VAUGHN ADAMS [449770]
Assistant Attorney General
441 4th Street, N.W., 6S-066
Washington, D.C. 20001
(202) 724-6519
(202) 727-3625 (fax)
corliss.adams@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 27th day of November, 2007, to:

Donna Williams Rucker, Esq,
DuBoff & Associates, Chartered
8401 Colesville Road, Suite 501
Silver Spring, MD  20910
Attorney for Plaintiff

_____
C. VAUGHN ADAMS [449770]
Assistant Attorney General

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANTE' M. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 05 02020 (PLF) |
| ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### DEFENDANT DISTRICT OF COLUMBIA'S
### MEMORANDUM OF POINTS AND AUTHORITIES IN
### SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S
### MOTION IN LIMINE TO EXCLUDE EVIDENCE
### REGARDING DISPOSITION OF THE UNDERLYING CRIMINAL CASE

The Court should exclude any and all evidence and/or testimony regarding disposition of the criminal charges against plaintiff and any attorney's fees and costs incurred in the defense thereof because such evidence is inadmissible, being irrelevant, prejudicial, and likely to cause to confusion in the minds of the jury.

**I.    STATEMENT OF FACTS:**

This case arises from the arrest of Plaintiff on October 12, 2004 at approximately 2:15 a.m., in the 1100 Block of 44th Place, S.E.. See, P.D. 163 Arrest/Prosecution Report, prepared by Officer Eldorado Mills, dated October 12, 2004, attached hereto as Exhibit "A."

Officer Mills, while on routine patrol, observed Plaintiff drive through a stop sign at Hillside Drive and 46th Place, S.E. without stopping. Exhibit "A." Officer Mills executed a U-turn, followed Plaintiff and activated his lights and siren in an attempt to pull over the Plaintiff's vehicle. Exhibit "A." Plaintiff ignored the officer's lights and siren and continued on approximately three blocks to her home, where she exited the car and was confronted by Officer

Mills. Exhibit "A". Plaintiff refused Officer Mill's request to produce her license, was combative, uncooperative and abusive towards Officer Mills, who then called for back up. Exhibit "A". In the presence of at least three other officers from the 6th District, including his supervisor, Officer Mills placed the Plaintiff under arrest for fleeing an officer, handcuffed her and placed her in the back of his squad car. Exhibit "A". Plaintiff was transported a short distance to the 6th District Metropolitan Police Department Station House and booked. Complaint at Para. 32. Pursuant to normal procedures, Plaintiff was transported to the Superior Court for her initial appearance the following morning. Plaintiff was released on her own recognizance.

The charges filed against the Plaintiff were dismissed for want of prosecution when the Office of the Attorney General, the office that prosecutes this offense, was not ready for trial at the call of trial by the court. Plaintiff then filed the instant lawsuit for false arrest, false imprisonment, assault and battery, negligent supervision and various Constitutional violations. (All Constitutional claims have been dismissed.)

**II.     ARGUMENT:**

The majority of courts have held that evidence regarding disposition of the underlying criminal action is inadmissible. Annotation, *Conviction or Acquittal as Evidence of the Facts on which It was Based in Civil Action*, 18 A.L.R.2d 1287. As with the majority of courts, the D.C. Court of Appeals ruled in District of Columbia v. Colston, 468 A.2d 954 (D.C. 1983), that:

> Evidence of the dismissal of criminal charges is not admissible in a civil case for false arrest arising out of the same events as the criminal charges. District of Columbia v. Gandy, 458 A.2d 414 (D.C. 1983). Moreover, **evidence of acquittal of criminal charges is also inadmissible in such a civil action.** Accord Gandy, supra (citing Galbraith v. Hartford Fire Insurance Company, 464 F.2d 225 (3rd Cir., 1972)).

2

Id. at 957. One obvious reason behind the exclusion of such evidence is that "an acquittal in a criminal prosecution is not necessarily a judgment of innocence, but merely a negative statement that the quantum of proof necessary for conviction had not been presented." Galbraith v. Hartford Fire Insurance Company, 464 F.2d 225 (3rd Cir., 1972).

