**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHANTE M. MOORE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No.: 05-2020 (PLF/DMR) |
| | * |
| DISTRICT OF COLUMBIA, et. al., | * |
| | * |
| Defendants. | * |

**PLAINTIFF'S OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING DISPOSITION OF THE UNDERLYING CRIMINAL CASE**

**COMES NOW**, Plaintiff Shante M. Moore, by and through her counsel Donna Williams Rucker, Esquire, and the law firm of DuBoff & Associates, Chartered, and pursuant to the Federal Rules of Civil Procedure, in opposition to Defendant District of Columbia's Motion In Limine to Exclude Evidence Regarding Disposition of the Underlying Criminal Case, and in support therefore, states as follows:

1. The underlying criminal charges levied against the Plaintiff are relevant in the above captioned case as Plaintiff has made claims against the District of Columbia and Officer Mills which include claims for false arrest and false imprisonment.

2. Plaintiff did not flee the police, there was no evidence she did such, and there was no probable cause for Defendant's to believe Plaintiff was alluding and/or fleeing the police or that she failed to show identification.

3. The probative value of the disposition of the underlying criminal charges is highly necessary and probative and the jury will not be confused.

4. Plaintiff incorporates the facts law and argument contained within the Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant

District of Columbia's Motion in Limine to Exclude Evidence Regarding Disposition of the Underlying Criminal Case as if fully set forth herein.

**WHEREFORE**, plaintiff respectfully requests that Defendant District of Columbia's Motion In Limine to Exclude Evidence Regarding Disposition of the Underlying Criminal Case be denied and for such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

By:   /s/ *Donna Williams Rucker*
Donna Williams Rucker, 446713
DUBOFF & ASSOCIATES, CHARTERED
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910
(301) 495-3131   Office
(301) 587-1872   Facsimile

### CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing Plaintiff's Opposition to Defendant District of Columbia's Motion In Limine to Exclude Evidence Regarding Disposition of the Underlying Criminal Case, with accompanying Memorandum of Points and Authorities and a copy of the proposed Order were electronically mailed via this Court's Electronic Case Filing System this 11th day of December, 2007, to C. Vaughn Adams, Esquire, Assistant Attorney General, 441 4th Street, N.W., Washington, D.C.

 /s/ *Donna Williams Rucker*
Donna Williams Rucker, 446713

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SHANTE M. MOORE,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | *   Civil Action No.: 05-2020 (PLF/DMR) |
| | * |
| **DISTRICT OF COLUMBIA, et. al.,** | * |
| | * |
| **Defendants.** | * |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING DISPOSITION OF THE UNDERLYING CRIMINAL CASE**

**COMES NOW**, Plaintiff Shante M. Moore, by and through her counsel Donna Williams Rucker, Esquire, and the law firm of DUBOFF & ASSOCIATES, CHARTERED, and pursuant to the Federal Rules of Civil Procedure, and files this Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant District of Columbia's Motion In Limine to Exclude Evidence Regarding Disposition of the Underlying Criminal Case, and in support therefore, states as follows:

**I.   FACTS**

The underlying facts of the above captioned case are that on or about October 12th, 2004 the plaintiff was operating her motor vehicle northbound on 46th Street S.E., at, or near, its intersection with Hillside Road S.E. Plaintiff stopped at the stop sign at the corner and she then made a left turn onto Hillside Drive S.E.. After completing her turn, she passed a marked patrol car as she went westbound on Hillside Drive S.E.. As she passed the marked car the operator of the vehicle, later identified as defendant Mills, made sexual gestures using his hand, towards the plaintiff. Plaintiff frowned at the officer's advances and continued approximately two blocks to

3

her home at 1108 48th Place S.E..  Plaintiff drove her car onto the driveway of her home and got out of the car, as she did so she observed a marked Metropolitan Police vehicle with its emergency lights on and the vehicle blocked the driveway. The plaintiff had not observed the marked car since passing it on Hillside Drive S.E..

The plaintiff spent a day in jail and the next day she was arraigned and released on her own recognizance. There were several court appearances scheduled that she attended, the defendant Mills never appeared and the case against her was dismissed.

**II.     ARGUMENT**

      **A. The underlying criminal charges levied against the Plaintiff are highly relevant in that Plaintiff has made claims against the Defendants for false arrest and false imprisonment.**

Defendant District of Columbia would have this Court issue an order that the Plaintiff is prevented from presenting any evidence or testimony that the underlying criminal charges against the Plaintiff were dismissed.  In the case at bar the facts and circumstances surrounding Plaintiff's charges and the ultimate dismissal of those charges is directly bearing on Defendant Mills' actions.  Plaintiff's claims against the District of Columbia and Defendant Mills includes claims of intentional infliction of emotional distress which include the actions of the officer at the scene and his subsequent actions and/or inactions during the criminal proceedings.