      Moreover, the acquittal of underlying criminal charges is simply not relevant in any subsequent civil action for false arrest. "In actions for false arrest and false imprisonment, the central issue is whether the arresting officer was justified in ordering the arrest of the plaintiff." District of Columbia v. Murphy, 631 A.2d 34, 36-37 (D.C. 1993); Etheredge v. District of Columbia, 635 A.2d 908, 918 (D.C. 1993). An arrest is legally justified if: (1) the officer had probable cause, (2) the officer detained the plaintiff because the officer had a reasonable explainable suspicion that the plaintiff was engaged in criminal activity, or (3) the officer reasonably believed, in good faith, that his conduct toward the plaintiff was lawful. Standardized Civil Jury Instructions for the District of Columbia, Instruction 18-3 (1998 rev. ed.). The validity of an arrest is determined as of the time of the arrest by the reasonableness of the officer's conduct under the circumstances known to him. Wade v. District of Columbia, 310 A.2d 857 (D.C. 1973); Marshall v. District of Columbia, 391 A.2d 1374 (D.C. 1978); Wolfe v. Perry, 412 F.3d 707, 717 (6th Cir. 2005) (probable cause is assessed "from the perspective of a reasonable officer on the scene rather, than with the 20/20 vision of hindsight"). Therefore, a subsequent finding that there is insufficient evidence to convict has no bearing upon whether an officer had probable cause or acted reasonably at the time of the arrest.

      Further, evidence or testimony regarding the acquittal will very likely lead to jury confusion. In this instance, the jury may mistakenly consider the non-prosecution of plaintiff as dispositive evidence that she must have been falsely arrested, assaulted, and improperly detained

by the police. Williams v. Drake, 146 F.3d 44(1st Cir., 1998) (In prisoner action against correctional officers for excessive force, Magistrate Judge did not abuse discretion in excluding evidence of prisoner's guilty plea before prison disciplinary board for inflicting bodily harm upon the officers in the same incident. The probative value was minimal and the potential for confusion was high because of the procedural and substantive differences between a disciplinary hearing and a jury trial). Therefore, all evidence and/or testimony regarding plaintiff's non-prosecution on the underlying charge of simple assault should be excluded.

In addition, the Court should exclude all evidence and/or testimony of plaintiff's legal costs associated with the criminal prosecution, if any, because there is no easy way to permit plaintiff to testify or present evidence as to the cost of defending the criminal charges against her without risking testimony regarding the disposition of her case. Moreover, testimony and/or evidence regarding plaintiff's legal costs for the criminal action may lead to speculation on the part of the jury as to the disposition of the criminal charges. Again, the fact that plaintiff was acquitted is irrelevant, highly prejudicial, and likely to cause jury confusion of the issues. Therefore, the court should exclude any evidence of attorney's fees and costs incurred in defending the underlying criminal action, as well as the disposition of such action.

### III.   CONCLUSION:

For the foregoing reasons, defendant respectfully requests that the Court exclude any and all evidence and/or testimony regarding the disposition of plaintiff's criminal case and any attorney's fees and costs incurred in the defense thereof.

                                                  Respectfully submitted,

                                                  LINDA SINGER
                                                  Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division



  /s/ Phillip A. Lattimore, III
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III



  /s/ C. Vaughn Adams
C. VAUGHN ADAMS [449770]
Assistant Attorney General
441 4th Street, N.W., 6S-066
Washington, D.C. 20001
(202) 724-6519
(202) 727-3625 (fax)
corliss.adams@dc.gov

5

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANTE' M. MOORE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No: 05 02020 (PLF) |
| | ) |
| DISTRICT OF COLUMBIA, et al. | ) |
| | ) |
|       Defendants. | ) |
| | ) |

## ORDER

Upon consideration of the Defendant District of Columbia' Motion for Partial Summary Judgment, or in the Alternative, In Limine to Exclude Evidence Regarding Disposition of the Underlying Criminal Case, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and the record herein, it is, by this Court this ____ day of _____, 2007;

ORDERED that: Defendant District of Columbia's Motion In Limine to Exclude Evidence Regarding Disposition of the Underlying Criminal Case be and same is hereby GRANTED; and it is

FURTHER ORDERED that: any and all evidence and/or testimony regarding the disposition of the underlying criminal action and any attorney's fees and costs incurred in the defense of such action be excluded at trial.

_____
PAUL L. FRIEDMAN
United States District Judge

cc:
C. Vaughn Adams, Esq.                Donna Williams Rucker, Esq.
441 4th Street, N.W., 6S-066         8401 Colesville Road, Suite 501
Washington, D.C. 20001               Silver Spring, MD 20910