Whenever there has been an arrest and imprisonment without a warrant, the officer has acted extrajudicially and the presumption arises that such an arrest and imprisonment are unlawful. (*Smith v. County of Nassau*, 34 N.Y.2d 18, 23, 355 N.y.S.2d 349, 352-533, 311 N.E.2d 489, 492).  As a matter of pleading the defendant has the burden of proving legal justification as an affirmative defense and the defendant will be precluded from introducing such evidence under

4

a general denial. (*Woodson v. New York City Housing Auth.,* 10 N.Y.2d 30, 217 N.Y.S.2d 31, 176 N.E.2d 57). Justification may be established by showing that the arrest was based on probable cause. After the fact judicial participation cannot validate an unlawful arrest; only probable cause existing at the time of arrest will validate the arrest and relieve the defendant of liability. (*Boughton v. State*, 37 N.Y.2d 451, 373 N.Y.S.2d 87 (N.Y., 1975)). Evidence of a subsequent dismissal, acquittal or reversal on appeal would also be admissible to refute the affirmative defense of justification. *Id.*

  The District would further have this Court believe that any slight mention regarding the dismissal of the charges would lead to jury confusion. However in cases cited by the Defendant, at most the court ruled that it was harmless error for the Plaintiff or the Plaintiff's counsel to inform the jury that the charges leading to the arrest were dropped. *District of Columbia v. Colston*, 468 A.2d 954 (1983). In *Colston* in the opening statement counsel advised the jury that the charge had been dropped and then on direct testimony Plaintiff's counsel asked the plaintiff about the disposition of the criminal charge. The trial court took judicial notice that the authorities had elected not to proceed with that charge and issued a jury instruction that the jury was to avoid allowing passion, prejudice, or sympathy to influence its decision. On appeal the court ruled that taken in context the error was harmless. *Id* at 957.

  Should Plaintiff be permitted to advise the jury that the charges against her were dropped there would be no jury confusion and this Honorable Court could instruct the jury such as in *Colston*.

  Even *Gandy v. District of Columbia*, 458 A.2d 414 (1983) the primary case relied on by the Defendant wherein the trial court admitted at trial evidence showing that the criminal charges against the plaintiff had been dropped and the court issued an appropriate jury instruction, the

5

appellate court ruled that the error was harmless and was simply a minor part of the evidence and not a focus of the case. *Id* at 416.

### B. Plaintiff's arrest for fleeing and failure to display identification to the police was not based on probable cause.

The Defendants' have presented no evidence that Plaintiff attempted to resist Officer Mills' alleged attempt to stop her for allegedly failing to stop for a stop sign as she has testified in her deposition that she did not see Defendant Mills' vehicle with its lights on until after she stopped in her driveway. Plaintiff saw Officer Mills make an obscene and sexual gesture towards her, she frowned at the gesture and proceeded to her home approximately 2 blocks away. Plaintiff made no furtive gestures or ignored police commands, in fact when Plaintiff was attempting to comply with an officers request to show her license she was forcibly grabbed, had her arm wrenched behind her back, forced into and bent over a metal railing on her porch and handcuffed by Defendant Mills who was assisted by at least two other officers of the District of Columbia. All parties have admitted that Plaintiff did not assault Officer Mills, in fact Sergeant McCourt even states that he saw Plaintiff with tears.

Officer Mills' claims that he called for backup because he feared for his safety are not credible since he himself admits that it was the Plaintiff who asked him to call for backup. Therefore the Defendants' claims that Plaintiff was arrested for fleeing the police are unfounded and Defendant Mills arrested Plaintiff without probable cause. (See generally Plaintiff's Opposition to Motion for Summary Judgment)

Plaintiff, while attempting to comply with the officers instructions to display her identification, was prevented from doing so as Defendant Mills and other officer physically grabbed her, forced her over a railing and placed her in handcuffs.

6

**WHEREFORE**, plaintiff respectfully requests that Defendant District of Columbia's Motion In Limine to Exclude Evidence Regarding Disposition of the Underlying Criminal Case be denied and for such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

By:   /s/ *Donna Williams Rucker*
Donna Williams Rucker, 446713
DUBOFF & ASSOCIATES, CHARTERED
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910
(301) 495-3131   Office
(301) 587-1872   Facsimile